# EXHIBIT A

## <u>CERTIFICATION AND AUTHORIZATION</u>

I, David Sullivan, on behalf of the Plymouth County Retirement System ("Plymouth"), hereby certify, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint in this matter and I am authorized in my capacity as Executive Director of Plymouth to initiate litigation and to execute this Certification on behalf of Plymouth.

2. Plymouth did not purchase the securities that are the subject of this action at the direction of counsel, or in order to participate in any action arising under the federal securities laws.

3. Plymouth is willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary.

4. Plymouth's transactions in Apache Corporation common stock during the Class Period are set forth below:

| Date | Transaction | Shares | Price |
|---|---|---|---|
| 05/29/18 | Purchase | 7,442 | $38.98 |
| 07/19/18 | Purchase | 2,036 | $44.44 |
| 12/12/18 | Purchase | 1,289 | $31.54 |
| 02/08/19 | Purchase | 6,783 | $29.76 |
| 04/09/19 | Sale | 2,319 | $35.17 |

5. Plymouth has sought to serve and was appointed as lead plaintiff or representative party on behalf of an asserted class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification:

*Plymouth Cty. Ret. Sys. v. Patterson Companies, Inc.*, No. 0:18-cv-0871 (D. Minn.)

*Schlimm v. Welbilt, Inc.*, No. 8:18-cv-3007 (M.D. Fla.)

*Employees Ret. Sys. of the Puerto Rico Electric Power Authority v. Conduent, Inc.*, No. 2:19-cv-08237 (D.N.J.)

*Plymouth Cty. Ret. Sys. v. Evolent Health, Inc.*, No. 1:19-cv-01031 (E.D. Va.)

*Plymouth Cty. Ret. Ass'n v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio)

*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856 (N.D. Ala.)

*Visser v. Energy Recovery, Inc.*, No. 1:20-cv-05647 (S.D.N.Y.)

6.      Plymouth has sought to serve as a lead plaintiff and representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification, but either withdrew its motion for lead plaintiff, was not appointed lead plaintiff, or the lead plaintiff decision is still pending:

> *St. Clair County Employees Ret. Sys. v. Acadia Healthcare Company, Inc.*, No. 3:18-cv-0988 (M.D. Tenn.)
>
> *Plymouth County Ret. Sys. v. GTT Communications, Inc.*, No. 1:19-cv-0982 (E.D. Va.)
>
> *Koffsmon v. Green Dot Corp.*, No. 2:19-cv-10701 (C.D. Cal.)

7.      Plymouth will not accept any payment for serving as a representative party on behalf of the Class beyond Plymouth's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class, as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of February, 2021.

*Plymouth County Retirement System*

David Sullivan, Executive Director

2

## CERTIFICATION

The Trustees of the Teamsters Union No. 142 Pension Fund ("Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff did not purchase the securities that are the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

2.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

3.    Plaintiff's Class Period purchase and sale transactions in the Apache Corporation securities that are the subject of this action are attached in Schedule A.

4.    Plaintiff has full power and authority to bring suit to recover for the investment losses listed in the attached Schedule A.

5.    Plaintiff has fully reviewed the facts and allegations of a complaint filed in this action. Plaintiff has authorized the filing of the motion for appointment as lead plaintiff on its behalf in this action.

6.    I, Jay Smith, Fund Manager of the Teamsters Union No. 142 Pension Fund, am authorized to make legal decisions on Plaintiff's behalf.

7.    Plaintiff intends to actively monitor and vigorously pursue this action for the benefit of the class.

8.    Plaintiff will endeavor to provide fair and adequate representation and work directly with the efforts of class counsel to ensure that the largest recovery for the class consistent with good faith and meritorious judgment is obtained.

9.     Plaintiff sought to serve, but was not appointed as a representative party for a class action filed under the federal securities laws during the three years prior to the date of this Certification in *Chauhan v. Intercept Pharmaceuticals, Inc.*, No. 21-cv-00036 (S.D.N.Y.).

10.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __28__ day of February 2021.

The Trustees of the Teamsters Union
No. 142 Pension Fund

By: _____

Jay Smith
*Fund Manager*

## SCHEDULE A

| Security | Buy/Sell | Date | Quantity | Price |
| --- | --- | --- | --- | --- |
| Common Stock | BUY | 2/7/2018 | 10,275 | $41.44 |
| Common Stock | BUY | 3/7/2018 | 5,250 | $35.18 |
| Common Stock | BUY | 3/21/2019 | 700 | $36.09 |
| Common Stock | SELL | 1/15/2019 | 3,325 | $32.34 |
| Common Stock | SELL | 4/15/2019 | 400 | $36.27 |
| Common Stock | SELL | 12/18/2019 | 3,575 | $22.74 |
| Common Stock | SELL | 2/20/2020 | 75 | $28.49 |