# EXHIBIT B

**JOINT DECLARATION OF DAVID SULLIVAN AND JAY SMITH
IN SUPPORT OF THE MOTION OF PLYMOUTH COUNTY RETIREMENT SYSTEM
AND THE TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND**

We, David Sullivan and Jay Smith, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of Plymouth County Retirement System ("Plymouth County") and the Trustees of the Teamsters Union No. 142 Pension Fund ("Teamsters 142")'s motion for appointment as Lead Plaintiff in the securities class action litigation against Apache Corporation (the "Company" or "Apache") and certain of the Company's current and former executive officers.  We are informed of and understand the requirements and duties of the Lead Plaintiff imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the Apache litigation.  We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution with which we are associated.

2.      I, David Sullivan, am the Executive Director of Plymouth County, and am authorized to make this Joint Declaration on its behalf.  Plymouth County is a public pension system organized for the benefit of current and retired municipal and county employees of Plymouth County, Massachusetts.  Plymouth County has assets under management of more than $1.2 billion as of April 2021.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Plymouth County incurred substantial losses on its investments in Apache common stock.  Plymouth County is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.  Plymouth County's familiarity with the PSLRA's requirements is informed by, among other things, its role serving as lead plaintiff or co-lead plaintiff in numerous cases in this District and other federal courts across the country, such as *In re HCC Insurance Holdings, Inc.*

1

*Securities Litigation*, No. 07-cv-00801 (S.D. Tex.), where Plymouth capably served as co-lead plaintiff with another pension fund in achieving a $10 million recovery for the class.

3.      I, Jay Smith, am the Fund Manager of Teamsters 142, and am authorized to make this declaration on behalf of Teamsters 142.  Based in Gary, Indiana, Teamsters 142 is a jointly trusteed Taft-Hartley benefit fund that provides pension and other benefits for laborers employed in the manufacturing industry and other fields throughout the state.  Teamsters 142 manages approximately $528 million in assets, as of April 2021, for the benefit of thousands of active and retired participants.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Teamsters 142 incurred substantial losses on its investments in Apache common stock. Teamsters 142 is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.      Plymouth County and Teamsters 142 are strongly motivated to recover the significant losses that Plymouth County, Teamsters 142, and the class suffered as a result of defendants' violations of the federal securities laws.  Plymouth County and Teamsters 142's principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties.  We believe that the prosecution of this fraud should be entrusted to institutional investors that have a significant financial interest in the claims against defendants and are committed to ensuring the litigation is prosecuted as zealously and efficiently as possible, in accordance with our duties under the PSLRA.  Indeed, Plymouth County has already demonstrated its commitment to litigating this action by filing the operative complaint, which was jointly investigated and developed by our proposed Lead Counsel, Kessler Topaz Meltzer & Check LLP ("Kessler Topaz") and Saxena White P.A. ("Saxena White").

5.      Accordingly, Plymouth County and Teamsters 142 reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with each other and with our counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, Plymouth County and Teamsters 142 will ensure that the Apache securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

6.      Plymouth County and Teamsters 142 each determined that they could maximize the class's recovery by pooling their respective resources and experience and jointly seeking appointment as Lead Plaintiff.  After reviewing the allegations pleaded in the operative complaint and consulting with their respective counsel, Plymouth County and Teamsters 142 each independently determined to seek joint appointment as Lead Plaintiff, and subsequently approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

7.      In exploring their potential leadership of this case, Plymouth County and Teamsters 142 expressed an interest in working with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment.  We each believe that our partnership would allow for the sharing of experiences and resources and would add substantial value to the prosecution of the Apache litigation and benefit the class.

8.      As part of an effort to formalize our leadership over this litigation, and to begin implementing our strategy for prosecuting this litigation as Lead Plaintiff, Plymouth County and Teamsters 142's representatives participated in a conference call in which we discussed our

3

respective funds' losses arising from defendants' misconduct, the claims against the various defendants, and the procedures and protocols we would follow in jointly prosecuting the case. During this call, Plymouth County and Teamsters 142 also discussed: Kessler Topaz's and Saxena White's ongoing investigation of the action; our desire to maximize the recovery for the class; our interests in prosecuting the case in a collaborative fashion; the measures we would employ to ensure that our respective representatives could discuss the prosecution of this matter either with or without counsel; and ensuring that investors' claims will be efficiently and zealously prosecuted through our oversight of Kessler Topaz and Saxena White. We intend to make all decisions jointly, taking into consideration Kessler Topaz and Saxena White's advice. We are confident in our ability to reach joint decisions regarding litigation matters and will use consensus decision making to maximize the recovery for the class.

9. We also discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel, and to supervise the prosecution of the case to guarantee that it is prosecuted efficiently. Through supervision of proposed Lead Counsel, we will ensure that this action is prosecuted for the benefit of the Class in an efficient and effective manner. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone, email, and videoconference. We also understand that some of these meetings may need to be conducted without counsel. To this end, we each have exchanged contact information for one another, and are able to call each other with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications.

10. We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve as lead plaintiff when the group is able to establish that its members are able to oversee the

litigation and their proposed lead counsel in an independent manner. We intend to prosecute this litigation in such an independent and vigorous manner. Indeed, Plymouth County has significant relevant experience serving as co-lead plaintiff alongside other sophisticated institutional investors. In addition to *In re HCC Insurance Holdings, Inc. Securities Litigation*, No. 07-cv-00801 (S.D. Tex.) ($10 million settlement), noted above, examples of cases in which Plymouth County previously served, or is currently serving, as co-lead plaintiff include: *Plymouth County Retirement System v. Patterson Companies, Inc.*, No. 18-cv-00871 (D. Minn.) (class certified in September 2020); *Plymouth County Retirement System v. Evolent Health, Inc.*, No. 19-cv-01031 (E.D. Va.) (motion to dismiss denied in part in March 2021); and *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 20-cv-00856 (N.D. Ala.) (consolidated complaint filed in March 2021); *Medoff v. CVS Caremark Corp.*, No. 09-cv-00554 (D.R.I.) ($48 million settlement); *In re SafeNet, Inc. Securities Litigation*, No. 06-cv-05797 (S.D.N.Y.) ($25 million settlement); and *City of Westland Police and Fire Retirement System v. Sonic Solutions*, No. 07-cv-05111 (N.D. Cal.) ($5 million settlement).

11. In addition to discussing our goals for the litigation, Plymouth County and Teamsters 142 recognized the importance of selecting qualified law firms to prosecute the litigation in a cost-effective manner. We believe our proposed Lead Counsel, Kessler Topaz and Saxena White, fulfill this objective. In addition to many other qualifications, Kessler Topaz and Saxena White have already been working in a collaborative manner and have been thoroughly investigating and developing this action for several months. In addition to this action, we have been advised that Kessler Topaz and Saxena White have previous experience jointly prosecuting and settling class action lawsuits under the PSLRA.

12.     Through our oversight of our proposed Lead Counsel, we are confident that Kessler Topaz and Saxena White will prosecute this litigation in a zealous and efficient manner.  We have instructed counsel to continue working collaboratively and implement protocols to eliminate duplication of work.  Given the manner in which this litigation has been prosecuted to date, we do not anticipate any issues with Kessler Topaz and Saxena White following our directive.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Plymouth County are true and correct to the best of my knowledge.

Executed this 22nd day of April 2021.

David Sullivan
*Executive Director*
Plymouth County Retirement System

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Teamsters 142 are true and correct to the best of my knowledge.

Executed this 22 day of April 2021.

Jay Smith
*Fund Manager*
The Trustees of the Teamsters Union
No. 142 Pension Fund