**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN,<br><br>　　　　　　Defendants. | Case No. 4:21-cv-00575<br><br>District Judge George C. Hanks, Jr.<br><br>Magistrate Judge Andrew M. Edison<br><br>CLASS ACTION |
| BRIAN SCHWEGEL, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN,<br><br>　　　　　　Defendants. | Case No. 4:21-cv-00722<br><br>District Judge Keith P. Ellison<br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING THE MOTION OF PLYMOUTH COUNTY RETIREMENT SYSTEM AND THE TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

Having considered the Motion of Plymouth County Retirement System and the Trustees of the Teamsters Union No. 142 Pension Fund for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (the "Motion"), and with good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  The above-captioned actions are consolidated for all purposes (the "Consolidated Action").  This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court, and is consolidated with the Consolidated Action.

3.  A Master File is established for this proceeding.  The Master File shall be Civil Action No. 4:21-cv-00575.  The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

4.  An original of this Order shall be filed by the Clerk in the Master File.

5.  The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

6.  Every pleading in the Consolidated Action shall have the following caption:

| IN RE APACHE CORPORATION SECURITIES LITIGATION | Case No. 4:21-cv-00575 |
| --- | --- |

7. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

8. When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

   a. file a copy of this Order in the separate file for such action;

   b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case, and to any new defendant(s) in the newly-filed case; and

   c. make the appropriate entry in the Master Docket for the Consolidated Action.

9. Each new case that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of defendants' right to object to consolidation of any subsequently-filed or transferred related action.

10. Under 15 U.S.C. § 78u-4(a)(3)(B), Plymouth County Retirement System and the Trustees of the Teamsters Union No. 142 Pension Fund (the "Pension Funds") are appointed to serve as Lead Plaintiff in the Consolidated Action and any subsequently filed or transferred actions that relate to the Consolidated Action.

11. Under 15 U.S.C. § 78u-4(a)(3)(B)(v), the Pension Funds' selection of Kessler Topaz Meltzer & Check, LLP and Saxena White P.A. as Lead Counsel for the class is approved. Lead Counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Additionally, Lead Counsel shall have the following responsibilities and duties:

   a. to brief and argue motions;

   b. to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

   c. to direct and coordinate the examination of witnesses in depositions;

   d. to act as spokesperson at pretrial conferences;

   e. to initiate and conduct any settlement negotiations with counsel for defendants;

f.    to be the contact among plaintiffs' counsel and to direct and coordinate the activities of plaintiffs' counsel;

g.    to consult with and employ experts; and

h.    to perform such other duties as may be expressly authorized by further order of this Court.

12.    No motions, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiff on behalf of the class or putative class without the approval of Lead Counsel.

13.    Ajamie LLP is appointed as Liaison Counsel for the class.


DATED: _____    _____
THE HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE