# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-cv-00575 |
| | Judge George C. Hanks, Jr. |
| Plaintiff, | CLASS ACTION |
| v. | |
| APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN, | |
| Defendants. | |
| BRIAN SCHWEGEL, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-cv-00722 |
| | Judge Keith P. Ellison |
| Plaintiff, | |
| v. | |
| APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF SHANG CHU CHIOU, ON BEHALF OF HIMSELF AND THE CHIOU FAMILY TRUST, FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF THE PROCEEDING................................................................1

STATEMENT OF ISSUES TO BE DECIDED ..............................................................1

SUMMARY.....................................................................................................................2

ARGUMENT...................................................................................................................3

I.      DR. ELLIS IS AN IMPROPER NET SELLER/NET GAINER ........................3

II.     MR. CHIOU IS THE PRESUMPTIVE LEAD PLAINTIFF .............................6

CONCLUSION................................................................................................................8

i

## NATURE AND STAGE OF THE PROCEEDING

Proposed Lead Plaintiff Mr. Chiou[1] respectfully submits this memorandum of law in further support of his motion for consolidation of the Actions, appointment as Lead Plaintiff, and approval of his selection of Labaton Sucharow as Lead Counsel for the Class (ECF No. 11); and in opposition to all competing movants. In addition to Mr. Chiou, motions for appointment as Lead Plaintiff were filed by: (1) Dr. Terry Ellis ("Dr. Ellis") (ECF No. 12); and (2) Plymouth County Retirement System and Teamsters Union 142 Pension Trust Fund ("Plymouth & Teamsters 142") (ECF No. 13).

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Actions should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

2.    Whether Dr. Ellis' status as a net seller/net gainer renders him atypical, inadequate, and subject to unique defenses, thereby requiring denial of his motion pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

3.    Whether Mr. Chiou should be appointed as Lead Plaintiff in the Actions pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

4.    Whether Mr. Chiou's selection of Labaton Sucharow as Lead Counsel for the Class should be approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[1]    Unless otherwise noted, all defined terms and abbreviations remain unchanged from Mr. Chiou's previous submissions before this Court.  *See* ECF No. 11.  Unless otherwise noted, emphasis has been added throughout.

## SUMMARY

Based on the loss figure alleged in his motion, Dr. Ellis appears well-positioned to argue that he has the largest financial interest in the outcome of this litigation. Yet outside of the raw transaction data provided in his certification (ECF No. 12-3), counsel for Dr. Ellis has provided no analysis as to how the financial figures in his motion were calculated. Tellingly, upon a basic, yet illuminating review of Dr. Ellis' trading, he is an improper net seller/net gainer, warranting immediate disqualification of his motion.

When netting Dr. Ellis' Class Period purchases of 707,488 Apache shares with his sales of 708,438 shares, he sold 950 net shares during the Class Period. *See* Dr. Ellis Loss Analysis, Supplemental Declaration of Francis P. McConville ("Supp. McConville Decl."), Ex. A. Similarly, when netting Dr. Ellis' Class Period expenditures of $44,971,093 with his Class Period sales of $45,268,833, Dr. Ellis enjoyed a ***net gain*** of $297,739 (confused as net expenditures in his motion). *Id.*; ECF No. 12 at 13. Put together, Dr. Ellis is a ***net seller/net gainer***, having received a net profit of $297,739 on net sales of 950 shares during the Class Period. As such, Dr. Ellis is atypical, inadequate, and subject to the debilitating unique defense that he in fact benefitted from the alleged fraud, all requiring the denial of his motion.

None of the issues plaguing Dr. Ellis' candidacy apply to Mr. Chiou, and he therefore has the largest financial interest of any qualified movant. Indeed, Mr. Chiou made $1,253,472 in net expenditures on net purchases of 11,900 shares during the Class Period, and is therefore a net purchaser/net loser. *See* Loss Analysis, ECF No. 11-3. Accordingly, because Mr. Chiou has also satisfied his preliminary showing of typicality

2

and adequacy under Rule 23, he is the "most adequate plaintiff" under the PSLRA, and respectfully requests that he be appointed Lead Plaintiff and his choice of counsel approved.

**ARGUMENT**

For the reasons discussed herein, Dr. Ellis is an improper net seller/net gainer, rendering him atypical, inadequate, and subject to unique defenses, thereby warranting denial of his motion. Mr. Chiou, as the qualified movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, is thus the presumptive "most adequate plaintiff" under the PSLRA. As no competing movant has, or will be able to, surmount the exacting standing of "proof" required to rebut this presumption in Mr. Chiou's favor, he is entitled to appointment as Lead Plaintiff and his choice of counsel approved.

## I. DR. ELLIS IS AN IMPROPER NET SELLER/NET GAINER

In his motion, Dr. Ellis claims to have purchased -950 net and 707,488 total Apache shares, expended $299,413.79 in net funds, and suffered losses of $2,576,861.63 during the Class Period. *See* ECF No. 12 at 13. Counsel for Dr. Ellis, however, provided no analysis as to how they reached these figures, instead merely citing to Dr. Ellis' certification which chronologically lists his Class Period transactions. *See id.*; ECF No. 12-3; *see also In re Atl. Power Corp. Sec. Litig.*, Nos. 13-10537-DPW, 2014 WL 12628589, at \*1 & n.1 (D. Mass. Mar. 31, 2014) (noting failure to provide a loss analysis "bespeaks a less than full commitment to transparency in providing the court with information that it ultimately would require to make its decision"). Tellingly, had ***any*** analysis been provided, basic

3

arithmetic would have shown that Dr. Ellis does not have $299,413.79 in net expenditures, but a ***net gain*** of $297,739.

To unpack Dr. Ellis' Class Period trading, he expended $44,971,093 on 707,488 Apache shares during the Class Period and sold 708,438 Apache shares during the Class Period for $45,268,833.  *See* Supp. McConville Decl., Ex. A.  Put together, Dr. Ellis sold 950 more shares than he purchased, and has a gain of $297,739 when netting his purchased-based losses with gains derived from sales.  *Id.*  Simply put, Dr. Ellis is a net seller and a net gainer.  Therefore, because Dr. Ellis enjoyed a net gain on sales into a market artificially inflated as a result of the alleged fraud, he faces the stark unique defense that he ***benefitted from the fraud***.

In the decades following the passage of the PSLRA, courts across the country have unanimously rejected applications from net sellers/net gainers to serve as lead plaintiff, finding "wisdom in the rule that net sellers who are also net gainers should not be lead plaintiffs."  *Richman v. Goldman Sachs Grp. Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011).[2] The reasoning behind this voluminous yet uniform body of case law is simple: a movant who benefitted from the fraud, will resultantly face extreme difficulty proving damages at trial, and is therefore subject to fatal unique defenses.  *See, e.g.*, *Doshi v. Cable*, No. 2:17-025 (WOB-CJS), 2017 WL 5178673, at *3 (E.D. Ky. Nov. 7, 2017) ("Courts *regularly*

---

[2]     *See also Born v. Quad/Graphics, Inc.*, No. 19-CV-10376 (VEC), 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020) (status as net seller/net gainer "effectively disqualifie[d] [movant] from representing a class"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 946 (N.D. Ill. 2001) (plaintiff who sold more shares than it purchased during class period was "totally out of the running for designation as lead plaintiff").

4

*hold* that plaintiffs who are net sellers and/or net gainers may be subject to unique defenses because they may have benefitted by selling pre-Class Period shares at allegedly inflated prices during the Class Period.") (emphasis added).[3]   Indeed, as these unique defenses are "likely to consume a significant portion of the litigant's time and energy and . . . there is a danger that preoccupation with defenses unique to the representative[] will cause absent class members to suffer." *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 256 F.R.D. at 600 (alteration in original) (citing *Muniz v. Rexnord Corp.*, No. 04 C 2405, 2005 WL 1243428, at \*3 (N.D. Ill. Feb. 10, 2005)).

---

[3]     *See also, e.g.*, *Deering v. Galena Biopharma, Inc.*, Nos. 3:14-cv-00367-SI, 2014 WL 4954398, at \*11 (D. Or. Oct. 3, 2014) (observing that "courts around the country consistently have rejected applications for lead plaintiff made by net sellers and net gainers, recognizing the difficulty of proving damages at trial"); *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 256 F.R.D. 586, 600 (N.D. Ill. 2009) (disqualified from serving as class representative because net gains likely would be unique defense atypical of class as a whole);  *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 173 (W.D.N.Y. 2007) ("Courts have *consistently rejected* applications for lead plaintiff status made by 'net sellers' and 'net gainers,' recognizing that they may in fact have profited, rather than suffered, as a result of the inflated stock prices.) (emphasis added); *Frank v. Dana Corp.*, 237 F.R.D. 171, 172 (N.D. Ohio 2006) ("Because parties which are net sellers and net gainers, with respect to the relevant securities transactions during the class period, may have more trouble proving damages at trial, courts frequently reject their applications to serve as lead plaintiffs"); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio. 2005) ("As competing movants correctly argue, courts usually reject these so-called net gainers as lead plaintiffs, opting instead for net losers that will have less trouble proving damages."); *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at \*7 (N.D. Cal. Aug. 19, 2002) (removing from consideration applicant for lead plaintiff that had sold more shares than it purchased during class period because it was "apparent that [applicant] may have actually profited, not suffered losses, as a result of the allegedly artificially inflated stock price"); *Comdisco*, 150 F. Supp. 2d at 943 (rejecting application for lead plaintiff by investor whose "sales at inflated prices caused it to derive unwitting benefits rather than true losses from alleged securities fraud").

Should he be appointed, Defendants will hound Dr. Ellis' status as a net seller/net gainer at every possible turn in this litigation. Defending such personal arguments would not only siphon substantial time and resources that should be spent litigating this matter on behalf of the Class, but could even prevent class certification—thereby jeopardizing the Class' potential recovery. It is for precisely this reason that Congress, through the passage of the PSLRA, provided District Courts the express power to disqualify lead plaintiff applicants who are atypical, inadequate, or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As such, Dr. Ellis' motion should be denied.

## II.     MR. CHIOU IS THE PRESUMPTIVE LEAD PLAINTIFF

With Dr. Ellis disqualified, Mr. Chiou is the "most adequate plaintiff" under the PSLRA. 15 U.S.C. 78u-4(a)(3)(B)(iii). With losses of ***$1,160,589.52*** Mr. Chiou is the qualified movant claiming the largest financial interest in the outcome of this litigation. *Kakkar v. Bellicum Pharms.*, Inc., No. 4:18-CV-00338, 2019 WL 1367653, at *2 (S.D. Tex. Mar. 26, 2019) (finding movant that "suffered the largest financial loss . . . ha[d] the largest financial interest in the relief sought by the class"). On this point, Mr. Chiou is subject to none of the fatal issues warranting disqualification of Dr. Ellis' motion. Specifically, during the Class Period Mr. Chiou expended $1,714,464 on purchases of 30,800 Apache shares and received $460,993 from his sales of 18,900 shares. In total, Mr. Chiou made $1,253,472 in net expenditures on net purchases of 11,900 shares and is therefore a net purchaser/net loser.

In addition to claiming the largest financial interest, Mr. Chiou has also satisfied his preliminary showing of typicality and adequacy. Mr. Chiou is typical because he

6

transacted in Apache shares during the Class Period and suffered financial harm once Defendants' alleged fraud was revealed. Mr. Chiou's claims therefore arise from the same facts and legal theories as those of the Class. *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, No. 4:20-CV-0576, 2020 WL 2475656, at *3 (S.D. Tex. May 13, 2020) ("The typicality requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims.") (quoting *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 297 n.32 (5th Cir. 2001)).

Mr. Chiou is adequate as a sophisticated investor who has retained highly qualified counsel. *See* Declaration, ECF No. 11-5; Labaton Sucharow Firm Resume, ECF No. 11-6. Mr. Chiou is further adequate as he is deeply committed to fulfilling the fiduciary duties he will assume if appointed and has already attested he intends to actively oversee his choice of counsel in the effort to maximize any potential recovery for the Class. *See* Declaration, ECF No. 11-5; *see also Bellicum Pharms., Inc.*, 2019 WL 1367653, at *3 ("The standard for determining adequacy requires "an inquiry into 1) the zeal and competence of the representatives' counsel and 2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005)).

Accordingly, Mr. Chiou, as the "most adequate plaintiff" under the PSLRA, respectfully requests that he be appointed Lead Plaintiff and his choice of counsel approved.

7

## CONCLUSION

For the foregoing reasons, Mr. Chiou respectfully request that the Court issue an Order: (1) consolidating the Actions; (2) appointing Mr. Chiou as Lead Plaintiff; (3) approving Mr. Chiou's selection of Labaton Sucharow as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

DATED: May 17, 2021                          Respectfully submitted,

                                             /s/ Francis P. McConville

                                             **LABATON SUCHAROW LLP**
                                             Christopher J. Keller
                                             Eric J. Belfi
                                             Francis P. McConville
                                             David J. Schwartz
                                             140 Broadway
                                             New York, NY 10005
                                             Telephone: (212) 907-0700
                                             Facsimile: (212) 818-0477
                                             ckeller@labaton.com
                                             ebelfi@labaton.com
                                             fmcconville@labaton.com
                                             dschwartz@labaton.com

                                             *Counsel for Lead Plaintiff Movant Mr.
                                             Chiou and Proposed Lead Counsel for
                                             the Class*


                                             **THE SCHALL LAW FIRM**
                                             Brian Schall
                                             Rina Restaino
                                             1880 Century Park East, Suite 404
                                             Los Angeles, CA 90067
                                             Telephone: (424) 303-1964
                                             brian@schallfirm.com
                                             rina@schallfirm.com

                                             *Additional Counsel for Mr. Chiou*

8

## CERTIFICATE OF CONFERENCE

Local Rule 7.1(D) and Rule 6.C of this Court's individual rules of practice requires a conference of counsel prior to filing motions. As noted in his opening brief, Mr. Chiou's motion was filed pursuant to Section 21D of the Exchange Act, as amended by the PSLRA, which provides that within sixty (60) days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the underlying action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Consequently, counsel for Mr. Chiou had no way of knowing who the competing Lead Plaintiff candidates were at the time he filed his motion. Thereafter, on May 17, 2021, counsel for Mr. Chiou contacted counsel for the other Lead Plaintiff movants Dr. Ellis and Plymouth & Teamsters 142 via email, to inquire whether they sought to oppose Mr. Chiou's motion. Counsel for Dr. Ellis and Plymouth & Teamsters 142 indicated that they did intend to oppose Mr. Chiou's motion. Pursuant to § 78u-4(a)(3)(B)(iii)(II) of the Exchange Act, defendants do not have standing to oppose the appointment of Mr. Chiou as Lead Plaintiff. *See In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 409 (S.D. Tex. 2000).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2021, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

/s/ Francis P. McConville
Francis P. McConville