## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN,<br><br>Defendants. | Case No. 4:21-cv-00575<br><br>Judge George C. Hanks, Jr. |
| BRIAN SCHWEGEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN,<br><br>Defendants. | Case No. 4:21-cv-00722<br><br>Judge Keith P. Ellison |

**DR. TERRY ELLIS'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS, AND IN FURTHER SUPPORT OF HIS MOTION FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD AND LOCAL COUNSEL**

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

STATEMENT OF THE ISSUES TO BE RULED ON ....................................................... 2

SUMMARY OF THE ARGUMENT ................................................................................. 2

ARGUMENT ..................................................................................................................... 7

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES .......... 7

II.     ELLIS SHOULD BE APPOINTED LEAD PLAINTIFF AS A RESULT OF
        THE PSLRA'S MOST ADEQUATE PLAINTIFF PRESUMPTION .................... 8

        A.      The PSLRA's Lead Plaintiff Provisions .......................................................... 8

        B.      Ellis Possesses The Largest Financial Interest In The Relief Sought By
                The Class ................................................................................................. 9

        C.      Ellis Meets The Requirements Of Rule 23 ..................................................... 10

III.    CHIOU SHOULD NOT BE APPOINTED LEAD PLAINTIFF BECAUSE
        HE HAS A SIGNIFICANTLY SMALLER FINANCIAL INTEREST THAN
        ELLIS AND IS SUBJECT TO UNIQUE DEFENSES ........................................ 12

        A.      Chiou Should Not Be Appointed Lead Plaintiff Because He Has a
                Smaller Financial Interest Than Ellis .......................................................... 12

        B.      Chiou Is Subject To Unique Defenses ............................................................ 13

IV.     THE PENSION FUND GROUP SHOULD NOT BE APPOINTED LEAD
        PLAINTIFF AS IT HAS A SIGNIFICANTLY SMALLER FINANCIAL
        INTEREST THAN ELLIS .................................................................................... 16

V.      ELLIS SHOULD BE APPOINTED LEAD PLAINTIFF AND HIS
        SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL AND TOM
        ALAN CUNNINGHAM PLLC AS LOCAL COUNSEL SHOULD BE
        APPROVED ......................................................................................................... 16

CONCLUSION .................................................................................................................. 17

i

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010) ........................................................................ 7, 8

*Buettgen v. Harless*,
   263 F.R.D. 378 (N.D. Tex. 2009) ................................................................................ 8

*Cambria Cty. Emps. Ret. Sys. v. Venator Materials PLC*,
   No. H-19-3464, 2019 WL 5328877 (S.D. Tex. Oct. 21, 2019) ............................... 9, 10

*In re Critical Path, Inc. Sec. Litig.*,
   No. C 01-00551 WHA, 2002 WL 32627559 (N.D. Cal. June 18, 2002) .............. 15, 16

*Di Scala v. ProShares Ultra Bloomberg Crude Oil*,
   No. 20 Civ. 5865 (NRB), 2020 WL 7698321 (S.D.N.Y. Dec. 28, 2020) .............. 15, 16

*In re Enron Corp. Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002) ................................................................................ 13

*In re Enron Corp. Sec.*, *Derivative & "ERISA" Litig.*,
   529 F. Supp. 2d 644 (S.D. Tex. 2006) ........................................................................ 10

*In re Enzymotec Ltd. Sec. Litig.*,
   No. 14-5556, 2015 WL 918535 (D.N.J. Mar. 3, 2015) ............................................... 13

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ......................... 8

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995) ......................................................................................... 12

*Kilpatrick v. J.C. Bradford & Co.*,
   827 F.2d 718 (11th Cir. 1987) .................................................................................... 12

*Lehocky v. Tidel Tech. Inc.*,
   220 F.R.D. 491 (S.D. Tex. 2004) ................................................................................ 13

*Okla. L. Enf't Ret. Sys. v. Adeptus Health Inc.*,
   No. 6:16-CV-01243- RWS,
   2017 WL 3719977 (E.D. Tex. June 23, 2017) .......................................................... 7, 8

*Phuong Ho v. NQ Mobile, Inc.*,
   No. 13 Civ. 7608(WHP), 2014 WL 1389636 (S.D.N.Y. Apr. 9, 2014) ..................... 14

*Prefontaine v. Research in Motion Ltd.*,
   No. 11 Civ. 4068(RJS), 2012 WL 104770 (S.D.N.Y. Jan 5, 2012) ............................ 11

*In re Reliance Acceptance Grp., Inc. Sec. Litig.*,
   No. SA-98-CV0044 OG, 1998 WL 388260 (W.D. Tex. June 29, 1998) ................... 10

*Seidel v. Noah Educ. Holdings Ltd.*,
   No. 08 Civ. 9203(RJS), 2009 WL 700782 (S.D.N.Y. Mar. 9, 2009) ........................ 14

*Sklar v. Amarin Corp. PLC*,
   No. 13-cv-06663 (FLW)(TJB),
   2014 WL 3748248 (D.N.J. July 29, 2014) .................................................... 11

*Steiner v. Aurora Foods Inc.*,
   No. 00-CV-602, 2000 WL 33911305 (N.D. Cal. June 5, 2000) ............................... 11

*Strong v. AthroCare Corp.*,
   No. A-08-CA-574-SS, 2008 WL 11334942 (W.D. Tex. Dec. 10, 2008) .......... 9, 10, 12

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) ................................................................. 11

*In re Universal Access, Inc. Sec. Litig.*,
   209 F.R.D. 379 (E.D. Tex. 2002) ................................................................. 10

*In re Waste Mgmt., Inc. Sec. Litig.*,
   128 F. Supp. 2d 401 (S.D. Tex. 2000) ..................................................... 8, 12

*Welch v. Meaux*,
   No. 19-1260, 2020 WL 4758269 (W.D. La. Aug. 17, 2020) .................................. 7, 9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................... *passim*

**Other Authorities**

Court Procedures Section 6.C.2 ....................................................................... 4

Court Procedures Section 5.C.1 ....................................................................... 5

Fed. R. Civ. P. 42(a) ................................................................................... 5, 7

Local Rule 7.1(D) ......................................................................................... 4

iii

Dr. Terry Ellis ("Ellis") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in opposition to the competing motions and in further support of his motion (Docket No. 12) to: (1) consolidate the above-captioned actions ("Actions"); (2) appoint Ellis as Lead Plaintiff; and (3) approve Ellis's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel and Tom Alan Cunningham PLLC as Local Counsel.

## NATURE AND STAGE OF THE PROCEEDINGS

On February 23, 2021, a complaint was filed captioned *Plymouth County Retirement System v. Apache Corp., et al.*, No. 4:21-cv-00575 on behalf of those who purchased or otherwise acquired Apache Corporation ("Apache" or the "Company") securities from September 7, 2016 through March 13, 2020, both dates inclusive (the "Class Period"), which seeks to recover damages caused by defendants' violations of the Exchange Act ("*Plymouth* Action"). The *Plymouth* Action is assigned to the Honorable George C. Hanks, Jr.  On March 4, 2021, a second complaint was filed alleging substantially the same claims as those set forth in the *Plymouth* Action. *Schwegel v. Apache Corp. et al.*, Case No. 4:21-cv-00722 (S.D. Tex.). The *Plymouth* Action and the *Schwegel* Actions are referred to collectively as "the Actions."

Pursuant to the provisions set forth in the PSLRA, on April 26, 2021, three motions to consolidate the Actions and seeking to be appointed lead plaintiff were filed in the *Plymouth* Action: (i) Motion by Shang Chu Chiou ("Chiou") on behalf of himself and

1

the Chiou Family Trust (*Plymouth* Action Docket No. 11); (ii) Motion by Ellis (*Plymouth* Action Docket No. 12); and (iii) Motion by a group of Apache shareholders Plymouth County Retirement System and the Trustees of the Teamsters Union No. 142 Pension Fund ("Pension Fund Group") (*Plymouth* Action Docket No. 13). Ellis was the only movant to also file his motion to be appointed lead plaintiff in the *Schwegel* Action, as the Actions have not yet been consolidated.

**STATEMENT OF THE ISSUES TO BE RULED ON**

The first issue to be decided is whether the Actions should be consolidated pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The second issue to be decided by the Court is whether Ellis should be appointed as Lead Plaintiff pursuant to the provisions of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (iii).

The third issue to be decided by the Court is whether the Court should approve Ellis' selection of Lead Counsel and Local Counsel for the putative Class. 15 U.S.C. § 78u-4(a)(3)(B)(v).

**SUMMARY OF THE ARGUMENT**

On April 26, 2021, three motions were filed by class members asking the Court to consolidate the Actions and seeking to be appointed lead plaintiff: (1) Motion by Shang Chu Chiou ("Chiou") on behalf of himself and the Chiou Family Trust (ECF No. 11); (2) Motion by Ellis (ECF No. 12); and (3) Motion by a group of Apache shareholders Plymouth County Retirement System and the Trustees of the Teamsters Union No. 142

2

Pension Fund ("Pension Fund Group") (ECF No. 13).[1] As discussed below, Ellis is by far the most adequate movant under the PSLRA and should be appointed Lead Plaintiff and his chosen counsel appointed Lead Counsel and Liaison Counsel.

Under the PSLRA, when multiple motions are filed by class members who seek appointment as lead plaintiff, Congress established a rebuttable presumption favoring the appointment of the movant who possesses the largest financial interest in the litigation, provided the movant make a *prima facie* showing that he satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As reflected in the table below, of the three motions, Ellis has by far the largest financial interest in the relief sought by the Class:

| Movant | Firm | Losses | Status |
|---|---|---|---|
| **Terry Ellis** | **Faruqi & Faruqi, LLP** | **$2,576,861.63** | **Largest financial interest** |
| Shang Chu Chiou IRA + Chiou Family Trust | Labaton Sucharow LLP | $1,160,589.52 | Lacks largest financial interest |
| Plymouth County Retirement System + The Trustees of the Teamsters Union No. 142 Pension Fund | Kessler Topaz Meltzer & Check, LLP + Saxena White P.A. | $782,593.90 | Lacks largest financial Interest |

---

[1]    Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to Dr. Terry Ellis' Appendix Accompanying Motion for (1) Consolidation; (2) Appointment as Lead Plaintiff; and (3) Approval of Lead Counsel (the "Appendix"). ECF No. 12-1.

Having filed with the largest financial interest and demonstrating that he meets the adequacy and typicality requirements of Fed. R. Civ. P. 23, Ellis is presumed to be the most adequate movant to represent the class as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

After the motions were filed, pursuant to Section 6.C.2 of the Court Procedures of the Honorable George C. Hanks, Jr. and Local Rule 7.1(D),[2] Ellis' counsel emailed each counsel for the other movants Chiou and the Pension Fund Group in a good faith effort to confer about the disposition of the pending Motions. *See* Exhibits A and B to Certificate of Conference of James M. Wilson, Jr. ("Wilson Cert.") attached at Exhibit 1 to Dr. Terry Ellis' Appendix Accompanying his Memorandum Of Law In Further Support Of His Motion For (1) Consolidation, (2) Appointment As Lead Plaintiff, And (3) Approval Of Lead Counsel, and In Opposition To The Competing Motions. The emails informed counsel for the other movants that Ellis does not oppose consolidation, that he opposes their motions to be appointed lead plaintiff and the selection of their counsel to act as lead counsel for the class, inquired if they would oppose his motion, and sought to schedule a telephone call to discuss the movants' positions regarding the motions. *Id.* Counsel for the Pension Fund Group responded to schedule a telephone call to discuss the Pension Fund Group's and Ellis' motions. Exhibit A to Wilson Cert. During the call, counsel for Ellis informed counsel for the Pension Fund Group that based on the filings Ellis is the presumptive lead and should be appointed lead plaintiff and his selection of the Faruqi

---

[2]   Section 5.C.1 of the Court Procedures of the Honorable Keith P. Ellison also apply to motions filed in the *Schwegel* Action.

Firm as lead counsel should be approved. *Id.* Counsel for the Pension Fund Group indicated that they would oppose Ellis' motion on the grounds that the institutional funds are well suited to lead the class and would challenge Ellis' adequacy and/or typicality based on his transactions in Apache stock. *Id.* Counsel for Chiou responded by email that they would oppose Ellis' motion, inquired if Ellis would oppose Chiou's motion, but did not address whether they would participate in a telephone call to discuss the pending motions. *See* Ex. B to Wilson Cert. Counsel for Ellis responded by email that Ellis would oppose Chiou's motion and again offered to conduct a telephone call to discuss the motions. *Id.* As of this filing Chiou's counsel has not responded to Ellis' counsel's attempts to confer telephonically. *Id.*

As an initial matter, consolidation of the Actions is appropriate. The Actions involve common allegations of fact and assert violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Apache Corporation ("Apache") and certain of its officers. As the Actions raise common issues of fact and law, they should be consolidated. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii); Fed. R. Civ. P. 42(a)(2).

With respect to the appointment of lead plaintiff, Ellis is the presumptive lead plaintiff. His losses of $2,576,861.63 are substantially larger than any other movant. Furthermore, Ellis fully satisfies the typicality and adequacy requirements of Rule 23 and is not subject to any unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Although counsel for the Pension Fund Group indicated that they would oppose Ellis' motion because he is an individual investor and based on his transactions in Apache stock,

neither ground is sufficient to rebut the presumption in favor of Ellis. As discussed below, courts routinely appoint individual investors over institutional funds when the individual movant has substantially larger losses, as Ellis does in this case. Further, as reflected in his transactions filed with his PSLRA Certification with his opening motion (Ex. B, ECF No. 12-3), Ellis purchased Apache stock in reliance on the alleged fraud and suffered significant losses when the fraud was disclosed to the market as did the Apache shareholders he seeks to represent. There is no evidence regarding his transactions to rebut the presumption that Ellis should be appointed lead plaintiff.

Movant Chiou should not be appointed lead plaintiff for the following reasons: (i) Chiou's claimed loss of $1,160,589.52 is substantially less than Ellis' loss of $2,576,861.63, and (ii) Chiou is subject to unique defenses that disqualify him including that no evidence has been submitted that he has authority to move on behalf of the Chiou Family Trust, and Chiou appears to have acquired Apache share by assignment through put options which are not included in the Class.

The Pension Fund Group also should not be appointed lead plaintiff because Ellis' loss of $2,576,861.63 is substantially larger than they their claimed loss of $782,593.90.

Ellis respectfully submits that the Actions should be consolidated and that as the movant with the largest financial interest in the recovery sought by the Class who meets the requirements of Rule 23, he should be appointed Lead Plaintiff and his choice of counsel approved.

6

## ARGUMENT

### I.   THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered").[3]

Consolidation is appropriate when the actions before the court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a); *Welch v. Meaux*, No. 19-1260, 2020 WL 4758269, at *2 (W.D. La. Aug. 17, 2020) (consolidating two cases that "name the same defendants and involve common factual and legal issues."); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 439 (S.D. Tex. 2010) ("[C]onsolidation is appropriate because there is substantial overlap between the factual and legal claims of the various plaintiffs, and it would be highly inefficient to conduct the cases separately."). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See Okla. L. Enf't Ret. Sys. v. Adeptus Health Inc.*, No. 6:16-CV-01243-

---

[3]     Neither Plymouth nor Chiou filed a motion to consolidate, appoint lead plaintiff and select counsel in *Schwegel v. Apache Corp., et al.*, Case No. 4:21-cv-00722 (S.D. Tex.).

7

RWS, 2017 WL 3719977, at *1 (E.D. Tex. June 23, 2017); *see also In re GE Sec. Litig.*,

No. 09 Civ. 1951(DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009)

(consolidating actions asserting different claims against different defendants over

different class periods).

The Actions at issue here clearly involve common questions of fact and law. The

Actions assert claims under the Exchange Act on behalf of investors who were defrauded

by the defendants. The Actions allege substantially the same wrongdoing, namely that the

defendants issued materially false and misleading statements that artificially inflated the

price of Apache securities and subsequently damaged the Class when the Company's

stock price crashed as the truth emerged. Consolidation of the Actions is therefore

appropriate. *See In re BP*, 758 F. Supp. 2d at 439.

## II.   ELLIS SHOULD BE APPOINTED LEAD PLAINTIFF AS A RESULT OF THE PSLRA'S MOST ADEQUATE PLAINTIFF PRESUMPTION

### A.   The PSLRA's Lead Plaintiff Provisions

The PSLRA directs the Court to appoint as lead plaintiff the movant "that the

court determines to be most capable of adequately representing the interests of class

members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA further establishes a rebuttable

presumption that the "most adequate plaintiff" is the movant who "has the largest

financial interest in the relief sought by the class[,]" and who makes a prima facie

showing that the movant satisfies Rule 23's criteria for class representatives. *See* 15

U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)-(cc); *see also Buettgen v. Harless*, 263 F.R.D. 378,

380 (N.D. Tex. 2009); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 410 (S.D.

8

Tex. 2000) (describing the PSLRA's process for determining the "most adequate plaintiff").

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Welch*, 2020 WL 4758269, at \*3; *Cambria Cty. Emps. Ret. Sys. v. Venator Materials PLC*, No. H-19-3464, 2019 WL 5328877, at \*2 (S.D. Tex. Oct. 21, 2019). "[C]ourts consistently consider the fourth factor—the approximate losses suffered—as most determinative in identifying the plaintiff with the largest financial loss." *Strong v. AthroCare Corp.*, No. A-08-CA-574-SS, 2008 WL 11334942, at \*5 (W.D. Tex. Dec. 10, 2008).

**B.      Ellis Possesses The Largest Financial Interest In The Relief Sought By The Class**

Compared to the two other movants who filed motions to be appointed lead plaintiff, Ellis has a substantially larger financial interest.

As shown in his opening motion papers, and reflected in the above table, during the Class Period, Ellis suffered losses of **$2,576,861.63**, which is significantly larger that Chiou's claimed loss of $1,160,589.52 and the Pension Fund Group's loss of $782,593.90. *See* Ex. B, ECF No. 12-3; *see also Welch*, 2020 WL 4758269, at \*3;

9

*Cambria*, 2019 WL 5328877, at *2. "[C]ourts consistently consider the fourth factor—the approximate losses suffered—as most determinative in identifying the plaintiff with the largest financial loss." *Strong*, 2008 WL 11334942, at *5; *In re Reliance Acceptance Grp., Inc. Sec. Litig.*, No. SA-98-CV0044 OG, 1998 WL 388260, at *3 (W.D. Tex. June 29, 1998).

### C.      Ellis Meets The Requirements Of Rule 23

When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g., In re Universal Access, Inc. Sec. Litig.*, 209 F.R.D. 379, 385 (E.D. Tex. 2002). Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Enron Corp. Sec.*, *Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 673 (S.D. Tex. 2006). Ellis purchased Apache common stock during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Apache and certain of its officers under the federal securities laws. Ellis is therefore typical.

The anticipated arguments by the Pension Fund Group that they should be appointed lead plaintiff over Ellis because they are institutional investors and due to issues regarding Ellis' transactions (the exact issue with which was not explained on the meet and confer telephone call) in Apache stock are insufficient to rebut the presumption in favor of Ellis. Courts routinely appoint individual investors over institutional funds when the individual movant has substantially larger losses, as Ellis does in this case. *See*

*e.g., Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670-73 (C.D. Cal. 2005) ("Although the PSLRA was enacted to encourage institutional investors to take a more active role in securities litigation, the Ninth Circuit has held that it does not 'require[ ] the district court to select the plaintiff it believes is the most sophisticated investor available.'" *Id.* at 670. As a consequence, there is no *per se* rule requiring that an institutional investor be appointed lead plaintiff in lieu of an individual who has a larger stake in the litigation. *See id.* ("If financial sophistication had been Congress' principal concern, it would not have made the plaintiff who *lost* the most money the presumptive lead plaintiff"); *see also Steiner v. Aurora Foods Inc.*, No. 00-CV-602, 2000 WL 33911305, at \*3 (N.D. Cal. June 5, 2000).

Further, there are no issues with Ellis' transactions in Apache stock which gave rise to his loss that would rebut the PSLRA's presumption in his favor. As reflected in his transactions filed with his opening motion (Ex. B, ECF No. 12-3), Ellis purchased Apache stock during the Class Period when the Apache stock price was artificially inflated due to the alleged fraud. In other words, Ellis purchased his Apache stock in reliance on the alleged fraud and suffered significant losses when the fraud was disclosed to the market as did the Apache shareholders he seeks to represent. There is no evidence regarding his transactions to rebut the presumption that Ellis should be appointed lead plaintiff. *See e.g., Sklar v. Amarin Corp. PLC*, No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248, at \*7-9 (D.N.J. July 29, 2014); *Prefontaine v. Research in Motion Ltd.*, No. 11 Civ. 4068(RJS), 2012 WL 104770, at \*4 (S.D.N.Y. Jan 5, 2012). Ellis' transactions in Apache stock and his motivation to maximize a recovery for all Apache shareholders are

11

perfectly aligned with the Class. *See Waste Mgmt.*, 128 F. Supp. 2d at 414 (movant's certification evidenced adequacy to serve as lead plaintiff).

Moreover, Ellis has selected and retained highly competent and experienced counsel to litigate the claims on behalf of himself and the Class. Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See e.g., Kilpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995).

In sum, Ellis is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## III.   CHIOU SHOULD NOT BE APPOINTED LEAD PLAINTIFF BECAUSE HE HAS A SIGNIFICANTLY SMALLER FINANCIAL INTEREST THAN ELLIS AND IS SUBJECT TO UNIQUE DEFENSES

Chiou's motion to be appointed lead plaintiff should be denied for two reasons: (i) Chiou has suffered a smaller financial loss than Ellis; and (ii) Chiou is subject to unique defenses that will threaten to become the focus of the litigation.

### A.   Chiou Should Not Be Appointed Lead Plaintiff Because He Has a Smaller Financial Interest Than Ellis

As demonstrated in the table above, Chiou's claimed loss of $1,160,589.52 is far less than Ellis' loss of **$2,576,861.63**. *Strong*, 2008 WL 11334942, at \*5 ("[C]ourts consistently consider the fourth factor—the approximate losses suffered—as most determinative in identifying the plaintiff with the largest financial loss.").

**B.**      **Chiou Is Subject To Unique Defenses**

Chiou also is subject to unique defenses that disqualify him from being appointed lead plaintiff. The presence of a unique defense may disqualify a movant for lead plaintiff when it threatens to become the focus of the litigation. *Lehocky v. Tidel Tech. Inc.*, 220 F.R.D. 491, 500 (S.D. Tex. 2004); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 456 (S.D. Tex. 2002) (quoting *Landry v. Price Waterhouse Charted Accountants,* 123 F.R.D. 474, 476 (S.D.N.Y. 1989) ("where unique defenses are asserted by a class representative, 'whether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.").

First, it appears that Chiou may not possess the authority to move for lead plaintiff, and pursue the claims in these Actions, on behalf of the Chiou Family Trust. Chiou claims that he, along with his wife, are trustees of the Chiou Family Trust and that he and his wife make all investment decisions on behalf of the trust. Exhibit D to Decl. of Francis P. McConville in Supp. of the Mot. of Shan Chu Chiou, on Behalf of Himself and the Chiou Family Tr., for Consolidation, Appointment as Lead Pl., and Approval of Selection of Lead Counsel ("McConville Decl."), ECF No. 11-5. However, only Chiou signed the PSLRA Certification, which he did on behalf of himself and the Chiou Family Trust. Exhibit A to McConville Decl., ECF No. 11-2.  No PSLRA Certification was filed on behalf of Chiou's wife, and no assignment of claims was submitted on behalf of his wife as trustee. *In re Enzymotec Ltd. Sec. Litig.*, No. 14-5556, 2015 WL 918535, at *3 (D.N.J. Mar. 3, 2015) (finding movant was subject to a unique defense because its certification did not indicate that the signer was authorized to sign on the movant's behalf).  As such,

13

it appears that Chiou should not have included the losses from the Chiou Family Trust in the loss calculations because Chiou, acting alone, appears to not have the authority to bring an action behalf of the Chiou Family Trust on his own without the authorization of the other trustee. *See cf. Seidel v. Noah Educ. Holdings Ltd.*, No. 08 Civ. 9203(RJS), 2009 WL 700782, at *4 (S.D.N.Y. Mar. 9, 2009) (finding a trustee who moved for lead plaintiff had standing to pursue the action because he had certified that he was the sole trustee of the trust as well as its sole beneficiary and other movants had not demonstrated that he was not the sole trustee or that he did not have the authority to act on behalf of the trust); *Phuong Ho v. NQ Mobile, Inc.*, No. 13 Civ. 7608(WHP), 2014 WL 1389636, at *3 (S.D.N.Y. Apr. 9, 2014) (finding movant had standing and was not an improper group because three of the trustees assigned their rights to initiate and oversee litigation to the fourth, and that the assignments conferred authority on the fourth trustee to manage the litigation on behalf of the other trustees.).

Moreover, the Chiou Family Trust's Class Period transactions appear to derive from the assignment of put options. The complaints in the Actions assert claims on behalf of those who purchased or otherwise acquired Apache common stock from September 7, 2016 through March 13, 2020. Chiou, in his loss analysis, acknowledges that 100% of the trust's "purchases" of Apache common stock during the Class Period derive from the assignment of options. Exhibit B to McConville Decl., ECF No. 11-3. Chiou's loss certification specifies that this was from option *assignments* and not through the *exercise* of options. *Id.* Thus, it appears that Chiou sold put options that were exercised, forcing the trust to purchase Apache stock at pre-determined prices. Therefore, Chiou's losses

14

actually arise from the sale of put options and not the purchase of common stock. Options and other types of securities have not been included in the class definition. ECF No. 1 ¶ 1. *See Di Scala v. ProShares Ultra Bloomberg Crude Oil*, No. 20 Civ. 5865 (NRB), 2020 WL 7698321, at *4 (S.D.N.Y. Dec. 28, 2020) (declining to appoint the movant with the largest losses as lead plaintiff because there were questions regarding if the sale of put options is included in a class of "all investors who purchased or otherwise acquired UCO securities . . . ."); *In re Critical Path, Inc. Sec. Litig.*, No. C 01-00551 WHA, 2002 WL 32627559, at *5 (N.D. Cal. June 18, 2002) (finding that investors who purchased call options or sold put options during the class period and retained them through the class period's close were properly excluded from the class because the consolidated complaint did not mention options and there was no evidence anyone urged their inclusion in the complaint.).

Even if the trust's sale of put options are properly included in the Class definition, the trust's losses stem from the assignment of the put options, not Apache's stock movement. A put contract is a private non-open market transaction that obligates the writer to purchase shares at pre-agreed upon prices. The put option purchaser will exercise this right if, and only if, the market price for Apache stock is trading below the agreed upon strike price. Therefore, by the time the trust was obligated to purchase its Apache shares, the prices it paid had nothing to do with what the stock was currently trading at. Therefore, there are questions as to whether or not the trust was motivated by the same market incentives as class members who traded on the market that will likely

15

threaten to become the focus of the litigation. *Di Scala*, 2020 WL 7698321, at \*4;

*Critical Path*, 2002 WL 32627559, at \*5.

## IV. THE PENSION FUND GROUP SHOULD NOT BE APPOINTED LEAD PLAINTIFF AS IT HAS A SIGNIFICANTLY SMALLER FINANCIAL INTEREST THAN ELLIS

As reflected in the table above, the Pension Fund Group, two funds that pooled

their losses to increase their financial interest in the case, suffered aggregate losses of

$782,593.90, far less than Ellis' loss of **$2,576,861.63**. Moreover, as addressed above,

their status as institutional funds is insufficient to rebut the presumption that Ellis should

be appointed lead plaintiff. Further, Ellis' transactions in Apache stock during the Class

Period are typical of the transactions of other class members who relied on the alleged

fraud by Defendants to make their purchases. There is nothing about Ellis' transactions to

rebut the presumption that he can fully and fairly represent the interests of the Class.

## V. ELLIS SHOULD BE APPOINTED LEAD PLAINTIFF AND HIS SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL AND TOM ALAN CUNNINGHAM PLLC AS LOCAL COUNSEL SHOULD BE APPROVED

Ellis is the proposed lead plaintiff with the highest losses and otherwise meets

Rule 23's adequacy and typicality requirements. Furthermore, Ellis is not subject to any

unique defenses and no evidence has been produced to rebut the presumption under the

PSLRA that he is the most adequate movant to fully and fairly represent the interests of

the Class. Therefore, Ellis is the presumptive most adequate plaintiff and should be

selected as lead plaintiff.

16

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval. Ellis has selected the Faruqi Firm to be Lead Counsel for the Class and Tom Allan Cunningham, PLLC to be Local Counsel. The Faruqi Firm is a highly experienced minority and woman-owned law firm whose adequacy to serve as lead counsel in this case has not been challenged and, as reflected in the firm's resume, possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Decl. of James M. Wilson, Jr. in Supp. of Dr. Terry Ellis's Mot. for (1) Consolidation; (2) Appointment As Lead Plaintiff; and (3) Approval of Lead And Local Counsel (Docket No. 12), Ex. C, Firm Resume, Ex. D, Women's Business Enterprise National Council Certificate, and Ex. E, Firm Resume of Tom Alan Cunningham, PLLC.

### CONCLUSION

For the foregoing reasons and the reasons set forth in its Opening Memorandum of Law (Docket No. 12), Ellis respectfully requests that the Court: (1) consolidate the above-captioned Actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel and Tom Alan Cunningham PLLC as Local Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: May 17, 2021                                   Respectfully submitted,

                                                      **TOM ALAN CUNNINGHAM, PLLC**

                                                      By:   */s/ Tom Alan Cunningham*
                                                            Tom Alan Cunningham
                                                            (S.D. Tex. ID No. 1383)
                                                            (Tex. State Bar No. 05244700)

17

919 Milam, Suite 575
Houston, Texas 77002
Telephone: 713-255-5500
Facsimile: 713-255-5555
Email: tac@tomalancunningham.com


James M. Wilson, Jr. (*pro hac vice* forthcoming)
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com
              rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Tom Alan Cunningham
(S.D. Tex. ID No. 1383)
(Tex. State Bar No. 05244700)

19