**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff*,*<br><br>  v.<br><br>APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN,<br><br>     Defendants. | Case No. 4:21-cv-00575<br><br>District Judge George C. Hanks, Jr.<br><br>Magistrate Judge Andrew M. Edison<br><br>CLASS ACTION |
| BRIAN SCHWEGEL, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN,<br><br>     Defendants. | Case No. 4:21-cv-00722<br><br>District Judge Keith P. Ellison<br><br>CLASS ACTION |

**DECLARATION OF DAVID R. KAPLAN IN FURTHER SUPPORT OF THE
MOTION OF PLYMOUTH COUNTY RETIREMENT SYSTEM AND
THE TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND
FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFF, AND
<u>IN OPPOSITION TO THE COMPETING MOTIONS</u>**

I, David R. Kaplan, declare as follows:

1.      I am a Director of the law firm Saxena White P.A.  I submit this Declaration (i) in further support of the motion filed by Plymouth County Retirement System ("Plymouth County") and the Trustees of the Teamsters Union No. 142 Pension Fund (collectively, the "Pension Funds") for consolidation of the above-captioned, related actions, appointment as Lead Plaintiff under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B), and approval of the Pension Funds' selection of Kessler Topaz Meltzer & Check, LLP and Saxena White P.A. as Lead Counsel for the Class and Ajamie LLP as Liaison Counsel for the Class; and (ii) in opposition to the competing motions filed by: (1) Terry Ellis ("Ellis") (ECF No. 12); and (2) Shang Chu Chiou, on behalf of himself and the Chiou Family Trust (collectively "Chiou") (ECF No. 11).

2.      Attached are true and correct copies of the following exhibits:

Exhibit A:    Chart showing the difference (spread) between the purchase and sale prices of Ellis' in-and-out transactions in Apache Corporation ("Apache") common stock during the class period, as well as a calculation of the average difference; and

Exhibit B:    Screenshots from a Bloomberg® terminal showing the market high prices for Apache common stock on each of the dates Chiou was assigned Apache stock.

3.      Plymouth County, through proposed Lead Counsel, investigated, vetted, and filed the securities fraud claims asserted in this litigation after claims against Apache had not been filed for nearly a year after the end of the Class Period, and for nearly two years after the first alleged partial disclosure of the fraud.  In conducting their extensive

1

investigation and evaluation of the merits of the claims against Defendants, Plymouth County's counsel and the Trustees of the Teamsters Union No. 142 Pension Fund's counsel, and their respective in-house private investigators, spent months working together to interview former employees of Apache and other firms in the oil and gas exploration and production industry, and also consulted with industry and financial experts. Counsels' proprietary investigation uncovered the accounts of multiple former employees that support the allegations in this litigation, including statements from former employees with first-hand knowledge of the issues plaguing the Alpine High oil and gas field throughout the Class Period and Defendants' knowledge thereof.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of May 2021.

*s/ David R. Kaplan*
David R. Kaplan
