**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br>        Plaintiff, <br><br>   v. <br><br> APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN, <br><br>        Defendants. | Case No. 4:21-cv-00575 <br><br> District Judge George C. Hanks, Jr. <br><br> Magistrate Judge Andrew M. Edison <br><br> CLASS ACTION |
| BRIAN SCHWEGEL, Individually and on Behalf of All Others Similarly Situated, <br><br>        Plaintiff, <br><br>   v. <br><br> APACHE CORPORATION, JOHN J. CHRISTMANN IV, TIMOTHY J. SULLIVAN, STEPHEN J. RINEY, and STEVEN KEENAN, <br><br>        Defendants. | Case No. 4:21-cv-00722 <br><br> District Judge Keith P. Ellison <br><br> CLASS ACTION |

**PLYMOUTH COUNTY RETIREMENT SYSTEM AND THE TRUSTEES OF
THE TEAMSTERS UNION NO. 142 PENSION FUND'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

The Pension Funds respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent lead plaintiff decision issued by the Hon. William H. Orrick of the United States District Court for the Northern District of California in *Scheller v. Nutanix, Inc.*, No. 19-cv-01651-WHO, 2021 WL 2410832 (N.D. Cal. June 10, 2021) ("*Nutanix*"), which is attached as Exhibit A.[1]  The *Nutanix* decision strongly supports the Pension Funds' motion for Lead Plaintiff appointment (ECF No. 13) and the denial of the sole competing motion filed by Terry Ellis (ECF No. 12).

In *Nutanix*, the court denied the lead plaintiff motion filed by a putative class member, Frank May—represented by the same counsel as Ellis here—because May was both "a net seller and a net gainer" in the defendant company's stock during the pled class period.  *See Nutanix,* 2021 WL 2410832, at *7 (concluding that "May cannot adequately represent the Class because he is a net seller and a net gainer during the Class Period and, therefore, subject to unique defenses").  Specifically, the *Nutanix* court performed a straightforward calculation of May's net shares purchased and net expenditures during the class period, and concluded that May's status as "a net seller and a net gainer" rendered him "improper … to serve as lead plaintiff in a securities fraud class action."  *Id.*  In reaching this conclusion, Judge Orrick rejected May's argument, like Ellis's argument here, that he was not really a "net gainer" because he had "suffered sizeable [LIFO] losses," and explained that "in assessing which class member has the largest financial interest, I must consider the rest of the *Lax-Olsten* factors"—not just the size of the movant's claimed

---

[1] Capitalized but undefined terms herein have the meanings given to them in the Pension Funds' opening brief.  ECF No. 12.

LIFO losses.  *Id.*   Accordingly, the *Nutanix* court looked to May's net expenditures as determinative of his "net gainer" status, and found that "[t]he fact that May gained approximately $1.2 million from the sale of Nutanix shares during the Class Period undermines his assertion that he 'suffered sizeable losses.'"  *Id.*

The Court should similarly reject Ellis's arguments here.  As in *Nutanix*, despite claiming a larger LIFO loss than the Pension Funds, Ellis must be disqualified from serving as a lead plaintiff due to, among other things, the indisputable fact that he is both a "net seller" and a "net gainer," having sold 950 more shares of Apache stock than he purchased during the Class Period and having made nearly $300,000 in profits from those Class Period transactions at fraud-inflated prices.  *See* ECF Nos. 20 at 7-11, 18 at 3-6, and 22 at 6-9 (collecting cases uniformly disqualifying net sellers who are also net gainers); *accord Nutanix*, 2021 WL 2410832, at *7 ("Courts have generally declined to appoint net sellers and net gainers as lead plaintiffs.").

DATED:  June 18, 2021                     Respectfully submitted,

                                          **AJAMIE LLP**

                                          *s/ Thomas R. Ajamie*
                                          Thomas R. Ajamie, Attorney-in-Charge
                                          Texas Bar No. 00952400
                                          S.D. Tex. No. 6165
                                          John S. "Jack" Edwards, Jr.
                                          Texas Bar No. 24040851
                                          S.D. Tex.  No. 30895
                                          Pennzoil Place - South Tower
                                          711 Louisiana, Suite 2150
                                          Houston, TX 77002
                                          Telephone: (713) 860-1600
                                          Facsimile: (713) 860-1699

tajamie@ajamie.com
jedwards@ajamie.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

**SAXENA WHITE P.A.**
Steven B. Singer
Rachel A. Avan
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
ravan@saxenawhite.com

-and-

David R. Kaplan
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com

*Counsel for Plymouth County Retirement System
and the Trustees of the Teamsters Union No. 142
Pension Fund and Proposed Lead Counsel for
the Class*

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 18, 2021, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

DATED:  June 18, 2021

*s/ Thomas R. Ajamie*
Thomas R. Ajamie