# Exhibit A

## CERTIFICATION

The Plymouth County Retirement Association ("Lead Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1.    Lead Plaintiff did not purchase the securities that are the subject of this action at the direction of Lead Plaintiff's counsel or in order to participate in any private action.

2.    Lead Plaintiff has been serving and will continue to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

3.    Lead Plaintiff's Class Period purchase and sale transactions in the Apache Corporation securities that are the subject of this action are set forth below:

| Date | Transaction | Shares | Price |
|---|---|---|---|
| 05/29/18 | Purchase | 7,442 | $38.98 |
| 07/19/18 | Purchase | 2,036 | $44.44 |
| 12/12/18 | Purchase | 1,289 | $31.54 |
| 02/08/19 | Purchase | 6,783 | $29.76 |
| 04/09/19 | Sale | 2,319 | $35.17 |

4.    Lead Plaintiff has full power and authority to bring suit to recover for the investment losses listed in Paragraph 3.

5.    Lead Plaintiff has fully reviewed the facts and allegations of the Consolidated Class Action Complaint for Violations of the Federal Securities Laws and authorizes its filing.

6.    I, David Sullivan, Executive Director of the Plymouth County Retirement Association, am authorized to make legal decisions on Lead Plaintiff's behalf.

7.    Lead Plaintiff intends to actively monitor and vigorously pursue this action for the benefit of the class.

1

8.      Lead Plaintiff will endeavor to provide fair and adequate representation and work directly with the efforts of class counsel to ensure that the largest recovery for the class consistent with good faith and meritorious judgment is obtained.

9.      Aside from this action, *In re Apache Corp. Securities Litigation*, No. 4:21-cv-00575 (S.D. Tex.), Lead Plaintiff has sought to serve and was appointed as lead plaintiff or representative party on behalf of an asserted class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification:

> *Schlimm v. Welbilt, Inc.*, No. 8:18-cv-3007 (M.D. Fla.)
>
> *Emps. Ret. Sys. of the Puerto Rico Elec. Power Auth. v. Conduent, Inc.*, No. 2:19-cv-08237 (D.N.J.)
>
> *Plymouth Cty. Ret. Sys. v. Evolent Health, Inc.*, No. 1:19-cv-01031 (E.D. Va.)
>
> *Plymouth Cty. Ret. Ass'n v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio)
>
> *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856 (N.D. Ala.)
>
> *Visser v. Energy Recovery, Inc.*, No. 1:20-cv-05647 (S.D.N.Y.)
>
> *In re FibroGen, Inc., Sec. Litig.*, No. 3:21-cv-02623 (N.D. Cal.)
>
> *Plymouth Cty. Ret. Ass'n v. Array Technologies, Inc.*, No. 1:21-cv-04390 (S.D.N.Y.)

10.     Lead Plaintiff has sought to serve as a lead plaintiff and representative party on behalf of a class in the following actions under the federal securities laws filed during the three-year period preceding the date of this Certification, but either withdrew its motion for lead plaintiff, was not appointed lead plaintiff, or the lead plaintiff decision is still pending:

> *Plymouth County Ret. Sys. v. GTT Communications, Inc.*, No. 1:19-cv-0982 (E.D. Va.)
>
> *Koffsmon v. Green Dot Corp.*, No. 2:19-cv-10701 (C.D. Cal.)
>
> *Plymouth Cty. Ret. Ass'n v. AppHarvest, Inc.*, No. 1:21-cv-09676 (S.D.N.Y.)

2

11.      Lead Plaintiff will not accept any payment for serving as a representative party on

behalf of the class beyond Lead Plaintiff's pro rata share of any recovery, except such reasonable

costs and expenses (including lost wages) directly relating to the representation of the class as

ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of December 2021.

**Plymouth County Retirement Association**

By: _____

David Sullivan
*Executive Director*

3