## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Civil Action No. 4:21-cv-00575 |
|  | District Judge George C. Hanks, Jr. |
|  | Magistrate Judge Andrew M. Edison |
|  | <u>CLASS ACTION</u> |

### DEFENDANTS' ANSWER TO PLAINTIFFS'
### <u>CONSOLIDATED CLASS ACTION COMPLAINT</u>

Defendants Apache Corporation ("Apache"), John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney ("Individual Defendants," and together with Apache, "Defendants") hereby respectfully submit this Answer to Lead Plaintiffs Plymouth County Retirement Association ("Plymouth County") and the Trustees of the Teamsters Union No. 142 Pension Fund's ("Teamsters," and together with Plymouth County, "Lead Plaintiffs") Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("CCAC"), Dkt 65.  Defendants respond to the allegations in the CCAC as follows:

### ANSWER

Defendants admit that Plaintiffs have defined the abbreviations/terms as such on pages iv and v of the CCAC, and respond to those terms in the CCAC as so defined, but do not otherwise admit the veracity of those definitions.

With respect to the first unnumbered paragraph, Defendants admit that Lead Plaintiffs purport to bring this putative class action and seek remedies under the Securities Exchange Act but deny that that evidentiary support exists for the allegations in the CCAC or that Lead Plaintiffs are entitled to recover.

With respect to the second unnumbered paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered paragraphs on the first page of the CCAC and accordingly deny them.  Defendants deny that evidentiary support exists for the allegations in the CCAC.

**Response to: "I.  INTRODUCTION"**

1.      With respect to the allegations in the first sentence of paragraph 1, Defendants admit that Apache is an oil and gas exploration and production company, but deny the remaining allegations in that sentence.  With respect to the second sentence of paragraph 1, Defendants admit that the CCAC purports to quote from Apache's press releases, presentations, and/or interviews cited herein, but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those sources.  Defendants deny the remaining allegations in the second sentence of paragraph 1.  With respect to the allegations in the third sentence of paragraph 1, Defendants admit that the CCAC purports to quote from Apache's press releases, presentations, and/or interviews cited herein, but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those sources. Defendants deny the remaining allegations in the third sentence of paragraph 1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 1 and accordingly deny them.  Defendants admit that on December 12, 2016, Apache's stock price reached at or about $69.00, but deny the remaining allegations in the fifth sentence of paragraph 1.  Defendants deny the allegations in the sixth sentence of paragraph 1.

2.      Defendants deny the allegations in the first, second, and third sentences of paragraph 2.  With respect to the fourth sentence of paragraph 2, Defendants admit that Apache significantly curtailed if not ceased drilling operations in Alpine High in 2020 and, because of market conditions and other factors, took a $3 billion impairment of Alpine-High related assets, $1.3 billion of which was associated with Apache's Altus Midstream investment, but deny the remaining allegations in the fourth sentence of paragraph 2.  Defendants admit that Apache's stock price closed at or about $4.46 on March 17, 2020 but deny the remaining allegations in the fifth sentence of paragraph 2.

3.      Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 3 concerning Lead Plaintiffs' purported investigation and accordingly deny them.  Defendants deny the remaining allegations in the first sentence of paragraph 3.  Defendants deny the allegations in the second sentence of paragraph 3.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by confidential witnesses, and therefore deny the allegations in the first sentence of paragraph 5.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 5.

6.      Defendants deny the allegations in the first sentence of paragraph 6.  With respect to the allegations in the second sentence of paragraph 6, Defendants admit that a review of Alpine High was conducted that some called Project Neptune, but deny the remaining allegations in the second sentence of paragraph 6.  Defendants deny the allegations in the remaining sentences of paragraph 6.

7.      Defendants deny the allegations in the first sentence of paragraph 7.  With respect to the allegations in the second sentence of paragraph 7, Defendants admit that Steven Keenan resigned from Apache on or about October 23, 2019, but deny the remaining allegations in the second sentence of paragraph 7.   With respect to the allegations in the third sentence of paragraph 7, Defendants admit that, because of market conditions and other factors, Apache took a $3 billion impairment of Alpine-High related assets, $1.3 billion of which was associated with Apache's Altus Midstream investment, and further admit that the CCAC purports to quote from Apache's February 27, 2020 earnings call, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that call.  Answering further, Defendants respectfully refer the Court to that call for its full and correct content and context.  Defendants deny the remaining allegations in the third sentence of paragraph 7.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 7 and accordingly deny them.  With respect to the allegations in the fifth sentence of paragraph 7, Defendants admit that on March 12, 2020, Apache announced that it was reducing its quarterly dividend per share from $0.25 to $0.025, but otherwise deny the remaining allegations in the fifth sentence of paragraph 7.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of paragraph 7 and accordingly deny them.

8.      With respect to the allegations in the first sentence of paragraph 8, Defendants admit that Apache's stock price opened at or about $56.97 on September 7, 2016 and closed at or about $8.07 on March 13, 2020, but deny the remaining allegations in first sentence of paragraph 8.  Defendants deny the allegations in the second sentence of paragraph 8.  With respect to the

allegations in the third sentence of paragraph 8, Defendants admit that Lead Plaintiffs purport to bring this action on behalf of Apache shareholders but deny that the lawsuit has legal or evidentiary support.

**Response to: "II.  PARTIES"**

       **Response to: "A.  Plaintiffs"**

     9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 9 and accordingly deny them.  Defendants further deny that Defendants violated the federal securities laws or that Plymouth County suffered damages as a result.

     10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 10 and accordingly deny them.  Defendants further deny that Defendants violated the federal securities laws or that Teamsters suffered damages as a result.

     11.     Defendants admit the allegations in paragraph 11.

       **Response to "B.  Defendants"**

     12.     Defendants admit the allegations in paragraph 12.

     13.     Defendants admit the allegations in paragraph 13.

     14.     Defendants admit the allegations in paragraph 14.

     15.     Defendants admit the allegations in paragraph 15.

     16.     The first sentence of paragraph 16 contains a definitional statement to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 16. The allegations in the second sentence of paragraph 16 are too vague and ambiguous to respond to, and are therefore denied.  Defendants deny the allegations in the third sentence of paragraph 16.

17.     Defendants deny the allegations in the first and second sentences of paragraph 17. The allegations in the third sentence of paragraph 17 include legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third sentence of paragraph 17.

18.     The allegations in paragraph 18 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 18.

19.     The allegations in the first sentence of paragraph 19 include legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 19.  Defendants deny the allegations in the second sentence of paragraph 19.

20.     Defendants deny the allegations in paragraph 20.

**Response to: "III.  JURISDICTION AND VENUE"**

21.     Defendants admit that Lead Plaintiffs purport to assert claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, but deny that Lead Plaintiffs' claims are valid and further deny that Defendants engaged in any wrongdoing that would entitle Lead Plaintiffs to any relief.

22.     Defendants admit that the Court has subject matter jurisdiction over Lead Plaintiffs' claims.

23.     Defendants admit that venue is proper in this District.  Defendants admit that Apache's principal executive offices are located within this District, but otherwise deny the allegations in the second sentence of paragraph 23.  Defendants admit that Defendants used the means and instrumentalities of interstate commerce in conducting their business but deny that

Plaintiffs' claims are valid and further deny that Defendants engaged in any wrongdoing that would entitle Plaintiffs to any relief.  Defendants deny the remaining allegations in paragraph 23.

**Response to: "IV.  OVERVIEW OF THE FRAUD"**

> **Response to: "A.  Apache Struggled After Missing The U.S. Shale Boom, And Was Desperate To Find A Major North American Oil Play"**

24.     Defendants admit the allegations in the first sentence of paragraph 24. Defendants deny the allegations in the second sentence of paragraph 24.

25.     The allegations in Paragraph 25 of the CCAC do not require a response. To the extent a response is required, the allegations in paragraph 25 are too vague and ambiguous to respond to, and are therefore denied.

26.     Defendants deny the allegations in the first and second sentences of paragraph 26. With respect to the remaining allegations in the third, fourth, and fifth sentences of paragraph 26, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of a December 30, 2016 *Houston Chronicle* article, but deny that the CCAC provides the full and correct content and context of that article and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that article.  Answering further, Defendants respectfully refer the Court to that article for its full and correct content and context. Defendants deny the remaining allegations in the third, fourth, and fifth sentences of paragraph 26.

27.     Defendants deny the allegations in the first sentence of paragraph 27.  With respect to the second sentence of paragraph 27, Defendants admit that Apache hired Steven Keenan in April 2014 as Vice President Region, but deny the remaining allegations in the second sentence of paragraph 27.  Defendants admit that Apache opened an office in San Antonio in conjunction with Keenan's hiring and that Keenan eventually headed the Company's North

American Unconventional Resources region, but deny the remaining allegations in the third sentence of paragraph 27.

28.      Defendants admit that Apache adjusted its portfolio by selling various assets and holdings between 2014 and 2016, but deny the remaining allegations in paragraph 28.

29.      Defendants deny the allegations in the first sentence of paragraph 29.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 29 and accordingly deny them.

30.      With regards to the first sentence of paragraph 30, Defendants admit that prior to September 2016, Apache obtained oil and gas lease rights involving certain acreages in and around Reeves County, Texas, but deny the remaining allegations in the first sentence of paragraph 30.  Defendants deny the remaining allegations in paragraph 30.

31.      Defendants deny the allegations in the first sentence of paragraph 31.  With respect to the allegations in the second and third sentences of paragraph 31, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's proxy statements issued during the Class Period, but deny that the CCAC provides the full and correct content and context of those proxy statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those proxy statements. Answering further, Defendants respectfully refer the Court to those proxy statements for their full and correct content and context.  Defendants deny the remaining allegations in the second, third, and fourth sentences of paragraph 31.

**Response to: "B.   At The Outset Of The Class Period, Apache Announces The "Transformational Discovery" Of A Purportedly Immense Oil Field At Alpine High"**

32.      Defendants admit that on September 7, 2016, Apache issued a press release announcing the discovery of Alpine High.  With respect to the remaining allegations in

paragraph 32, Defendants admit that the CCAC purports to quote or paraphrase portions of a September 7, 2016 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 32.

33.     Defendants admit that on September 7, 2016, Apache presented at the Barclays CEO Energy-Power Conference, but deny the remaining allegations in the first sentence of paragraph 33.  With respect to the allegations in the second and third sentences of paragraph 33, Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of the September 7, 2016 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 33.

34.     Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of the September 7, 2016 presentation and the accompanying slides, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that presentation and the accompanying slides.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 34.

35.     Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of the September 7, 2016 presentation at the Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 35.

36.     Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of the September 7, 2016 presentation at the Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 36.

37.     Defendants deny the allegations in the first and second sentences of paragraph 37. With respect to the allegations in the third, fourth, and fifth sentences of paragraph 37, Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of the September 7, 2016 presentation at the Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 37.

38.     With respect to paragraph 38, Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of the September 7, 2016 presentation at the Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 38.

39.     Defendants admit that on September 8, 2016, Apache's stock price reached at or about $59.33, but deny the remaining allegations in paragraph 39.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and accordingly deny them.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and accordingly deny them.

42.     With respect to the allegations in paragraph 42, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of a September 11, 2016 *Houston Chronicle* article, but deny that the CCAC provides the full and correct content and context of that article and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that article.  Answering further, Defendants respectfully refer the Court to that article for its full and correct content and context.

43.     Defendants deny the allegations in the first sentence of paragraph 43.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and accordingly deny them.

**Response to: "C.  In 2012, And Again In 2014, Defendant Christmann Evaluated And Rejected The Alpine High Region As Having "Way Too Much Gas" And Lacking In Oil"**

44.     Defendants deny the allegations in the first and second sentences of paragraph 44. With respect to the allegations in the third sentence of paragraph 44, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by confidential witnesses, and therefore deny the allegations in third sentence of paragraph 44.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

45.     Defendants deny the allegations in the first sentence of paragraph 45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 45 and accordingly deny them. Defendants deny the remaining allegations in paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 1, and therefore deny the allegations in paragraph 46.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and accordingly deny them.

48.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 2, and therefore deny the allegations in paragraph 48.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 4, and therefore deny the allegations in paragraph 49.   To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 49.

50.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 5, and therefore deny the allegations in paragraph 50.   To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 50.

51.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by confidential witnesses, and therefore deny the allegations in paragraph 51.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 51.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of paragraph 52 and accordingly deny them.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the remaining allegations in paragraph 52.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

53.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 2, and therefore deny the

allegations in paragraph 53. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants deny the remaining allegations in paragraph 53.

> **Response to: "D. In The Run-Up To The Class Period, Apache's Senior Geologists In San Antonio Expressly Warned Christmann Not To Move Forward With Announcing Alpine High"**

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. The allegations in the first sentence of paragraph 59 are too vague and ambiguous to respond to, and are therefore denied. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 5, and therefore deny the allegations in the second sentence of paragraph 59. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 59 and accordingly deny them. With respect to the third, fourth, and fifth sentences of paragraph 59, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 8, and therefore deny the allegations in the third, fourth, and fifth sentences of paragraph 59. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

60. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 4, and therefore deny the

allegations in paragraph 60.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

61.    Defendants deny the allegations in the first sentence of paragraph 61.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, fifth, and sixth sentences of paragraph 61 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 9, and therefore deny the remaining allegations in paragraph 61.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 61.

62.    Defendants deny the allegations in the first sentence of paragraph 62.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, fifth, and sixth sentences of paragraph 62 and accordingly deny them.  With respect to the second, third, fourth, fifth and sixth sentences of paragraph 62, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 10, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the seventh sentence of paragraph 62 were in fact made by CW 2, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth and ninth sentences of paragraph 62 and accordingly deny them.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the eighth and ninth sentences of

paragraph 62 were in fact made by CW 11, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants deny the remaining allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

**Response to: "E.  As The Class Period Progresses, Defendants Claim Additional Testing And Well Data Confirm Enormous Amounts Of Oil And "Highly Economic Wet Gas" Across The Entire Alpine High Play"**

64.     With respect to the allegations in paragraph 64, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the Apache's presentation at the September 7, 2016 Barclays Conference and Apache's November 3, 2016 earnings call, but deny that the CCAC provides the full and correct content and context of that presentation or earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation and earnings call.  Answering further, Defendants respectfully refer the Court to that presentation and earnings call for their full and correct content and context.  Defendants deny the remaining allegations in paragraph 64.

65.     With respect to the allegations in the first sentence of paragraph 65, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the November 3, 2016 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  With respect to the allegations in the second sentence of paragraph 65, Defendants admit that, on February 14, 2017, Apache presented at the Credit Suisse Annual Energy Summit.  Defendants admit that the CCAC purports to quote, paraphrase and excerpt portions of Apache's February 14, 2017 presentation at the Credit Suisse Annual Energy Summit, but deny that the CCAC

16

provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.   Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.   Defendants deny the remaining allegations in paragraph 65.

66.     With respect to the first sentence of paragraph 66, the allegations are too vague and ambiguous for Defendants to respond to, and are therefore denied.   With respect to the second sentence of paragraph 66, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's March 27, 2017 presentation at the Scotia Howard Weil 2017 Energy Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.   Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.   Defendants deny the remaining allegations in paragraph 66.

67.     With respect to the allegations in paragraph 67, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's May 4, 2017 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.   Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.   Defendants deny the remaining allegations in paragraph 67.

68.     With respect to the first sentence of paragraph 68, the allegations are too vague and ambiguous for Defendants to respond to, and are therefore denied.   With respect to the

allegations in the second, third, fourth, fifth, and sixth sentences of paragraph 68, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's May 4, 2017 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh and eighth sentences of paragraph 68 and accordingly deny them. With respect to the allegations in footnote 4, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's May 15, 2017 presentation at an investor conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.

69.    Defendants deny the allegations in the first sentence of paragraph 69.  With respect to the allegations in the second, third, fourth, and fifth sentences of paragraph 69, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's August 3, 2017 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

**Response to: "F.   As The Market Awaits Alpine High's Production, Apache Reiterates Its Claims Of "Tremendous Volumes" Of Oil And Wet Gas And Warns That Competitors Are Swarming The Region"**

71.     Defendants admit that on October 9, 2017, Apache held an October Update Webcast, but deny the remaining allegations in the first sentence of paragraph 71 as too vague and ambiguous to respond to.  With respect to the allegations in the second, third, and fourth sentences of paragraph 71, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's October 9, 2017 webcast, but deny that the CCAC provides the full and correct content and context of that webcast and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that webcast. Answering further, Defendants respectfully refer the Court to that webcast for its full and correct content and context.  Defendants deny the allegations in the fourth and fifth sentences of paragraph 71.

72.     Defendants deny the allegations in the first sentence of paragraph 72.  With respect to the allegations in the second and third sentences in paragraph 72, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's October 9, 2017 webcast, but deny that the CCAC provides the full and correct content and context of that webcast and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that webcast.  Answering further, Defendants respectfully refer the Court to that webcast for its full and correct content and context.

73.     With respect to the allegations in paragraph 73, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of the October 9, 2017 webcast, but deny that the CCAC provides the full and correct content and context of that webcast and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that webcast.  Answering further, Defendants respectfully refer the Court to that

webcast for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 73.

74.     With respect to the allegations in paragraph 74, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of the October 9, 2017 webcast, but deny that the CCAC provides the full and correct content and context of that webcast and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that webcast.  Answering further, Defendants respectfully refer the Court to that webcast for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 74.

> **Response to: "G.  Apache Increasingly Touts Alpine High As A "Highly Economic Wet Gas Play," Doubles The Number Of Potential Drilling Locations To "5,000+," And Announces New "Emerging" Oil Plays"**

75.     With respect to the first sentence of paragraph 75, the allegations are too vague and ambiguous for Defendants to respond to, and are therefore denied.  With respect to the allegations the second and third sentences in paragraph 75, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's October 9, 2017 call and accompanying slides, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that call and accompanying slides.  Answering further, Defendants respectfully refer the Court to that call and accompanying slides for their full and correct content and context.  Defendants deny the remaining allegations in paragraph 75.

76.     With respect to the allegations in paragraph 76, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's October 9, 2017 call, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements

in that call.  Answering further, Defendants respectfully refer the Court to that call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 76.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and accordingly deny them.

**Response to: "H.  Alpine High's Production Ramp Takes Longer Than Expected, But Christmann Promises Alpine High Will Scale Up In 2019 And 2020, And Reiterates That Alpine High Will Be Profitable Even At Ultra-Low Energy Prices"**

78.     Defendants deny the allegations in paragraph 78.

79.     With respect to the first sentence of paragraph 79, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's February 22, 2018 fourth quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 79 and accordingly deny them. Defendants admit that Apache's stock price opened at or about $38.25 on February 22, 2018 and closed at or about $34.50 on February 22, 2018, but otherwise deny the allegations in the fourth sentence of paragraph 79. Defendants deny the allegations in the fifth sentence of paragraph 79.

80.     With respect to the allegations in paragraph 80, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's February 22, 2018 fourth quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants

respectfully refer the Court to that earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 80.

81.     With respect to paragraph 81, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's February 22, 2018 fourth quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 81.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and accordingly deny them.

83.     Defendants deny the allegations in the first sentence of paragraph 83. Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's May 3, 2018 first quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context. With respect to the allegations in the third sentence of paragraph 83, Defendants admit that the CCAC purports to describe portions of Apache's August 8, 2018 second quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context. With respect to the

allegations in the fourth sentence of paragraph 83, Defendants admit the CCAC purports to describe, quote, and paraphrase portions of Defendant Christmann's interview on September 21, 2018 with *Bloomberg TV*, but deny that the CCAC provides the full and correct content and context of that interview and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that interview.  Answering further, Defendants respectfully refer the Court to that interview for its full and correct content and context. Defendants deny the remaining allegations in paragraph 83.

84.     Defendants deny the allegations in the first sentence of paragraph 84.  With respect to the allegations in the second sentence of paragraph 84, Defendants admit that on May 2, 2019, Apache held its first quarter 2019 earnings call.  Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's May 2, 2019 first quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  With respect to the remaining allegations in the second sentence of paragraph 84, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of a May 14, 2019 *Bloomberg* article, but deny that the CCAC provides the full and correct content and context of that article and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that article.   Answering further, Defendants respectfully refer the Court to that article for its full and correct content and context.  With respect to the allegations in the third sentence of paragraph 84, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of a May 14, 2019 *Bloomberg* article, but

deny that the CCAC provides the full and correct content and context of that article and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that article.  Answering further, Defendants respectfully refer the Court to that article for its full and correct content and context.  With respect to the allegations in the fourth sentence of paragraph 84, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's August 1, 2019 second quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 84.

> **Response to: "I.  A Secret Internal Investigation Commenced in Mid-2019 Confirms There Was Never Any Factual Basis For Defendants' Claims About Alpine High And, Instead, Apache's Data Directly Undermined Defendants' Assertions"**

85.     The allegations in the first sentence of paragraph 85 are too vague and ambiguous to respond to, and are therefore denied.  Defendants deny the allegations in the second sentence of paragraph 85.  Defendants admit that a review of Alpine High was conducted that some called Project Neptune, but deny the remaining allegations in the third sentence of paragraph 85.  Defendants deny the remaining allegations in paragraph 85.

86.     Defendants deny the allegations in the first sentence of paragraph 86.  Defendants admit that Keenan and the San Antonio team provided periodic updates to the Board of Directors regarding Alpine High, but deny the remaining allegations in the second sentence of paragraph 86.  Defendants deny the allegations in third sentence of paragraph 86.

87.     Defendants admit that a review of Alpine High was conducted that some called Project Neptune, but deny the remaining allegations in paragraph 87.

88. Defendants admit that certain Apache personnel reviewed certain data regarding Alpine High as part of the review that some called Project Neptune, but otherwise deny the allegations in paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 89 and therefore deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the allegations in the second and third sentences of paragraph 89. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

90. Defendants admit that Braden Bowie worked on some aspects of the review of Alpine High that some called Project Neptune but deny the remaining allegations the first and second sentences of paragraph 90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 90 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 12, and therefore deny the allegations in fifth, sixth, and seventh sentences of paragraph 90. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in the first and second sentences of paragraph 101. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the third sentence of paragraph 101 were in fact made by CW 4, and therefore deny the allegations. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the fourth sentence of paragraph 101 were in fact made by CW 7, and therefore deny the allegations. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth, sixth, seventh, eighth, and ninth sentences of paragraph 101 and therefore deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the tenth sentence of paragraph 101 were in fact made by CW 6, and therefore deny the allegations. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the eleventh sentence of paragraph 101 were in fact made by CW 5, and therefore deny the allegations. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants deny the remaining allegations in paragraph 101.

**Response to: "V.   THE TRUTH EMERGES, FORCING APACHE TO CEASE ALL FURTHER DEVELOPMENT AT ALPINE HIGH, TAKE A $3 BILLION WRITE DOWN, AND SLASH ITS DIVIDEND BY 90%"**

102.   Defendants deny the allegations in the first sentence of paragraph 102. Defendants admit that Keenan resigned on or about October 23, 2019 but deny the remaining allegations in paragraph 102.

103.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and accordingly deny them.

104.   With respect to paragraph 104, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's October 31, 2019 third quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.

105.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and accordingly deny them.

106.   With respect to paragraph 106, Defendants admit that that the CCAC purports to describe, quote, and paraphrase portions of Apache's February 26, 2020 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 106.

107.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and accordingly deny them.

108.    Defendants admit the allegations in the first sentence of paragraph 108.  With respect to the remaining allegations in paragraph 108, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's February 27, 2020 fourth quarter earnings webcast, but deny that the CCAC provides the full and correct content and context of that webcast and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that webcast.   Answering further, Defendants respectfully refer the Court to that webcast for its full and correct content and context. Defendants deny the remaining allegations in paragraph 108.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 109 and accordingly deny them. Defendants deny the allegations in the second sentence of paragraph 109.

110.    Defendants deny the allegations in the first sentence of paragraph 110. Defendants admit that Apache announced that it was reducing its quarterly dividend per share from $0.25 to $0.025 on March 12, 2020, but otherwise deny the remaining allegations in the second sentence of paragraph 110.  Defendants admit that on March 12, 2020, Apache common stock closed at or about $7.76 per share but deny the remaining allegations in the third sentence of paragraph 110.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and accordingly deny them.  Defendants further deny that any "fraud was revealed" on the part of Defendants.

112.    Defendants admit that on March 17, 2020, Apache common stock closed at or about $4.46 per share but deny the remaining allegations in paragraph 112.

113.    Defendants admit that on December 12, 2016, Apache common stock reached at or about $69.00 per share and that on March 17, 2020, Apache common stock closed at or about $4.46 per share but deny the remaining allegations in paragraph 113.

**Response to: "VI.  IN TRUTH, ALPINE HIGH WAS NEVER A VIABLE OIL OR WET GAS PLAY"**

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants lack knowledge or information sufficient to form a belief as to the description of Lead Plaintiffs' purported investigation in paragraph 115 and accordingly deny them.  Defendants deny the remaining allegations in paragraph 115.

> **Response to: "A.    Lead Plaintiffs' Forensic Analysis And Former Employee Accounts Confirm That Alpine High Produced Miniscule Amounts Of Oil And Wet Gas, That Many Of Its "Successful" Wells Were Failures, And That The Play Was Riddled With Dry Holes"**

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in the first sentence of paragraph 118.  With respect to the second sentence in paragraph 118, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of the slides used at the September 7, 2016 Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of the slides and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in the slides.  Answering further, Defendants respectfully refer the Court to the slides for their full and correct content and context.  Defendants deny the allegations in the fourth sentence of paragraph 118.  With respect to the fourth sentence of paragraph 118, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's November 3, 2016 third quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny

the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  The allegations in the fifth sentence of paragraph 118 are too vague and ambiguous to respond to, and are therefore denied. Defendants deny the remaining allegations in paragraph 118.

119.   Defendants deny the allegations in the first sentence of paragraph 119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 119 and accordingly deny them.  With respect to the fifth and sixth sentences of paragraph 119, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 13, and therefore deny the allegations in the fifth and sixth sentences of paragraph 119.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.   Defendants deny the allegations in the seventh sentence of paragraph 119.

120.   Defendants deny the allegations in the first sentence of paragraph 120. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of footnote 5 in paragraph 120 and accordingly deny them. Defendants deny the allegations in the second sentence of footnote 5 in paragraph 120. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 120 and accordingly deny them.  With respect to the third sentence of paragraph 120, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 14, and

therefore deny the allegations in the third sentence of paragraph 120.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

121.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 4, and therefore deny the allegations in paragraph 121.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 122 and accordingly deny them.  With respect to the second, third, and fourth sentences in paragraph 122, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's September 7, 2016 presentation at the Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 122 and accordingly deny them.

123.    Defendants deny the allegations in the first sentence of paragraph 123.  Defendants lack knowledge or information sufficient to form a belief as to the investigation purportedly conducted by Lead Plaintiffs, and therefore deny the allegations in the second and third sentences of paragraph 123.  Defendants further deny the substance of the supposed results of Lead Plaintiffs' investigation.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 9, and therefore

deny the allegations in the fourth sentence of paragraph 123.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 123.

124.     With respect to the allegations in the first sentence of paragraph 124, Defendants admit that the CCAC purports to describe portions of Apache's September 7, 2016 presentation at the Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation. Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.  Defendants lack knowledge or information sufficient to form a belief as to the investigation purportedly conducted by Lead Plaintiffs, and therefore deny the allegations in the remaining sentences of paragraph 123.  Defendants further deny the substance of the supposed results of Lead Plaintiffs' investigation.

125.     Defendants admit the Ortler 1H was drilled in May 2016 and started producing oil and gas in June 2016 but deny the remaining allegations in the first sentence of paragraph 125. With respect to the allegations in the second sentence of paragraph 125, Defendants admit that the CCAC purports to quote and describe Apache's September 7, 2016 presentation at the Barclays CEO Energy-Power Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 125.

126.     With respect to the allegations in the first sentence of paragraph 126, Defendants admit that the CCAC purports to describe portions of Apache's May 2017 investor presentations, but deny that the CCAC provides the full and correct content and context of those presentations and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those presentations.  Answering further, Defendants respectfully refer the Court to those presentations for their full and correct content and context.  Defendants deny the allegations in the second sentence of paragraph 126.  With respect to the allegations in the third sentence of paragraph 126, Defendants admit that the CCAC purports to describe portions of Apache's May 2017 investor presentations, but deny that the CCAC provides the full and correct content and context of those presentations and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those presentations.  Answering further, Defendants respectfully refer the Court to those presentations for their full and correct content and context.  Defendants deny the allegations in the fourth sentence of paragraph 126.

127.     Defendants lack knowledge or information sufficient to form a belief as to the investigation purportedly conducted by Lead Plaintiffs, and therefore deny the allegations in the first sentence of paragraph 127.  Defendants further deny the substance of the supposed results of Lead Plaintiffs' investigation.  With respect to the second sentence in paragraph 127, Defendants admit that the CCAC purports to describe portions of Apache's May 3, 2016 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in the second sentence of paragraph 127.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 127, and accordingly deny them. Defendants deny the allegations in the fourth sentence of paragraph 127.

128.    Defendants deny the allegations in paragraph 128.

129.    With respect to the allegations in the first and second sentences of paragraph 129, Defendants admit that the CCAC purports to describe portions of Apache's October 9, 2017 Special Call, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that call. Answering further, Defendants respectfully refer the Court to that call for its full and correct content and context. Defendants lack knowledge or information sufficient to form a belief as to the investigation purportedly conducted by Lead Plaintiffs, and therefore deny the allegations in the third sentence of paragraph 129. Defendants further deny the substance of the supposed results of Lead Plaintiffs' investigation.

130.    Defendants deny the allegations in paragraph 130.

131.    Defendants deny the allegations in the first sentence of paragraph 131. With respect to the allegations in the second and third sentences of paragraph 131, Defendants admit that the CCAC purports to describe portions of Apache's October 9, 2017 Special Call, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that call. Answering further, Defendants respectfully refer the Court to that call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 131.

132.    Defendants deny the allegations in the first sentence of paragraph 132. Defendants lack knowledge or information sufficient to form a belief as to the investigation

purportedly conducted by Lead Plaintiffs, and therefore deny the remaining allegations in paragraph 132. Defendants further deny the substance of the supposed results of Lead Plaintiffs' investigation.

133.    The allegations in the first sentence of paragraph 113 are too vague and ambiguous to respond to, and are therefore denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 113 and accordingly deny them. With respect to the third sentence of paragraph 113, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 15, and therefore deny the allegations in the third sentence of paragraph 113. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

**Response to: "B.   Defendants Walled Off Alpine High Data, Allowed Keenan To Operate Alpine High As A "Shadow Organization," And Silenced Any Dissent"**

134.    Defendants deny the allegations in paragraph 134.

135.    Defendants deny the allegations in paragraph 135.

136.    With respect to the first sentence of paragraph 136, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the allegations in the first sentence of paragraph 136. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. With respect to the second sentence of paragraph 136, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 12, and therefore deny the allegations in the second sentence of paragraph 136. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. With respect to the third sentence of paragraph 136, Defendants lack

knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 8, and therefore deny the allegations in the third sentence of paragraph 136.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

137.     Defendants deny the allegations in the first sentence of paragraph 137.  With respect to the second sentence of paragraph 137, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 16, and therefore deny allegations in the second sentence of paragraph 137.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 137 and accordingly deny them.  With respect to the fifth sentence of paragraph 137, Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 7, and therefore deny the allegations in the fourth sentence of paragraph 137.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants deny the allegations in the sixth sentence of paragraph 137.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the allegations in the seventh sentence of paragraph 137.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

138.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 5, and therefore deny the allegations in first and second sentences of paragraph 138.  To the extent that any of the alleged

statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the third sentence of paragraph 138 were in fact made by CW 6, and therefore deny the allegations. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 17, and therefore deny the allegations in the fourth sentence of paragraph 138. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 138 and accordingly deny them.

139. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 14, and therefore deny the allegations in the first, fifth, sixth, seventh, and eighth sentences of paragraph 139. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. With respect to the allegations in the second, third, and fourth sentences of paragraph 139, Defendants admit that Chester Pieprzica headed the San Antonio Reservoir Engineering Group and that Apache utilized Aries software for some aspects of well performance reporting but deny the remaining allegations.

140. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 11, and therefore deny the allegations in the first and second sentences of paragraph 140. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. With respect to the third sentence in paragraph 140, Defendants lack knowledge or information sufficient to

form a belief as to whether any of the statements described were in fact made by CW 7, and therefore deny the allegations in the third sentence of paragraph 140.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

141.   Defendants lack knowledge or information sufficient to form a belief as to what unnamed "other employees" purportedly described, and therefore deny the allegations in the first sentence of paragraph 141.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 8, and therefore deny the remaining allegations in paragraph 141.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

142.   Defendants deny the allegations in the first sentence of paragraph 142. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of paragraph 142 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 18, and therefore deny the allegations the sixth and seventh sentences in paragraph 142.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the allegations in the eighth sentence of paragraph 142.

143.   Defendants lack knowledge or information sufficient to form a belief as to what "[f]ormer Apache employees" purportedly rejected, and therefore deny the allegations in the first sentence of paragraph 143.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 4, and therefore deny the remaining allegations in paragraph 143.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

144.     Defendants deny the allegations in paragraph 144.

145.     Defendants deny the allegations in the first and second sentence of paragraph 145. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 10, and therefore deny the remaining allegations in paragraph 145, including those in footnote 6.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

146.     Defendants deny the allegations in paragraph 146.

147.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 10, and therefore deny the allegations in the first, second, third, fourth, and fifth sentences of paragraph 147.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the sixth sentence of paragraph 148 were in fact made by CW 4, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 147.

148.     Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by confidential witnesses, and therefore deny the allegations in paragraph 148.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

149.     Defendants admit that Apache executives would attend periodic project reviews, but otherwise lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 10, and therefore deny the remaining allegations

in the first, second, third, and fourth sentences of paragraph 149. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants deny the allegations in the fifth sentence of paragraph 149.

150. Defendants deny the allegations in the first sentence of paragraph 150. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 11, and therefore deny the allegations in the second and fourth sentences of paragraph 150. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 150, and accordingly deny them.

151. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 10, and therefore deny the allegations in the first sentence of paragraph 151. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 5, and therefore deny the allegations in the second, third, and fourth sentences of paragraph 151. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

152. Defendants deny the allegations in paragraph 152.

153. Defendants deny the allegations in the first and second sentences of paragraph 153. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 7, and therefore deny the allegations in the third, fourth, and fifth sentences of paragraph 153. To the extent that any of the alleged

statements were made, Defendants deny the substance of those statements. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 5, and therefore deny the allegations in the sixth sentence of paragraph 153. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants deny the allegations in the seventh and eighth sentences of paragraph 153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the ninth sentence of paragraph 153, and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the allegations in the tenth sentence of paragraph 153. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 154 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 4, and therefore deny the allegations in the third and fourth sentences of paragraph 154. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

155.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 155, and therefore deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 7, and therefore deny the remaining allegations in paragraph 155. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

156.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 11, and therefore deny the allegations in paragraph 156.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

157.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 13, and therefore deny the allegations in paragraph 157.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

158.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 19, and therefore deny the allegations in paragraph 158.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

159.    Defendants deny the allegations in the first and second sentences of paragraph 159.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 10, and therefore deny the allegations in the third sentence of paragraph 159.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the allegations in the fourth sentence of paragraph 159.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

160.    Defendants deny the allegations in the first and second sentences of paragraph 160.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 7, and therefore deny the allegations in the

third sentence of paragraph 160.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 160.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 5, and therefore deny the allegations in the fifth and seventh sentences of paragraph 160.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the allegations in the sixth sentence of paragraph 160.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 20, and therefore deny the allegations in the eighth sentence of paragraph 160.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the ninth sentence of paragraph 160 and accordingly deny them.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the allegations in the tenth sentence of paragraph 160.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

161.    The allegations in the first sentence of paragraph 161 are too vague and ambiguous to respond to, and are therefore denied.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 6, and therefore deny the remaining allegations in paragraph 161.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

162.    Defendants deny the allegations in the first sentence of paragraph 162. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 20, and therefore deny the allegations in the second sentence of paragraph 162.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 7, and therefore deny the allegations in the third, fourth, fifth, and sixth sentences of paragraph 162.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

163.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 21, and therefore deny the allegations in the first, third, and fourth sentences of paragraph 163.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fifth sentences of paragraph 163 and accordingly deny them.

164.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 20, and therefore deny the allegations in the first and second sentences of paragraph 164.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 164 and accordingly deny them.  Defendants deny the allegations in the fourth sentence of paragraph 164.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 10, and

therefore deny the allegations in the fifth sentence of paragraph 164.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

**Response to: "C.  The San Antonio Office Secretly Manipulated Alpine High Data And Engaged In Other Desperate Measures In An Attempt To Boost Production"**

165.    Defendants deny the allegations in paragraph 165.

166.    Defendants deny the allegations in the first sentence of paragraph 166. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 13, and therefore deny the allegations in the second sentence of paragraph 166.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

167.    Defendants deny the allegations in the first sentence of paragraph 167. Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 20, and therefore deny the allegations in the second and third sentences of paragraph 167.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and accordingly deny them.  To the extent that any of the alleged statements were made by unnamed "former engineers," Defendants deny the substance of those statements.

169.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 14, and therefore deny the allegations in the first, third, fourth, and fifth sentences of paragraph 169.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 169 and accordingly deny them.

170.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 14, and therefore deny the allegations in paragraph 170.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

171.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 8, and therefore deny the allegations in paragraph 171.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

172.    Defendants deny the allegations in the first sentence of paragraph 172. Defendants admit that Apache utilized a project known by some as Project Phoenix that explored injecting NGLs to increase production but deny the remaining allegations in the second sentence of paragraph 172.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 172 and accordingly deny them.  Defendants deny the allegations in the seventh sentence of paragraph 172.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 22, and therefore deny the allegations in the third, sixth, eighth, and ninth sentences of paragraph 172.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 8, and therefore deny the allegations in footnote 7.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

173.     Defendants admit that Apache utilized a project known by some as Project Phoenix that explored injecting NGLs to increase production, but otherwise lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 13, and therefore deny the remaining allegations in first, second, and third sentences of paragraph 173.   To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.   Defendants admit that Project Phoenix was confidential, but deny the remaining allegations in paragraph 173.

174.     Defendants admit that Apache utilized a project known by some as Project Phoenix that explored injecting NGLs to increase production, but otherwise lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 14, and therefore deny the allegations in paragraph 174.   To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

**Response to: "D.   Defendants Concealed Alpine High's Horrendous Performance From Investors By Consistently Flouting Regulatory Reporting Requirements"**

175.     Defendants deny the allegations in paragraph 175.

176.     With respect to the allegations in paragraph 176, Defendants admit that the Railroad Commission of Texas ("RRC") is the state agency with primary regulatory jurisdiction over the oil and natural gas industry, pipeline transporters, natural gas and hazardous liquid pipeline industry, natural gas utilities, the LP-gas industry, and coal and uranium surface mining operations.   Defendants deny the remaining allegations in paragraph 176.

177.     With respect to the allegations in paragraph 177, Defendants admit that the RRC has certain reporting and regulatory requirements, which speak for themselves.   The remaining allegations in paragraph 177 contain legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the remaining allegations in paragraph 178.

178.    With respect to the allegations in paragraph 178, Defendants admit that the RRC has certain reporting and regulatory requirements, which speak for themselves.  The remaining allegations in paragraph 178 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in paragraph 178.

179.    With respect to the allegations in paragraph 179, Defendants admit that the RRC has certain reporting and regulatory requirements, which speak for themselves.  The remaining allegations in paragraph 179 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in paragraph 179.

180.    Defendants admit that, due to a number of factors, certain RRC reports were overdue when filed and that other RRC filings were later updated, but deny the remaining allegations in paragraph 180.

181.    Defendants deny the allegations in the first sentence of paragraph 181.  With respect to the remaining allegations in paragraph 181, Defendants admit that the CCAC purports to paraphrase or describe Apache's RRC filings but deny that the CCAC provides the full and correct content and context of those filings and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those filings.  Answering further, Defendants respectfully refer the Court to its RRC filings for their full and correct content and context.  Defendants deny the remaining allegations in paragraph 181.

182.    With respect to the allegations in the first sentence of paragraph 182, Defendants admit that the CCAC purports to paraphrase or describe Apache's RRC filings but deny that the CCAC provides the full and correct content and context of those filings and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those filings.  Answering further, Defendants respectfully refer the Court to its RRC filings for

their full and correct content and context.  Defendants deny the remaining allegations in the first sentence of paragraph 182.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 211 and accordingly deny them.  Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.

183.    Defendants deny the allegations in the first sentence of paragraph 183.  With respect to the remaining allegations in paragraph 183, Defendants admit that the CCAC purports to paraphrase or describe Apache's RRC filings but deny that the CCAC provides the full and correct content and context of those filings and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those filings.  Answering further, Defendants respectfully refer the Court to its RRC filings for their full and correct content and context.  Defendants deny the remaining allegations in paragraph 183.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of paragraph 184 and accordingly deny them.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 23, and therefore deny the remaining allegations in paragraph 184.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 185 and accordingly deny them.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 24, and therefore deny the allegations in the fourth and fifth sentences of paragraph 185.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

186.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 23, and therefore deny the allegations in paragraph 186.   To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

187.    Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 23, and therefore deny the allegations in paragraph 187.   To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

188.    Defendants admit that, due to a number of factors, certain RRC reports were overdue when filed and that other RRC filings were later updated, but deny the remaining allegations in paragraph 188.

189.    Defendants deny the allegations in paragraph 189.

**Response to: "VII.    DEFENDANTS' MATERIALLY FALSE OR MISLEADING STATEMENTS"**

190.    The allegations in paragraph 190 contain legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 190.

**Response to: "A.  September 7, 2016 Alpine High Announcement"**

191.    Defendants admit the allegations in the first sentence of paragraph 191.   With respect to the remaining allegations in paragraph 191, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of a September 7, 2016 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release.   Answering further, Defendants respectfully refer the Court to

that press release for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 191, and further deny that the September 7, 2016 press release contained any false or misleading statements.

192.     With respect to the allegations in the first sentence of paragraph 192, Defendants admit that on September 7, 2016, Apache presented at the Barclays CEO Energy-Power Conference.  With respect to the remaining allegations in paragraph 192, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of the September 7, 2016 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that presentation.   Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 192, and further deny that the September 7, 2016 presentation contains any false or misleading statements by Defendants.

193.     With respect to the allegations in paragraph 193, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's September 7, 2016 slide presentation, but deny that the CCAC provides the full and correct content and context of that slide presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that slide presentation.   Answering further, Defendants respectfully refer the Court to that slide presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 193, and further deny that the September 7, 2016 slide presentation contains any false or misleading statements by Defendants.

194.    With respect to the allegations in paragraph 194, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's September 7, 2016 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 194, and further deny that the September 7, 2016 presentation contains any false or misleading statements by Defendants.

195.    Defendants deny the allegations in paragraph 195.

196.    Defendants deny the allegations in paragraph 196.

197.    With respect to the allegations in paragraph 197, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's September 7, 2016 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 197, and further deny that the September 7, 2016 presentation contains any false or misleading statements by Defendants.

198.    Defendants deny the allegations in paragraph 198.

199.    With respect to the allegations in paragraph 199, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's September 7, 2016 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the

actual statements in that presentation. Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 199, and further deny that the September 7, 2016 presentation contains any false or misleading statements by Defendants.

200. With respect to the allegations in paragraph 200, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's September 7, 2016 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation. Answering further, Defendants respectfully refer the Court to the transcript of that presentation for its full and correct content and context. With respect to the last sentence in paragraph 200, Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of Apache's September 7, 2016 slide presentation, but deny that the CCAC provides the full and correct content and context of that slide presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that slide presentation. Answering further, Defendants respectfully refer the Court to that slide presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 200, and further deny that that the September 7, 2016 presentation and the September 7, 2016 slide presentation contain any false or misleading statements by Defendants.

201. Defendants deny the allegations in paragraph 201.

202. With respect to paragraph 202, Defendants admit that the CCAC purports to quote, paraphrase, or excerpt portions of Apache's September 7, 2016 slide presentation, but deny that the CCAC provides the full and correct content and context of that slide presentation

and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that slide presentation.  Answering further, Defendants respectfully refer the Court to that slide presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 202, and further deny that that the September 7, 2016 slide presentation contain any false or misleading statements by Defendants.

203.    Defendants deny the allegations in the first, second, third, fourth, fifth, and sixth sentences of paragraph 203.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the seventh sentence of paragraph 203 were in fact made by CW 9, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described were in fact made by CW 4, and therefore deny the allegations in the eighth sentence of paragraph 203.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the statements described in the ninth sentence of paragraph 203 were in fact made by CW 14, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

204.    Defendants admit that on September 21, 2016, Apache gave a presentation at the Johnson Rice Energy Conference, which contained certain similar slides used in the September 7, 2016 Barclays presentation.  Defendants admit that the CCAC purports to quote or paraphrase portions of the slides used in Johnson Rice Energy Conference presentation, but deny that the CCAC provides the full and correct content and context of that slide presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual

statements in that slide presentation.  Answering further, Defendants respectfully refer the Court to that slide presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 204, and further deny that the slide presentation contained any false or misleading statements by Defendants.

205.    Defendants admit that the slides used in the Apache's September 21, 2016 Johnson Rice Energy Conference presentation contained certain similar slides used in the September 7, 2016 Barclays presentation, and further admit that that the CCAC purports to quote, paraphrase, or excerpt portions of the Johnson Rice Energy Conference presentation, but deny that the CCAC provides the full and correct content and context of that slide presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that slide presentation.  Answering further, Defendants respectfully refer the Court to that slide presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 205, and further deny that the slide presentation contained any false or misleading statements by Defendants.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 and accordingly deny them.

207.    Defendants deny the allegations in paragraph 207.

**Response to: "B.  3Q 2016 Financial Results"**

208.    Defendants admit the allegations in the first sentence of paragraph 208.  With respect to the remaining allegations in paragraph 208, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of that November 3, 2016 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to

that earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 208.

209.    With respect to paragraph 209, Defendants admit that the CCAC purports to quote or paraphrase portions of Apache's November 3, 2016 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 209.

210.    Defendants deny the allegations in paragraph 210.

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 and accordingly deny them. Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.

212.    Defendants admit that Apache gave a presentation on November 18, 2016 Bank of America/Merrill Lynch Global Energy Conference and used certain similar slides as in prior presentations. Defendants further admit that that the CCAC purports to quote, paraphrase, or excerpt portions of the Bank of America/Merrill Lynch Global Energy conference slide presentation, but deny that the CCAC provides the full and correct content and context of that slide presentation and further deny the CCAC's allegations to the extent that they are contrary to or inconsistent with the actual statements in that slide presentation. Answering further, Defendants respectfully refer the Court to that slide presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 212, and further deny that the slide presentation contained any false or misleading statements by Defendants.

213.     Defendants deny the allegations in paragraph 213.

214.     Defendants admit the allegations in the first sentence of paragraph 214.   With respect to the remaining allegations in paragraph 214, Defendants admit that Apache's January 5, 2017 company presentation used certain similar slides as in prior presentations, and further admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's January 5, 2017 company presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.   Answering further, Defendants respectfully refer the court to that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 214, and further deny that the presentation contained false or misleading statements by Defendants.

215.     Defendants deny the allegations in paragraph 215.

**Response to: "C.  February 14, 2017 Credit Suisse Energy Summit"**

216.     Defendants admit the allegations in the first sentence of paragraph 216.   With respect to the remaining allegations in paragraph 216, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's February 14, 2017 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.   Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.   Defendants deny the remaining allegations in paragraph 216, and further deny that the presentation contains any false or misleading statements by Defendants.

217.     With respect to the allegations in paragraph 217, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's February 14, 2017 presentation,

but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation. Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 217, and further deny that the presentation contains any false or misleading statements by Defendants.

218.     Defendants deny the allegations in paragraph 218.

219.     With respect to the allegations in paragraph 219, Defendants admit that the CCAC purports to quote or paraphrase portions of that February 14, 2017 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation. Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 219, and further deny that the presentation contains any false or misleading statements by Defendants.

220.     With respect to paragraph 220, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of that February 14, 2017 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation. Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context. Defendants deny the remaining allegations in paragraph 220, and further deny that the presentation contains any false or misleading statements by Defendants.

221.    Defendants deny the allegations in the first sentence of paragraph 221.  With respect to the remaining allegations in paragraph 221, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly deny them. Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.

222.    With respect to the first sentence of paragraph 222, Defendants admit that the CCAC purports to describe or paraphrase Apache's February 14, 2017 Credit Suisse slide presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context. Defendants deny the allegations in the second sentence of paragraph 222, and further deny that the presentation contains any false or misleading statements by Defendants.

**Response to: "D.  4Q 2016 and Full Year 2016 Financial Results"**

223.    Defendants admit the allegations in the first sentence of paragraph 223. With respect to the remaining allegations in paragraph 223, Defendants admit that the CCAC purports to quote or paraphrase portions of Apache's February 23, 2017 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and correct content and context.

224.    Defendants admit the allegations in the first sentence of paragraph 224.  With respect to the remaining allegations in paragraph 224, Defendants admit that the CCAC purports to quote or paraphrase portions of Apache's February 23, 2017 fourth quarter earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and

further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 224, and further deny that the earnings call contains any false or misleading statements by Defendants.

225.    Defendants admit the allegations in the first sentence of paragraph 225.  With respect to the remaining allegations in paragraph 225, Defendants admit that the CCAC purports to quote or paraphrase portions of Apache's 2016 Form 10-K, but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that Form 10-K.  Answering further, Defendants respectfully refer the Court to that Form 10-K for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 225, and further deny that the Form 10-K contains any false or misleading statements.

226.    Defendants deny the allegations in paragraph 226.

227.    Defendants admit the allegations in the first sentence of paragraph 227.  With respect to the remaining allegations in paragraph 227, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's March 27, 2017 presentation at the Scotia Howard Weil 2017 Energy Conference, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 227, and further deny that the presentation contains any false or misleading statements by Defendants.

228.    Defendants deny the allegations in paragraph 228.

**Response to: "E.  1Q 2017 Financial Results"**

229.    Defendants admit the allegations in the first sentence of paragraph 229.  With respect to the remaining allegations in paragraph 229, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 4, 2017 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 229, and further deny that the press release contains any false or misleading statements.

230.    Defendants admit that on May 4, 2017, Apache held an earnings call to discuss the Company's first quarter 2017 financial performance.  With respect to the remaining allegations in paragraph 230, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 4, 2017 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call. Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 230, and further deny that the earnings call contains any false or misleading statements by Defendants.

231.    With respect to paragraph 231, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 4, 2017 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements

in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 231, and further deny that the earnings call contains any false or misleading statements by Defendants.

232.   With respect to paragraph 232, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 4, 2017 investor earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.   Defendants deny the remaining allegations in paragraph 232, and further deny that the earnings call contains any false or misleading statements by Defendants.

233.   Defendants deny the allegations in paragraph 223.

234.   With respect to paragraph 234, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 4, 2017 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 234, and further deny that the earnings call contains any false or misleading statements by Defendants.

235.   With respect to paragraph 235, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 4, 2017 earnings call, but deny that the

CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 235, and further deny that the earnings call contains any false or misleading statements by Defendants.

236.   Defendants admit the allegations in the first sentence of paragraph 236.  With respect to the remaining allegations in paragraph 236, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 4, 2017 investor presentation slides, but deny that the CCAC provides the full and correct content and context of those slides and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those slides.  Answering further, Defendants respectfully refer the Court to those slides for their full and correct content and context.  Defendants deny the remaining allegations in paragraph 236, and further deny that the presentation sides contain any false or misleading statements by Defendants.

237.   Defendants deny the allegations in paragraph 237.

238.   Defendants admit the allegations in the first sentence of paragraph 238.  With respect to the remaining allegations in paragraph 238, Defendants admit that the CCAC purports to quote, paraphrase, and describe portions of Apache's May 5, 2017 Form 10-Q, but deny that the CCAC provides the full and correct content and context of that Form 10-Q and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that Form 10-Q.  Answering further, Defendants respectfully refer the Court to that Form 10-Q for its full and correct content and context.  Defendants deny the remaining

allegations in paragraph 238, and further deny that the Form 10-Q contained any false or misleading statements.

239.     Defendants admit the allegations in the first sentence of paragraph 239.  With respect to the remaining allegations Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 11, 2017 Annual Shareholder Meeting, but deny that the CCAC provides the full and correct content and context of that meeting and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that meeting.  Answering further, Defendants respectfully refer the Court to the transcript of that meeting for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 239, and further deny that the meeting transcript contains any false or misleading statements by Defendants.

240.     Defendants deny the allegations in paragraph 240.

241.     Defendants admit the allegations in the first sentence of paragraph 241.  With respect to the remaining allegations in paragraph 241, Defendants admit that the CCAC purports to describe portions of the slides used at Apache's May 15, 2017 presentation, but deny that the CCAC provides the full and correct content and context of those slides and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those slides.  Answering further, Defendants respectfully refer the Court to those slides for their full and correct content and context.  Defendants deny the remaining allegations in paragraph 241, and further deny that the slide presentation contains any false or misleading statements by Defendants.

242.     Defendants deny the allegations in paragraph 242.

**Response to: "F.  2Q 2017 Financial Results"**

243.    Defendants admit the allegations in the first sentence of paragraph 243.  With respect to the remaining allegations in paragraph 243, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of that August 3, 2017 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 243, and further deny that the press release contains any false or misleading statements by Defendants.

244.    Defendants admit the allegations in the first sentence of paragraph 244.  With respect to the remaining allegations in paragraph 244, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of that August 3, 2017 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 244, and further deny that the earnings call contains any false or misleading statements by Defendants.

245.    Defendants deny the allegations in paragraph 245.

246.    With respect to the allegations in the first sentence of paragraph 246, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 and accordingly deny them.  Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.  With respect to the allegations in the second sentence of

paragraph 246, Defendants admit that Apache significantly reduced if not ceased drilling operations in Alpine High in 2020 due to market and other factors and took a $3 billion impairment of Alpine-High related assets, $1.3 billion of which was associated with Apache's Altus Midstream investment, but deny the remaining allegations.

**Response to: "G.  October 9, 2017 Alpine High Update"**

247.     Defendants admit the allegations in the first sentence of paragraph 247.  With respect to the allegations in the second sentence of paragraph 247, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the October 9, 2017 call, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that call.  Answering further, Defendants respectfully refer the Court to that call transcript for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 247, and further deny that the call contains any false or misleading statements by Defendants.

248.     With respect to the allegations in paragraph 248, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the October 9, 2017 call, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that call.  Answering further, Defendants respectfully refer the Court to that call transcript for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 248, and further deny that the call contains any false or misleading statements by Defendants.

249.     Defendants deny the allegations in the first sentence of paragraph 249.  With respect to the remaining allegations in paragraph 249, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly deny them. Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.

250.    With respect to the allegations in paragraph 250, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the October 9, 2017 call, but deny that the CCAC provides the full and correct content and context of that call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that call.  Answering further, Defendants respectfully refer the Court to that call transcript for its full and correct content and context.   Defendants deny the remaining allegations in paragraph 250, and further deny that the call contains any false or misleading statements by Defendants.

251.    Defendants deny the allegations in the first sentence of paragraph 251.  With respect to the remaining allegations in paragraph 251, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly deny them.  Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.

**Response to: "H.  3Q 2017 Financial Results"**

252.    Defendants admit the allegations in the first sentence of paragraph 252.  With respect to the remaining allegations in paragraph 252, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's November 2, 2017 call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 252, and further deny that the call contains any false or misleading statements by Defendants.

253.    Defendants deny the allegations in paragraph 253.

**Response to: "I.  4Q 2017 and Full-Year 2017 Financial Results"**

254.    Defendants admit the allegations in the first sentence of paragraph 254.  With respect to the remaining allegations in paragraph 254, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the February 22, 2018 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 254, and further deny that the call contains any false or misleading statements by Defendants.

255.    Defendants deny the allegations in paragraph 255.

256.    With respect to the allegations in paragraph 256, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the February 22, 2018 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 256, and further deny that the call contains any false or misleading statements by Defendants.

257.    Defendants deny the allegations in the first, second, and third sentences of paragraph 257.  With respect to the allegations in the fourth, fifth, and sixth sentences of paragraph 257, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly deny them.  Defendants further deny the conclusions

of Plaintiffs' supposed forensic analysis.  Defendants deny the allegations in the seventh sentence of paragraph 257.

258.    Defendants admit the allegations in the first sentence of paragraph 258.  With respect to the remaining allegations in paragraph 258, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's 2017 Form 10-K, but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that Form 10-K.  Answering further, Defendants respectfully refer the Court to that Form 10-K for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 258, and further deny that the Form 10-K contains any false or misleading statements.

259.    With respect to the allegations in paragraph 259, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's February 26, 2018 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.  With respect to the allegations in the second sentence of paragraph 259, Defendants the CCAC purports to describe portions of Apache's March 26, 2018 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content ant context.  Defendants deny the remaining allegations in paragraph 259, and further deny that either presentation contains any false or misleading statements by Defendants.

260.     Defendants deny the allegations in paragraph 260.

**Response to: "J.  1Q 2018 Financial Results"**

261.     Defendants admit the allegations in the first sentence of paragraph 261.  With respect to the remaining allegations in paragraph 261, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 3, 2018 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 261, and further deny that the call contains any false or misleading statements by Defendants.

262.     With respect to the allegations in paragraph 262, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of the May 3, 2018 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 262, and further deny that the call contains any false or misleading statements by Defendants.

263.     With respect to the allegations in the first sentence of paragraph 263, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's May 30, 2018 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants

respectfully refer the Court to that presentation for its full and correct content and context.  With respect to the allegations in the second sentence of paragraph 263, Defendants admit that the CCAC purports to describe portions of Apache's June 5, 2018 presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.   Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.   Defendants deny the remaining allegations in paragraph 263, and further deny that either presentation contains any false or misleading statements by Defendants.

264.    Defendants deny the allegations in paragraph 264.

**Response to: "K.  2Q 2018 Financial Results"**

265.    Defendants admit the allegations in the first sentence of paragraph 265.  With respect to the remaining allegations in paragraph 265, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's August 2, 2018 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 265, and further deny that the earnings call contains any false or misleading statements by Defendants.

266.    Defendants admit that on August 8, 2018, Apache held a conference call with Kayne Anderson Acquisition Corp. to discuss the formation of Altus Midstream Company.  With respect to the allegations in the second sentence of paragraph 266, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Apache's August 8, 2018

conference call, but deny that the CCAC provides the full and correct content and context of that conference call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that conference call.  Answering further, Defendants respectfully refer the Court to that conference call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 266, and further deny that the conference call contains any false or misleading statements by Defendants.

267.    Defendants admit that on or about September 21, 2018, Christmann gave an interview on the "Bloomberg Commodities Edge" program on Bloomberg TV.  With respect to the remaining allegations in paragraph 267, Defendants admit that the CCAC purports to quote, paraphrase, and excerpt portions of Christmann's September 21, 2018 interview, but deny that the CCAC provides the full and correct content and context of that interview and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that interview.  Answering further, Defendants respectfully refer the Court to that interview for its full and correct content and context.  Defendants further deny that the interview contains any false or misleading statements by Defendants.

268.    Defendants deny the allegations in paragraph 268.

269.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269 and accordingly deny them.  Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.

**Response to: "L.  4Q 2018 and Full-Year 2018 Financial Results"**

270.    Defendants admit the allegations in the first sentence of paragraph 270.  With respect to the remaining allegations in paragraph 270, Defendants admit that the CCAC purports to quote or paraphrase portions of Apache's February 28, 2019 Form 10-K, but deny that the CCAC provides the full and correct content and context of that Form 10-K and further deny the

CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that Form 10-K.  Answering further, Defendants respectfully refer the Court to that Form 10-K for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 270, and further deny that the Form 10-K contains any false or misleading statements.

271.    Defendants deny the allegations in paragraph 271.

272.    Defendants deny the allegations in the first sentence of paragraph 272.  Defendants lack knowledge or information sufficient to form a belief as to the truth of remaining the allegations in paragraph 269 and accordingly deny them.  Defendants further deny the conclusions of Plaintiffs' supposed forensic analysis.

**Response to: "M.  1Q 2019 Financial Results"**

273.    Defendants admit the allegations in the first sentence of paragraph 273.  With respect to the remaining allegations in paragraph 273, Defendants admit that the CCAC purports to quote or paraphrase portions of Apache's May 2, 2019 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 273, and further deny that the press release contains any false or misleading statements.

274.    Defendants admit that on May 2, 2019, Apache held an earnings call to discuss the Company's first quarter 2019 performance.  With respect to the remaining allegations in paragraph 274, Defendants admit that the CCAC purports to quote or paraphrase portions of the May 2, 2019 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are

contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 274, and further deny that the earnings call contains any false or misleading statements by Defendants.

275.    With respect to the allegations in paragraph 275, Defendants admit that the CCAC purports to quote portions of a May 14, 2019 *Bloomberg* article, but deny that the CCAC provides the full and correct content and context of that article and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that article.  Answering further, Defendants respectfully refer the Court to that article for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 275, and further deny that the article contains any false or misleading statements by Defendants.

276.    Defendants deny the allegations in paragraph 276.

277.    With respect to the allegations in paragraph 277, Defendants admit that on July 31, 2019, Apache issued a press release announcing production at Alpine High during the second quarter of 2019 was 49,000 BOE per day, but otherwise deny the remaining allegations in paragraph 277.

**Response to: "N.  2Q 2019 Financial Results"**

278.    Defendants admit the allegations in the first sentence of paragraph 278.  With respect to the remaining allegations in paragraph 278, Defendants admit that the CCAC purports to quote or paraphrase portions of Apache's August 1, 2019 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and

correct content and context.  Defendants deny the remaining allegations in paragraph 278, and further deny that the press release contains any false or misleading statements.

279.    Defendants admit that on August 1, 2019, Apache held an earnings call to discuss the Company's second quarter 2019 financial performance.  With respect to the remaining allegations in paragraph 279, Defendants admit that the CCAC purports to quote or paraphrase portions of that August 1, 2019 earnings call, but deny that the CCAC provides the full and correct content and context of that earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context. Defendants deny the remaining allegations in paragraph 279, and further deny that the earnings call contains any false or misleading statements by Defendants.

280.    Defendants deny the allegations in paragraph 280.

281.    Defendants admit that a review of Alpine High was conducted that some called Project Neptune but deny the remaining allegations in paragraph 281.

**Response to: "VIII.  ADDITIONAL SCIENTER ALLEGATIONS"**

282.    Defendants deny the allegations in the first and second sentence of paragraph 282. Defendants lack knowledge or information sufficient to form a belief as to whether any of the alleged statements in paragraph 282 were in fact made by confidential witnesses, and therefore deny the remaining allegations in paragraph 282.  To the extent that any of the alleged statements were made or described by confidential witnesses, Defendants deny the substance of those statements.

283.    Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 283 and accordingly deny them. Defendants lack knowledge or information sufficient to form a belief as to whether any of the

alleged statements were in fact made by CW 2, and therefore deny the allegations in the second and fourth sentences of paragraph 283. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements. Defendants deny the allegations in the third sentence of paragraph 283. Defendants deny the allegations in the fifth sentence of paragraph 283.

284. Defendants deny the allegations in the first sentence of paragraph 284. With respect to the allegations in the second sentence of paragraph 284, Defendants admit Apache opened an office in San Antonio in conjunction with Keenan's hiring and that Keenan eventually headed the Company's North American Unconventional Resources region, but deny the remaining allegations in the second sentence of paragraph 284. Defendants deny the remaining allegations in paragraph 284.

285. Defendants deny the allegations in paragraph 285.

286. Defendants admit that a review of Alpine High was conducted that some called Project Neptune but deny the remaining allegations in paragraph 286.

287. Defendants deny the allegations in the first and second sentence of paragraph 287. With respect to the remaining allegations in paragraph 287, Defendants lack knowledge or information sufficient to form a belief as to whether any of the alleged statements in paragraph 287 were in fact made by confidential witnesses, and therefore deny the allegations. To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

288. Defendants lack knowledge or information sufficient to form a belief as to the allegations of unnamed former employees or confidential witnesses and therefore deny the allegations in the first, second, fourth, fifth, sixth, and seventh sentences in paragraph 288. To

the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants deny the remaining allegations in paragraph 288.

289.    Defendants deny the allegations in the first sentence of paragraph 289.  With respect to the remaining allegations in paragraph 289, Defendants lack knowledge or information sufficient to form a belief as to whether any of the alleged statements in paragraph 289 were in fact made by confidential witnesses, and therefore deny the remaining allegations in paragraph 289.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.

290.    With respect to the first sentence of paragraph 290, Defendants admit that senior management were provided periodic high-level updates on Alpine High, but deny the remaining allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and seventh sentences of paragraph 290 and accordingly deny them. The allegations in the fifth sentence of paragraph 290 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the fifth sentence of paragraph 290.  Defendants lack knowledge or information sufficient to form a belief as to whether any of the alleged statements in the sixth sentence of paragraph 290 were in fact made by CW 15, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants deny the substance of those statements.  Defendants admit that Apache utilizes Aries software for some aspects of well performance reporting, Avocet software for some aspects of regulatory reporting and revenue accounting, and WellView software for tracking some aspects of downhole work and costs associated with the work, but otherwise deny the allegations in eighth sentence of paragraph 290.  Defendants lack knowledge or information sufficient to form a belief as to

whether any of the alleged statements were in the ninth sentence of paragraph 290 were in fact made by CW 13, and therefore deny the allegations.  To the extent that any of the alleged statements were made, Defendants admit that Signet is real-time data program for minute-by-minute measurement of certain production data, but deny the remaining substance of those statements.

291.   With respect to the allegations in paragraph 291, Defendants admit that the CCAC purports to describe, quote, and paraphrase various of Apache's statements referenced throughout the CCAC, but deny that the CCAC provides the full and correct content and context of those statements and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in those statements.  Answering further, Defendants respectfully refer the Court to those statements for their full and correct content and context. Defendants deny the remaining allegations in paragraph 291.

292.   With respect to the first sentence of paragraph 292, the allegations are too vague and ambiguous to respond to, and are therefore denied.  With respect to the remaining allegations in paragraph 292, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's September 7, 2016 Barclays Presentation, but deny that the CCAC provides the full and correct content and context of that presentation and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that presentation.  Answering further, Defendants respectfully refer the Court to that presentation for its full and correct content and context.

293.   With respect to the allegations in paragraph 293, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's May 3, 2018 first quarter 2018 earnings call, but deny that the CCAC provides the full and correct content and context of that

earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that earnings call.  Answering further, Defendants respectfully refer the Court to that earnings call for its full and correct content and context.

294.   Defendants deny the allegations in paragraph 294.

295.   Defendants deny the allegations in paragraph 295.

296.   With respect to the allegations in paragraph 296, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's 2017 Proxy Statement, but deny that the CCAC provides the full and correct content and context of that proxy statement and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that proxy statement.  Answering further, Defendants respectfully refer the Court to that proxy statement for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 296.

297.   With respect to the allegations in paragraph 297, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's 2018 Proxy Statement, but deny that the CCAC provides the full and correct content and context of that proxy statement and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that proxy statement.  Answering further, Defendants respectfully refer the Court to that proxy statement for its full and correct content and context.  Defendants deny the remaining allegations in paragraph 297.

298.   With respect to the allegations in paragraph 298, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's 2018 Proxy Statement, but deny that the CCAC provides the full and correct content and context of that proxy statement and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the

actual statements in that proxy statement. Answering further, Defendants respectfully refer the Court to that proxy statement for its full and correct content and context. Defendants deny the remaining allegations in paragraph 298.

299. Defendants admit that the Individual Defendants' incentive compensation was based in part on Apache's stock price return compared to peer companies but deny the remaining allegations in paragraph 299.

**Response to: "IX. LOSS CAUSATION"**

300. Defendants admit the allegations in the first sentence of paragraph 300. The allegations in the second sentence of paragraph 300 include legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in the second sentence of paragraph 300.

301. Defendants deny the allegations in paragraph 301.

302. Defendants deny the allegations in the first and second sentences of paragraph 302. Defendants admit that Apache's common stock reached at or about $69.00 per share on December 12, 2016, but otherwise deny the allegations in the third sentence of paragraph 302.

303. Defendants deny the allegations in paragraph 303.

304. With respect to the allegations in paragraph 304, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's October 9, 2017 webcast, but deny that the CCAC provides the full and correct content and context of that webcast and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that webcast. Answering further, Defendants respectfully refer the Court to that webcast for its full and correct content and context. Defendants deny the remaining allegations in paragraph 304.

305.     Defendants admit that on October 9, 2017, Apache's stock price closed at or about $45.85 per share and on October 10, 2017, Apache's stock price closed at or about $43.46 per share but deny the remaining allegations in paragraph 305.

306.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305 and accordingly deny them.

307.     Defendants admit the allegations in the first sentence of paragraph 307.  With respect to the remaining allegations in paragraph 307, Defendants admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's February 22, 2018 press release and February 22, 2018 earnings call, but deny that the CCAC provides the full and correct content and context of that press release and earnings call and further deny the CCAC's allegations to the extent they are contrary to or inconsistent with the actual statements in that press release and earnings call.  Answering further, Defendants respectfully refer the Court to that press release and earnings call for their full and correct content and context.  Defendants deny the remaining allegations in paragraph 307.

308.     Defendants admit that on February 21, 2018, Apache's stock price closed at or about $37.20 per share and on February 22, 2018, Apache's stock price closed at or about $34.85 per share but deny the remaining allegations in paragraph 308.

309.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309 and accordingly deny them.

310.     Defendants admit that Apache issued a press release on April 23, 2019. Defendants further admit that the CCAC purports to describe, quote, and paraphrase portions of Apache's April 23, 2019 press release, but deny that the CCAC provides the full and correct content and context of that press release and further deny the CCAC's allegations to the extent

they are contrary to or inconsistent with the actual statements in that press release.  Answering further, Defendants respectfully refer the Court to that press release for its full and correct content and context.

311.    Defendants admit that on April 22, 2019, Apache's stock price closed at or about $37.09, on April 23, 2019, Apache's stock price closed at or about $36.43, and on April 26, 2019, Apache's stock price closed at or about $33.06, but deny the remaining allegations in paragraph 311.

312.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312 and accordingly deny them.

313.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 313 and accordingly deny them. Defendants admit that on October 25, 2019, Apache shares traded as low as or about $20.57 and closed at or about $22.07 but deny the remaining allegations in the second sentence of paragraph 313.

314.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314 and accordingly deny them.

315.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315 and accordingly deny them.

316.    Defendants admit that on March 13, 2020, Apache's stock price closed at or about $8.07 per share and on March 17, 2020, Apache's stock price closed at or about $4.46 per share but deny the remaining allegations in paragraph 316.

317.    Defendants deny the allegations in paragraph 317.

318.    Defendants deny the allegations in paragraph 318.

319.    Defendants deny the allegations in paragraph 319.

**Response to: "X.  CLASS ACTION ALLEGATIONS"**

320.    The allegations in paragraph 320 include legal conclusions to which no response is required.  To the extent that a response is required, with respect to the first sentence of paragraph 320, Defendants admit that Plaintiffs purport to bring a class action as described in paragraph 320 but deny the remainder of the allegations in that sentence and deny that Plaintiffs are entitled to any relief.  With respect to the second sentence of paragraph 320, Defendants admit that Plaintiffs purport to exclude certain persons affiliated with Apache from the putative class but deny the remainder of the allegations in that second sentence and deny that Plaintiffs are entitled to any relief.

321.    The allegations in paragraph 321 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Apache's common stock was traded on the NASDAQ under the symbol "APA" but deny the remaining allegations in paragraph 321.

322.    The allegations in paragraph 322 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 322.

323.    The allegations in paragraph 323 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 323.

324.    The allegations in paragraph 324 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 324, including its subparts (a) through (f).

325.    The allegations in paragraph 325 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 325.

**Response to:  "XI.  APPLICABILITY OF PRESUMPTION OF RELIANCE"**

326.    The allegations in paragraph 326 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 326.

327.    The allegations in paragraph 327 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Apache shares traded on the NASDAQ, but otherwise deny the allegations in paragraph 327.

328.    Defendants admit the allegations in paragraph 328.

329.    Defendants admit that certain securities analysts followed Apache during the Class Period but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 329 and accordingly deny them.

330.    Defendants admit that Apache communicated with investors through SEC filings and other releases but deny the remaining allegations in paragraph 330 as too vague and ambiguous for Defendants to respond to.

331.    The allegations in paragraph 331 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 331.

332.    The allegations in paragraph 332 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 332.

**Response to: "XII.  NO SAFE HARBOR"**

333.    The allegations in paragraph 333 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 333.

334.    The allegations in paragraph 334 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 334.

**Response to: "XIII.  COUNTS"**

**Response to:**

**"COUNT I**
**For Violations Of Section 10(b) Of The Exchange Act**
**And SEC Rule 10b-5 Promulgated Thereunder**
**(Against All Defendants)"**

335.    As paragraph 335 purports to reallege every preceding allegation in the CCAC, Defendants reassert every preceding answer in the foregoing paragraphs as if fully set forth herein.

336.    The allegations in paragraph 336 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiffs purport to bring a claim pursuant to Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, but deny that Defendants engaged in any wrongdoing that would entitle Plaintiff to any relief.

337.    The allegations in paragraph 337 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 337.

338.    Defendants deny the allegations in paragraph 338.

339.   Defendants deny the allegations in paragraph 339.

340.   The allegations in paragraph 340 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 340.

341.   The allegations in paragraph 341 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 341.

342.   The allegations in paragraph 342 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 342.

343.   The allegations in paragraph 343 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 343.

344.   The allegations in paragraph 344 include legal conclusions to which no response is required.   To the extent that a response is required, Defendants deny the allegations in paragraph 344.

345.   Defendants deny the allegations in paragraph 345.

**Response to:**

**"COUNT II**
**For Violations Of Section 20(a) Of The Exchange Act**
**(Against The Individual Defendants)**

346.   As paragraph 346 purports to reallege every preceding allegation in the CCAC, Defendants reassert every preceding answer in the foregoing paragraphs as if fully set forth herein.

347.    The allegations in paragraph 347 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiffs purport to bring a claim pursuant to Section 20(a) of the Exchange Act but deny that Defendants engaged in any wrongdoing that would entitle Plaintiff to any relief.

348.    The allegations in paragraph 348 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 348.

349.    The allegations in paragraph 349 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 349.

350.    The allegations in paragraph 350 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 350.

351.    The allegations in paragraph 351 include legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 351.

352.    Defendants deny the allegations in paragraph 352.

**Response to:  "XIV.  PRAYER FOR RELIEF"**

The allegations in Section XIV of the CCAC include legal conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiffs purport to seek class certification, damages, prejudgment and post-judgment interest, attorneys' fees, expert fees, and other costs, but deny that Plaintiffs are entitled to the relief sought in Section XII.  Defendants deny all remaining allegations in Section XIV.

**Response to: "XV.  JURY TRIAL DEMAND"**

The allegations in Section XV of the CCAC do not require a response.

### LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the CCAC that are not clearly and specifically admitted above.

### ADDITIONAL DEFENSES

1.      The CCAC fails to state a claim upon which relief can be granted.

2.      The CCAC fails to allege fraud with the requisite particularity.

3.      The challenged statements are inactionable statements of opinion, belief, and/or puffery.

4.      Every act or omission alleged in the CCAC was in good faith and in conformity with state and federal securities laws and the rules and regulations promulgated by the Securities and Exchange Commission and other appropriate authorities.

5.      The challenged statements or omissions are inactionable opinions made with genuine belief, with the basis that a reasonable investor would expect, and with true supporting facts.  *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015).

6.      Defendants are not liable to Plaintiffs or members of the purported class because any alleged misstatements by Defendants contained sufficient cautionary language and risk disclosure.

7.      Any alleged untrue statement of material fact, omissions of material fact, misleading statements, or other challenged statements made by Defendants are rendered inactionable by the Safe Harbor provisions of the Private Securities Litigation Reform Act.

8.      Defendants at all times acted in good faith, without recklessness, without any intent to deceive, manipulate, or defraud Plaintiffs, members of the purported class, or any other persons, without knowledge of or reckless disregard of any fraudulent scheme, and with a reasonable and good faith belief in the accuracy and completeness of all representations and statements.

9.      Defendants are not liable to Plaintiffs or members of the purported class to the extent that the alleged misstatements and omissions were not made in connection with the purchase or sale of any Apache securities by Plaintiffs or members of the purported class.

10.      The alleged misrepresentations and omissions did not actually affect the stock's price, and the alleged corrective disclosures do not demonstrate any such price impact.

11.      The inference of scienter is not cogent and at least as compelling as any opposing inference of nonfraudulent intent.

12.      The claims of Plaintiffs and members of the purported class are barred, in whole or in part, because the CCAC fails to demonstrate that any alleged act or omission of Defendants caused the loss for which Plaintiff and members of the purported class seek to recover damages (loss causation), as required by 15 U.S.C. § 78u-4(b)(4).

13.      With regard to claims arising under Section 20(a) of the Exchange Act and regulations promulgated thereunder, the claims are barred because Plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

14.      Defendants alleged to be control persons under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

15.     In the event that a final judgement is rendered against any of the Defendants, each shall be liable solely for the portion of the judgment that corresponds to the percentage of its or his responsibility because it or he did not knowingly commit a violation of the federal securities laws.

16.     In the event Plaintiffs recover damages, such damages shall be limited only to those losses caused by the alleged misstatements or omissions as opposed to other factors and/or market conditions.  *See* 15 U.S.C. § 78u-4(e).

17.     Plaintiffs and some or all members of the purported class cannot claim damages to the extent that they sold their securities at prices higher than the prices at which they purchased or acquired those securities.

18.     Defendants give notice that they may rely upon other applicable defenses of which they may become aware during discovery in this case and reserve the right to amend this answer to assert any such defenses.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants respectfully request a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court enter judgment that Plaintiffs take nothing in this suit; that Plaintiffs' claims be dismissed with prejudice; that all relief prayed for by Plaintiffs be denied; that final judgment be entered in favor of Defendants; and that Defendants shall recover such other and further relief, both legal and equitable, to which they are entitled.

Dated:  January 10, 2023

Respectfully submitted,

BAKER BOTTS L.L.P.


By:  */s/ David D. Sterling*
     David D. Sterling
     Attorney-In-Charge
     State Bar No. 19170000
     Federal I.D. No. 07079
     Amy Pharr Hefley
     State Bar No. 24046046
     Anthony J. Lucisano
     State Bar No. 24102118
     Federal I.D. No. 3369146
     C. Frank Mace
     State Bar No. 24110609
     Federal I.D. No. 3385915
     910 Louisiana Street
     Houston, Texas 77002
     (713) 229-1946
     (713) 229-7946 (Fax)
     david.sterling@bakerbotts.com
     amy.hefley@bakerbotts.com
     anthony.lucisano@bakerbotts.com
     frank.mace@bakerbotts.com

ATTORNEYS FOR DEFENDANTS
APACHE CORPORATION, JOHN J.
CHRISTMANN IV, TIMOTHY J. SULLIVAN,
AND STEPHEN J. RINEY

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2023, a true and correct copy of the foregoing was served by the Court's CM/ECF system on all counsel of record.

*/s/ Amy Pharr Hefley*
Amy Pharr Hefley