**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who conferred. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.**

    Counsel for the parties met and conferred via telephone on December 29, 2022:

    - Kessler Topaz Meltzer & Check, LLP, and Saxena White P.A., Co-Lead Counsel for Lead Plaintiffs Plymouth County Retirement Association ("Plymouth County") and the Trustees of the Teamsters Union No. 142 Pension Fund ("Teamsters 142") (together, "Lead Plaintiffs");

    - Ajamie LLP, Liaison Counsel for Lead Plaintiffs;

    - Baker Botts L.L.P., Counsel for Defendants Apache Corporation ("Apache" or the "Company"), John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney (together, "Defendants").

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

    None. *Schwegel v. Apache Corporation et al*, No. 4:21-cv-00722 (S.D. Tex.) was consolidated with this action on October 6, 2021. *See* Order Consolidating Related Actions and Appointing Lead Plaintiff and Counsel (ECF No. 45) at 2.

3. **<u>Briefly</u> describe what this case is about.**

    This is a securities class action lawsuit brought by Lead Plaintiffs under Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") on behalf of all persons or entities that purchased or otherwise acquired the common stock of Apache between September 7, 2016 through March 13, 2020, inclusive (the "Class Period"), and were damaged thereby. The Defendants are Apache Corp. ("Apache" or the "Company"), an oil and gas exploration and production company headquartered in Houston, Texas, and three of its current and/or former executives.

4.  **Identify any issues as to service of process, personal jurisdiction, or venue.**

    None.

5.  **Federal jurisdiction.**

    a.  **Specify the allegation of federal jurisdiction.**

    This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa. In addition, because this is a civil action arising under the laws of the United States, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

    b.  **Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

    All parties agree that federal jurisdiction is appropriate in this case.

    c.  **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.** *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

    Not applicable. Federal jurisdiction is not based on diversity of citizenship.

6.  **List anticipated additional parties that should be included, and by whom they are wanted.**

    The parties do not anticipate the addition of any parties.

7.  **List anticipated interventions.**

    The parties do not anticipate any interventions.

8.  **Describe class-action or collective-action issues.**

    Lead Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of themselves and a class consisting of all other persons and entities that purchased or otherwise acquired Apache common stock during the Class Period and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Apache, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate

families have or had a controlling interest.

Pursuant to the Docket Control Order entered by the Court on December 19, 2022 (ECF No. 86), Lead Plaintiffs' deadline to file a motion for class certification is April 7, 2023, with briefing on the motion scheduled to be completed by August 4, 2022.

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

   The parties have agreed to exchange their initial disclosures on January 13, 2023, concurrent with the filing of this report.

10. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    This action does not include a claim for attorneys' fees. If the action results in a common fund recovery for the Class, Lead Plaintiffs and Lead Counsel will apply to the Court for an award of attorneys' fees pursuant to Rule 23 of the Federal Rules of Civil Procedure and relevant federal law.

11. **Describe the proposed discovery plan, including:**

    A. **Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

       On December 19, the Court entered a Docket Control Order that set forth the following discovery schedule:

       | Event | Deadline |
       |---|---|
       | Substantial Completion of Fact Document Production | 150 days after parties agree on search protocol or Court rules on unresolved issues with search protocol |
       | Completion of Fact Discovery | December 1, 2023 |
       | Plaintiffs' Expert Reports Due | January 12, 2024 |
       | Defendants' Responsive Expert Reports Due | February 28, 2024 |
       | Plaintiffs' Reply Expert Reports Due | March 29, 2024 |
       | Completion of Expert Discovery | April 26, 2024 |

       The parties have agreed to modify the default limits on discovery under the Federal Rules of Civil Procedure as follows: (1) each side may take no more than 30 fact

3

witness depositions, absent a showing of good cause; (2) each side may serve no more than 40 interrogatories, absent a showing of good cause.

The parties will submit to the Court a proposed Discovery Confidentiality Agreement and Protective Order.

The parties are presently negotiating a protocol regarding the discovery of electronically stored information.

The parties will confer on an agreed-upon search protocol for document discovery. In accordance with the Docket Control Order, should the parties fail to agree on any issues pertaining to the document discovery search protocol, they will submit such unresolved issues for the Court's determination no later than 30 days after Defendants serve objections and responses to Lead Plaintiffs' first set of requests for production.

**B.    Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

None.

**12.    Experts**

**A.    Are experts needed on issues other than attorneys' fees?**

Experts are needed on issues other than attorneys' fees. The parties anticipate experts may be necessary with respect to: (1) issues pertaining to class certification, such as market efficiency and price impact; (2) issues pertaining to the oil and gas exploration and production industry; and (3) loss causation and damages.

**B.    If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

Not applicable. Medical experts are not needed.

**C.    The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)**

Pursuant to the Docket Control Order, Plaintiffs' expert reports are due by January 12, 2024, Defendants' Responsive Expert Reports are due by February 28, 2024, and Plaintiffs' reply expert reports are due by March 29, 2024.

**D.    The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)**

See the parties' response to question 12(c), above, for the expert report schedule as set by the Court.

13. **State the date discovery can reasonably be completed.**

   According to the Docket Control Order, fact discovery will be completed by December 1, 2023, and expert discovery will be completed by April 26, 2024.

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

   As noted above, the parties will confer on an agreed-upon search protocol for document discovery. If they fail to reach agreement on any issues pertaining to the search protocol for document discovery, they will submit such disputed issues for the Court's determination in accordance with the timeframe set forth in the Docket Control Order.

15. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   Based upon the PSLRA's mandatory discovery stay that was in place during the pendency of Defendants' motion to dismiss (15 U.S.C. Section 78u-4(b)(3)(B)), the parties have not yet undertaken discovery.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

   The parties do not believe that prompt settlement or resolution is likely at this time.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

   The parties believe that private mediation may be suitable in this case at an appropriate time.

18. **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

   All parties do not consent to Judge Edison presiding over trial in this matter.

19. **State whether a jury demand has been made and if it was made on time.**

   A timely jury demand was made in Co-Lead Plaintiff Plymouth County's initial class action complaint filed on February 23, 2021 (ECF No. 1). Lead Plaintiffs' Consolidated Class Action Complaint filed on December 17, 2021 (ECF No. 65) also includes a jury demand.

20. **Specify the number of hours it will likely take to present the evidence.**

   Plaintiffs believe that this will be approximately a three-week trial (or about 90 hours of evidentiary presentation).

Defendants believe that this will be approximately a two-week trial (or about 60 hours of evidentiary presentation).

**21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

There are no pending motions outstanding.

**22. List other pending motions.**

There are no pending motions outstanding.

**23. List issues or matters, including discovery, that should be addressed at the conference.**

None.

**24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

- Plymouth County filed a Certificate of Interested Parties on March 11, 2021 (ECF No. 6) and an Amended Certificate of Financially Interested Parties on May 10, 2021 (ECF No. 16), which included Teamsters 142 as an interested party.

- Defendants Apache, John J. Christmann, IV, Stephen J. Riney, and Timothy J. Sullivan and former defendant Steven Keenan filed their Certificate of Interested parties on April 23, 2021 (ECF No. 9).

Dated: January 13, 2023

Respectfully Submitted,

**AJAMIE LLP**

*/s/ Thomas R. Ajamie (by permission)*
Thomas R. Ajamie, Attorney-in-Charge
Texas Bar No. 00952400
S.D. Tex. No. 6165
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

*Liaison Counsel for Lead Plaintiffs*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

Gregory M. Castaldo (admitted pro hac vice)
Johnston de F. Whitman, Jr. (admitted pro hac vice)
Joshua E. D'Ancona (admitted pro hac vice)
Michelle M. Newcomer (admitted pro hac vice)
Daniel B. Rotko (admitted pro hac vice)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
jwhitman@ktmc.com
jdancona@ktmc.com
mnewcomer@ktmc.com
drotko@ktmc.com

**SAXENA WHITE P.A.**

David R. Kaplan (admitted *pro hac vice*)
Wolfram T. Worms (admitted *pro hac vice*)
Hani Farah (admitted *pro hac vice*)
505 Lomas Santa Fe Dr., Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860

Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
wworms@saxenawhite.com
hfarah@saxenawhite.com

-and-

Steven B. Singer (*pro hac vice* forthcoming)
Joshua H. Saltzman (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
jsaltzman@saxenawhite.com

-and-

Maya Saxena (*pro hac vice* forthcoming)
Joseph E. White, III (*pro hac vice* forthcoming)
Lester R. Hooker (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

Co- Lead Counsel for Lead Plaintiffs

**BAKER BOTTS L.L.P.**

*/s/ David D. Sterling*
David D. Sterling
Attorney-In-Charge
Texas Bar No. 19170000
Federal I.D. No. 07079
Amy Pharr Hefley
State Bar No. 24046046
910 Louisiana Street
Houston, Texas 77002
(713) 229-1946
(713) 229-7946 (Fax)
david.sterling@bakerbotts.com
amy.hefley@bakerbotts.com

8

*Attorneys for Defendants Apache Corporation, John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney*