# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 |
| | District Judge George C. Hanks, Jr. |
| | Magistrate Judge Andrew M. Edison |
| | <u>CLASS ACTION</u> |

**[PROPOSED] DISCOVERY CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

1.       This Confidentiality Agreement and Protective Order (the "Order") shall apply to information, documents, excerpts from documents, and other materials produced in this action ("Discovery Materials") pursuant to Federal Rules of Civil Procedure governing disclosure and discovery.

2.       Discovery Materials may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party (the "Designating Party"), pursuant to the terms of this Order, in the manner prescribed herein. All such Discovery Materials will constitute "Designated Material" under this Order. This Order shall apply to Designated Material produced by any party or third-party in this action.

3.       "CONFIDENTIAL" information means information, documents, or things that have not been made public by the Designating Party and that the Designating Party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, (c) information implicating an individual's legitimate expectation of privacy, and (d) information that is subject, by law or contract, to a legally protected right of confidentiality.

1

4.   "CONFIDENTIAL-ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the Designating Party reasonably and in good faith believes contains or comprises (a) third-party financial account information, (b) personal social security numbers, personal bank account numbers, or personal credit card numbers, (c) Plaintiffs' securities investments, investment strategies or guidelines, and/or investment manager contracts or retention terms; and (d) information so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Designating Party.

5.   All Discovery Materials may be used solely for the purposes of litigating this action and shall not be used or disclosed for any purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function, unless compelled pursuant to a subpoena, court order, or other legal process. The "CONFIDENTIAL and "CONFIDENTIAL-ATTORNEYS' EYE ONLY" designations do not include, and this Protective Order does not apply to, information that has been disclosed to the public or third persons in a manner making such information no longer confidential; provided, however, that "CONFIDENTIAL and "CONFIDENTIAL-ATTORNEYS' EYE ONLY" designations do include, and this Protective Order does apply to, information that has been disclosed by any former Apache employee or any third party who owes confidentiality obligations with respect to that information.

6.   Subject to paragraph 5, Designated Material may be disclosed only as follows:

   a.   Parties: Material designated "CONFIDENTIAL" may be disclosed to parties to this action, or directors, officers, and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement.

b.       Witnesses or Prospective Witnesses: Designated Material, including material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, deposition, or by affidavit or declaration, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person (excluding parties to this action and their current officers, directors, and employees; individuals who are represented in their deposition by counsel for the Designating Party; the author or recipient of a document containing the information; or, only following discussion and agreement between the Parties, a witness demonstrated to have already received a document or otherwise be in the possession of the same or substantially similar information) must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

c.       Outside Experts: Designated Material, including material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may be disclosed to an outside testifying or consulting expert (and their respective direct support personnel) for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d.       Counsel: Designated Material, including material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their attorneys, paralegals, and litigation support and office staff.

3

   e. Insurers: Designated Material, including material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may be disclosed to the insurers of any party to this action, and to legal counsel for any insurers, who have a legitimate need to see the information in connection with their responsibilities for monitoring the litigation or preparing for mediation or settlement discussions.

   f. Mediators: Designated Material, including material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may be disclosed to the mediators, arbitrators, or other persons engaged for the purpose of alternative dispute resolution of this Action.

   g. Court/Staff: Designated Material, including material designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY," may be disclosed to the Court and its employees.

   h. Other Persons: Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

7. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential nature of the Designated Material; and

   b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8.      The Designated Material may be displayed to and discussed with the persons identified in Paragraphs 6(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  Excluding depositions, in the event such person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the Designated Material may seek appropriate relief from the Court.  In the event a deponent who is otherwise required by this Order to sign Exhibit A refuses to sign Exhibit A and the parties are otherwise unable to reach a resolution, the deposition shall be held open pending a resolution, and the parties shall seek a determination from this Court within two (2) business days of that deponent's refusal to sign Exhibit A.

9.      In the event any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY Designated Material is disclosed to any person or other entity not authorized under the terms of this Order to have access to that information, the party responsible for having made, and any party having knowledge of, that disclosure shall inform counsel for the Designating Person within a reasonable time concerning that disclosure and certify that it has made its best efforts to ensure that the person or other entity not authorized to have the information has returned or destroyed such material and all copies thereof (including summaries and excerpts). The responsible party also shall promptly take reasonable measures to ensure that no further or greater unauthorized disclosure of such information or materials is made, and each party shall cooperate in good faith in that effort.

10.      A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

11.     Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

12.     Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form shall be designated by the Designating Party in a reasonably equivalent way.

13.     All third- and non-parties subpoenaed in this action shall be provided with a copy of this Protective Order along with the subpoena and can make CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designations as the producing party to such materials.

14.     A party may seek to add CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designations to information produced by third- and non-parties without such designations by notifying both the producing party and all other parties of the claim of confidentiality at the same time and within thirty (30) days after the date the materials were first produced or otherwise disclosed (e.g., in connection with a deposition, motion, pleading or hearing).

      a.     If the material at issue with respect to which a given party seeks to add or alter confidentiality designations is that party's own document, meaning it was originally created or generated by that party, the producing party will have fifteen (15) days to re-produce the material in accordance with the procedures set forth in this Order. If the producing party refuses to re-designate the material, the party requesting the designation may move for an order from the Court imposing the designation. If the party requesting the

designation moves for such an order, the producing party and any objecting party may file an opposition in accordance with Local Rule 7. The material shall be treated in accordance with the requested designation pending resolution of any dispute arising under this paragraph.

       b.     If the material at issue with respect to which a given party seeks to add or alter confidentiality designations is not that party's document, meaning it was originally created or generated by a person or entity other than that party, the producing party and all other parties will have fifteen (15) days to object to the requested designation, or more time upon a showing of good cause, as determined by the Court. If any objections are lodged, the party requesting the designation may move for an order from the Court imposing the designation. If the party requesting the designation moves for such an order, the objecting part(ies) may file an opposition(s) in accordance with Local Rule 7. The material shall be treated in accordance with the requested designation pending resolution of any dispute arising under this paragraph, with such resolution to be determined on an expedited basis as circumstances warrant.

15.    The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

16.    A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the Designating Party does not agree to the re-designation within fifteen (15) business days, the objecting party may apply to the Court for relief. Upon any such application, the burden shall be on the Designating Party to show why the designation is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Party in an effort to resolve the matter. Until the

Court rules on such issue or the Designating Person agrees in writing to withdraw the challenged designation, the Designated Material shall continue to be treated as designated. The Court may award sanctions if it finds that a party's position was taken without substantial justification.

17.     Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record given, within ten (10) business days after the Designating Party's receipt of the official, final transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the ten (10) business days, the deposition transcript shall be treated as Designated Material. When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 6 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 6 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

18.     Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law. This Order does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, to the extent reasonably practicable, the party seeking to file such Designated Material shall meet and confer with the Designating Party in advance of the filing to identify any Designated Material for which the designations made under this Order may be withdrawn, and to identify redactions necessary to protect the disclosure of confidential information. To the extent the

Designating Party continues to assert a good faith claim of confidentiality over the Designated Material to be filed, the party seeking to file such Designated Material shall do so provisionally under seal and/or with redactions, as applicable, and the Designating Party must move to file the Designated Material under seal, within three (3) business days of such filing.

19.     Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

20.     Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment and exhaustion of appellate rights), returned to the Designating Party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Party. Alternatively, the party in receipt of Designated Material (the "Receiving Party") shall provide to the Designating Party a certification that all such materials have been destroyed. Notwithstanding this provision, counsel and their experts are entitled to retain copies of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence including email, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain, or attach thereto, Designated Material. Any such copies that contain or constitute Designated Material remain subject to the terms of this Order.

21.     Inadvertent production of Designated Material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

22.     Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not by itself operate as a waiver of such claim of privilege. The provisions of Rule 502(b) apply. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will notify each Receiving Party in writing of the inadvertent production no later than five (5) business days after the Designating Party first became aware of the inadvertent production. When a Receiving Party receives notice of such inadvertent production, then within five (5) business days, it shall return or destroy or, if challenging the claim of privilege, sequester all copies of inadvertently produced material. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith, or sequestered until any challenge to the claim of privilege is resolved. Within five (5) business days of providing a claw-back notice, the Designating Party shall provide the Receiving Party with a privilege log meeting the requirements of Rule 26(b)(5). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. In connection with any such challenge, the Receiving Party may request that a copy of the inadvertently produced materials be submitted to the Court for *in camera* review, and the Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials to respond to a

motion by the Designating Party seeking return or destruction of such information or materials on privilege or work product grounds. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) destroy or return such information or materials to the Designating Party or sequester them until further instructed by the Designating Party as to whether it intends to assert a claim of privilege, an appropriate privilege log is produced, and any challenge to a claim of privilege has been resolved, and (v) comport themselves with the applicable provisions of the Rules of Professional Conduct.

23.     Nothing contained in this Order shall preclude any party from using or disclosing its own CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material in any manner, without prior consent of any party or Court. To the extent such use or disclosure results in the information becoming publicly available, or available to other individuals on a non-confidential or attorneys' eyes only basis, such designations will become null and void for purposes of this Action.

24.     If a Receiving Party is served with a lawfully issued subpoena, civil investigative demand, court order, or other compulsory process seeking the disclosure of Designated Material, prior to responding to such request or order, the Receiving Party shall, as soon as reasonably possible:

      a.     Notify the Designating Party in writing of such request;

      b.     Notify the party who caused the subpoena, civil investigative demand, court order, or other compulsory process to issue that some or all of the material called for by

the subpoena, civil investigative demand, court order, or other compulsory process is subject to this Order, a copy of which shall also be provided to such party; and

      c.    Reasonably cooperate with the Designating Party with respect to any procedures the Designating Party pursues to protect the Designated Material, including (i) not responding to the subpoena, civil investigative demand, court order, or other compulsory process prior to the deadline for doing so, unless the Designating Party consents in writing; (ii) seeking an extension of the deadline to respond, as may be requested by the Designating Party, to allow the Designating Party sufficient time to oppose the request; and (iii) if the Designating Party formally opposes compliance with the subpoena, civil investigative demand, court order, or other compulsory process, not disclosing any Designated Material until resolution of such objection.

Notwithstanding these procedures, nothing in this Order shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court, nor shall any provisions of this Order be construed as preventing a Receiving Party from disclosing Designated Material in response to a lawfully issued subpoena, civil investigative demand, court order, or other compulsory process in connection with another litigation, and the Designating Party shall bear any burden and expense of seeking to protect its Designated Material from disclosure in response to a subpoena, civil investigation demand, court order, or other compulsory process issued in another action that calls for any Receiving Party to produce such materials.

      25.    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

26.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,

_____                          _____
DATE                                              ANDREW M. EDISON
                                                        UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

      I have been informed by counsel that certain documents or information to be disclosed to

me in connection with the matter entitled

_____ have been designated as

confidential. I have been informed that any such documents or information labeled

"CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by

Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other

person. I further agree not to use any such information for any purpose other than this litigation.

_____ DATED: _____