United States District Court
Southern District of Texas
**ENTERED**
April 10, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| | § | |
| IN RE APACHE CORP. SECURITIES | § | CIVIL ACTION NO. 4:21-cv-00575 |
| LITIGATION | § | |
| | § | |
| | § | |
| | § | |

# ORDER

Before me is a dispute relating to the process that will govern Defendants' production of documents in this securities fraud litigation. Plaintiffs have submitted a letter detailing a myriad of concerns they have with the upcoming search of documents by Defendants. *See* Dkt. 100. Defendants have filed a letter in response. *See* Dkt. 102. In a nutshell, Defendants argue that Plaintiffs "seek[] to (1) second-guess and overhaul Defendants' methodology for collecting and reviewing their own electronically stored information ("ESI"), and (2) wage hypothetical, preemptive battles over production disputes that do not—and will likely never—exist." *Id.* at 1.

To start, I will address Plaintiffs' request that I issue an ESI Order. I am willing to sign an ESI Order if it is jointly agreed to by the parties. I am not, however, going to unilaterally impose an "ESI Order dictating all manner of internal review protocols." *Id.* at 2. Before I took the bench five years ago, I spent more than two decades as a trial lawyer, often handling securities fraud cases on both sides of the docket. In all of those cases, I never once had an ESI Order forced upon me. It is my firm belief that the parties can move forward without an ESI Order in place. I have outstanding counsel in this case. I am confident that they fully understand their obligation to diligently search for and produce responsive documents.

Plaintiffs complain bitterly about the procedures Defendants intend to use to search for and produce those responsive documents. As I have explained in a previous securities fraud lawsuit, "[r]esponding parties are best situated to

evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own [ESI]." *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-04330, 2021 WL 5121853, at *3 (S.D. Tex. Nov. 4, 2021) (quoting *The Sedona Principles, Third Ed.: Best Practices, Recommendations & Principles for Addressing Elec. Document Prod.*, 19 SEDONA CONF. J. 1, 118 (2018)). "I simply do not think that district court judges should micro-manage the parties' internal review procedures." *Id.* As Defendants correctly note, the proper path forward is to let Defendants proceed with the production of documents and "[i]f a dispute arises about materials Plaintiffs identify as missing from [the] productions, the parties should mediate it and, if they are not able to resolve it, file an appropriate motion." *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 3:18-MD-2843, 2021 WL 10282172, at *20 (N.D. Cal. Oct. 11, 2021). I assure the parties that I will promptly resolve any discovery disputes.

It is my understanding that the parties are in the process of trying to agree to search terms. Defendants apparently sent revised search terms to Plaintiffs on March 31, 2023. Plaintiffs have yet to respond. I am hopeful that the parties will, in short order, agree to the search terms and begin the review and production of responsive documents. If not, I am here, ready to weigh in on a moment's notice.

Last but not least, Plaintiffs ask me to modify the Docket Control Order to make the fact discovery deadline six months from the date Defendants substantially complete document production. Although I am certainly willing to entertain an extension of the discovery deadline as the case progresses, now is not the time. The parties should be laser focused on agreeing to search terms, gathering responsive documents, and producing such documents promptly. Let's see how that all shakes out before we talk about revising the case schedule.

SIGNED this 10th day of April 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE