Hon. Andrew M. Edison  September 26, 2023
U.S. District Court for the Southern District of Texas

      Re: No. 4:21-cv-00575, *In re Apache Corp. Securities Litigation*

Dear Judge Edison,

      Pursuant to the Court's Local Rule 6(E), the Parties inform the Court of a discovery dispute concerning subpoenas Plaintiffs issued on September 14, 2023 to 18 non-party former employees of Defendant Apache Corp. (the "Former Employees," and the "Subpoenas," copies of which are attached at Ex. A) and to request a conference with the Court concerning the same. The parties met and conferred on September 21 and 22,[1] but were unable to resolve this dispute.

      <u>Defendants' Position</u>: Apache has no desire to constrain Plaintiffs' receipt of discoverable information from the Former Employees, but has significant concerns about the safeguard of any documents the Former Employees may have that are protected by Apache's privilege or work product, or that contain confidential Apache information unrelated to this case. Though the Subpoenas contain boilerplate instructions on how each Former Employee may withhold or redact information "You claim to be privileged," they include no warning about Apache's privilege, no stated limitation to non-privileged documents, and include requests that could easily include privileged information (including a specific request for communications the Former Employees have had with Apache "about this Lawsuit"). The requests also on their face seek confidential information unrelated to this lawsuit, including broad requests for "All Documents and Communications . . . concerning [Steven] Keenan," who for several years was Apache's Senior Vice President of Worldwide Exploration overseeing projects around the globe. Despite the obvious potential that the Former Employees (who include Apache's former CEO, and multiple former EVPs, VPs, and other senior employees) could have Apache privileged information and/or irrelevant confidential information, Plaintiffs did not provide Apache with the courtesy of inquiring before serving the Subpoenas if the company's counsel would be representing any of the Former Employees for the purposes of responding to such discovery (and ignored that they had previously been told that Mr. Keenan was so represented). Plaintiffs also refuse to tell Apache which Former Employees have been served, or which Former Employees have been in contact with Plaintiffs' counsel in response to the Subpoenas (though they admit that some have), or to pause additional service to give Apache time to try to reach all of the Former Employees regarding potential representation. Since receiving notice of the Subpoenas on September 15, counsel has endeavored to contact the Former Employees to discuss representation, and to date Baker Botts is representing 8 of them. Apache recently learned from some of those Former Employees that Plaintiffs sent each of them letter—dated the day *before* Apache was given notice of the Subpoenas—attaching the Subpoena and warning that each individual would be personally served via process server if they did not contact Plaintiffs' counsel by September 27. Apache remains concerned that the 10 unrepresented Former Employees may respond to these Subpoenas with Apache privileged or irrelevant confidential information. Apache does not know what responsive documents the unrepresented Former Employees may have, and does not know whether they will appreciate the legal significance or importance of protecting privilege and confidentiality; one can even imagine a recipient simply responding to Plaintiffs with "here is everything I have related to Apache." Apache asks the

---

[1] The participants on these calls were Amy Hefley, John Lawrence, and John Baker for Defendants, and David Kaplan, Sara DiLeo, Joshua Saltzman, Joshua D'Ancona and Evan Hoey for Lead Plaintiffs.

Hon. Andrew M. Edison - 2 - September 26, 2023

Court to issue an order consistent with the proposal Apache made to Plaintiffs on September 22: that (i) the Parties jointly inform the unrepresented Former Employees that they should produce any responsive documents in the first instance to Baker Botts, who would then provide Plaintiffs with all non-privileged discoverable documents (and a privilege log if necessary) within 5 business days, and (ii) if any unrepresented Former Employee does not follow this instruction, Plaintiffs will not view those documents but will instead provide them to Baker Botts for review. Though Plaintiffs rejected this proposed process on September 22, they have identified no prejudice that would result if it were implemented.

Plaintiffs' Position: Pursuant to Fed. R. Civ. P. 45, on September 15, 2023, Plaintiffs notified Defendants of their intent to serve subpoenas *duces tecum* on a number of former Apache employees.[2] Each individual at issue had responsibilities directly related to Alpine High during their tenure at Apache in business and operations roles, including completion engineer, geologist, and strategic planning manager. To Plaintiffs' knowledge, none worked in Apache's legal department. Plaintiffs have begun serving subpoenas on these former employees not only as a standard discovery step with respect to potential sources of relevant information, but also specifically because Defendants' counsel represented that Apache had a "Bring Your Own Device" policy during the relevant period, under which employees could use cell phones and other personal mobile devices for work purposes. Defendants' document production and Plaintiffs' internal investigation confirm that communications concerning Alpine High often occurred via text message, including among operations- and management-level personnel. Based upon Apache's counsel's representations, there is a strong basis to believe that the former employees in question may possess unique relevant documents, including text messages and other communications, on devices they still possess after leaving Apache. Nevertheless, in claiming the subpoenas pose an undue burden, Defendants have represented to Plaintiffs that Apache does not believe these former employees possess any relevant documents because they should have returned any Apache documents to the company at the time of their separation. If this belief proves to be correct, there will be essentially no burden associated with the subpoenas. By the same token, there is no reason to believe that these former non-legal personnel have documents protected by Apache's attorney-client privilege. Indeed, despite repeated requests for factual support, Apache's counsel have not identified any specific facts to substantiate their claim that the subpoenas could lead to the production of privileged Apache documents. Thus, Defendants' asserted privilege concern appears to be purely speculative, which fails to meet their burden to demonstrate that a protective order is warranted. *See Jane DOE 1 v. Baylor Univ.*, 2018 WL 11471255, at *6-8 (W.D. Tex. Nov. 16, 2018) (declining to issue protective order where, as here, "[the party] makes no showing beyond speculating that former employees may have privileged material in their possession"). Should it ultimately wish to claim privilege as to any document produced pursuant to a subpoena, the extensive claw-back procedures Apache agreed to in the Discovery Confidentiality Agreement and Protective Order (ECF No. 95 at Paragraph 22) suffice to protect its interests. Courts confronting similar speculative privilege concerns have found claw-back mechanisms to be an adequate safeguard. *See Baylor*, 2018 WL 11471255, at *8 & n.13 (denying preemptive privilege review by defendant absent specific factual basis for privilege assertion).

---

[2] Defendants' counsel represent at least 8 of the individuals to whom the subpoenas are directed.

Hon. Andrew M. Edison - 3 - September 26, 2023

/s/ Josh D'Ancona
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Gregory M. Castaldo (admitted *pro hac vice*)
Johnston de F. Whitman, Jr. (admitted *pro hac vice*)
Joshua E. D'Ancona (admitted pro hac vice)
Michelle M. Newcomer (admitted pro hac vice)
Richard A. Russo Jr. (admitted pro hac vice)
Daniel B. Rotko (admitted pro hac vice)
Austin W. Manning (admitted pro hac vice)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
jwhitman@ktmc.com
jdancona@ktmc.com
mnewcomer@ktmc.com
rrusso@ktmc.com
drotko@ktmc.com
amanning@ktmc.com

**SAXENA WHITE P.A.**

David R. Kaplan (admitted *pro hac vice*)
Wolfram T. Worms (admitted *pro hac vice*)
Hani Farah (admitted *pro hac vice*)
505 Lomas Santa Fe Dr., Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
wworms@saxenawhite.com
hfarah@saxenawhite.com

-and-

Steven B. Singer (pro hac vice forthcoming)
Joshua H. Saltzman (admitted pro hac vice)
10 Bank Street, 8th Floor
White Plains, NY 10606

/s/ Amy Pharr Hefley
**BAKER BOTTS L.L.P.**
David D. Sterling
Attorney-In-Charge
Texas Bar No. 19170000
Federal I.D. No. 07079
Amy Pharr Hefley
State Bar No. 24046046
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-1946
Facsimile: (713) 229-7946
david.sterling@bakerbotts.com
amy.hefley@bakerbotts.com

John B. Lawrence
Texas Bar No. 24055825
S.D. Tex. No. 3124414
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6873
Facsimile: (214) 661-4873
john.lawrence@bakerbotts.com

*Counsel Attorneys for Defendants Apache Corporation, John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney*

Hon. Andrew M. Edison — - 4 - — September 26, 2023

Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
jsaltzman@saxenawhite.com

-and-

Maya Saxena (pro hac vice forthcoming)
Joseph E. White, III (pro hac vice forthcoming)
Lester R. Hooker (pro hac vice forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Co- Lead Counsel for Lead Plaintiffs*

**AJAMIE LLP**

Thomas R. Ajamie, Attorney-in-Charge
Texas Bar No. 00952400
S.D. Tex. No. 6165
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

*Liaison Counsel for Lead Plaintiffs*