Hon. Andrew M. Edison  October 19, 2023
U.S. District Court for the Southern District of Texas
**Re:** *In re Apache Corp. Sec. Litig.*, Case No. 4:21-cv-00575 (S.D. Tex.)

Dear Judge Edison,

Pursuant to the Court's Procedure 6.E, the parties inform the Court of a discovery and case management dispute concerning Plaintiffs' request to extend the current December 1, 2023 fact discovery deadline in the case. If the Court finds it helpful, the parties request a conference with Your Honor concerning the same, and are available on October 25 at 11 a.m. CT. The parties met and conferred on October 11 and 17, 2023, but were unable to resolve this dispute.[1]

**Plaintiffs' Position:** Plaintiffs request a 7-month extension of the December 1, 2023 fact discovery deadline, to June 28, 2024. The current deadline falls four days after the date by which Defendants will substantially complete their document production. Dkts. 86, 118. Pursuant to Fed. R. Civ. P. 16(b)(4), good cause exists for the requested extension. *First*, the request is reasonable. It reflects Plaintiffs' good faith estimate of the time needed to complete fact discovery in this complex class action, which involves highly technical subject matter and a 3½ year class period. Plaintiffs' request is also consistent with the Court's April 2023 statement that "[a]lthough I am certainly willing to entertain an extension of the discovery deadline as the case progresses . . . [t]he parties should be laser focused on agreeing to search terms, gathering responsive documents, and producing such documents[.] Let's see how that all shakes out[.]" Dkt. 103 at 2. Respectfully, these issues have shaken out and confirm that Plaintiffs need a discovery period that provides them a fair opportunity to review the 225,000 documents Defendants expect to produce—mostly since September 11, 2023[2]—and prepare to take the up-to-30 fact witness depositions to which Defendants agreed. Plaintiffs will also need reasonable time to evaluate and possibly challenge Defendants' privilege log, which Defendants will not serve until around November 27, 2023. These crucial discovery phases—undertaken alongside written and nonparty discovery, as well as ongoing class certification proceedings, expert work, and other litigation demands—will require at least the requested 7 months. *Second*, the requested extension will not prejudice Defendants. Indeed, when asked to identify any prejudice, Defendants could not articulate any, other than "delay." This rings hollow. Discovery work in this complex case takes time; indeed, after Plaintiffs served Defendants with document requests in December 2022, it took Defendants 6 months to agree to a search protocol (*see* Dkt. 118), and, by late November 2023, it will have taken Defendants **11 months** to substantially produce their documents and a privilege log. Plaintiffs have no incentive to delay; they are simply requesting the time they believe they need to review those documents and assess that log, and take depositions and the other necessary discovery steps thereafter. While Defendants first argued that no extension was necessary, and now suggest a mere three additional months will suffice, their position is neither fair nor tenable, particularly given the time Defendants took to produce their documents. Accordingly, Plaintiffs respectfully request that the Court extend the fact discovery deadline to June 28, 2024.[3]

---

[1] The participants on these calls were Amy Hefley and John Lawrence for Defendants, and David Kaplan, Sara DiLeo, Josh Saltzman, Jay Whitman, Joshua D'Ancona, and Evan Hoey for Lead Plaintiffs. The parties agree that, following any extension of the fact discovery deadline, the remaining deadlines will also need to be extended at intervals similar to those in the current Docket Control Order. After the Court decides Plaintiffs' request, the parties will confer on the specific dates for the remaining deadlines to present to the Court for approval.

[2] Defendants have produced approximately 175,000 documents, over 60% of which were produced since September 11, 2023, and have represented that they anticipate producing 55,000-60,000 more documents by November 27, 2023.

[3] Plaintiffs have diligently pursued discovery, including: (i) conferring repeatedly with Defendants; (ii) reviewing documents on a rolling basis; and (iii) serving multiple interrogatories and over 30 nonparty subpoenas. Tellingly, as

Hon. Andrew M. Edison                                                                       October 19, 2023
U.S. District Court for the Southern District of Texas
Re:      *In re Apache Corp. Sec. Litig.*, **Case No. 4:21-cv-00575 (S.D. Tex.)**

**<u>Defendants' Position</u>:** Defendants have agreed to extend the fact discovery deadline by more than 3 months, to March 6, 2024,[4] which is almost 5 months from now. Plaintiffs' insistence that they need 7 months *after* the November 27 substantial completion deadline to complete fact depositions is not reasonable. And Plaintiffs' attempt to blame Defendants for that supposed need is not supported by the facts.

      There is no rule, custom, or expectation in cases like this for fact depositions to begin only after written discovery is complete. Plaintiffs have had several months in which to begin taking depositions, whether of party witnesses or non-parties. We are now in month 10 of fact discovery. Defendants began producing documents at the very start of that period, in January. Defendants produced more than 30,000 documents by the end of July, nearly 70,000 by the end of August, and more than 140,000 by the end of September. And, as they have told Plaintiffs, they remain on schedule to meet the existing DCO's [Dkt. 86] November 27 deadline to substantially complete their document production, which as of October 10 was approximately 75% complete. Additionally, Plaintiffs have served 9 subpoenas to non-parties (on top of the 18 subpoenas Plaintiffs served on Apache's former employees) that have since produced thousands of documents. Yet to date, not only have Plaintiffs taken no depositions—they have not even identified for Defendants *any* depositions they intend to take, or otherwise begun working with Defendants to schedule any depositions. In our experience, plaintiffs in cases like these often begin the process of working with defendants to schedule depositions several months before the fact discovery deadline, and Defendants have previously requested that Plaintiffs here begin that process. But Plaintiffs still have not done so.

      "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To demonstrate such good cause, Plaintiffs "ha[ve] the burden to show 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *West v. City of League City*, 2023 WL 5493799, at *1 (S.D. Tex.) (Edison, J.) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015); *see also Cortez-Burlingame v. Galveston Co.*, 2019 WL 8176521, at *2 (S.D. Tex.) (Edison, J.) ("Diligence requires the parties to actively pursue the necessary discovery in a case."). Plaintiffs cannot meet that burden, as they have displayed no diligence in scheduling or taking fact depositions. Nevertheless, Defendants do not oppose an extension to March 6, which (if Plaintiffs act even remotely diligently) provides more than adequate time to complete fact depositions. Even if Plaintiffs choose not to take any depositions for another month (which is not necessary) and choose to use all of their 30 allotted fact depositions [*see* Dkt. 85-1], they would only need to average fewer than 2 per week to complete them by March 6. In a matter like this, that pace would be leisurely. Plaintiffs are represented by 3 law firms, with 17 lawyers formally listed in their signature block, and routinely have up to 10 lawyers present on the parties' meet and confers. Accounting for intervening holidays and other scheduling issues, there is no reason Plaintiffs cannot reasonably complete their fact depositions by March 6.

---

recently as October 10, Defendants objected to substantively answering Plaintiffs' interrogatories because, in part, Defendants are still "negotiating with Plaintiffs over the scope of [document] collection."

[4]      In conferring on this issue, Defendants had proposed a deadline of February 29, but are willing to extend to March 6, which is the Wednesday before spring break begins for schools in Houston and other Texas locations where witnesses or counsel may reside. It is in all parties' interests to complete fact depositions before those additional scheduling conflicts arise.

Hon. Andrew M. Edison                                          October 19, 2023
U.S. District Court for the Southern District of Texas
**Re:**   *In re Apache Corp. Sec. Litig.*, **Case No. 4:21-cv-00575 (S.D. Tex.)**

*/s/ Thomas R. Ajamie*
**AJAMIE LLP**
Thomas R. Ajamie, Attorney-in-Charge
Texas Bar No. 00952400
S.D. Tex. No. 6165
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

*Liaison Counsel for Lead Plaintiffs*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Gregory M. Castaldo (admitted *pro hac vice*)
Johnston de F. Whitman, Jr. (admitted *pro hac vice*)
Joshua E. D'Ancona (admitted *pro hac vice*)
Richard A. Russo Jr. (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Austin W. Manning (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
jwhitman@ktmc.com
jdancona@ktmc.com
rrusso@ktmc.com
ehoey@ktmc.com
amanning@ktmc.com

**SAXENA WHITE P.A.**
David R. Kaplan (admitted *pro hac vice*)
Wolfram T. Worms (admitted *pro hac vice*)
505 Lomas Santa Fe Dr., Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

*/s/ Amy Pharr Hefley*
**BAKER BOTTS L.L.P.**
David D. Sterling
Attorney-In-Charge
Texas Bar No. 19170000
Federal I.D. No. 07079
Amy Pharr Hefley
State Bar No. 24046046
Anthony J. Lucisano
State Bar No. 24102118
Frank Mace
State Bar No. 24110609
Sarah Coble
State Bar No. 24078351
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-1946
Facsimile: (713) 229-7946
david.sterling@bakerbotts.com
amy.hefley@bakerbotts.com
anthony.lucisano@bakerbotts.com
frank.mace@bakerbotts.com

John B. Lawrence
Texas Bar No. 24055825
S.D. Tex. No. 3124414
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6873
Facsimile: (214) 661-4873
john.lawrence@bakerbotts.com

*Counsel Attorneys for Defendants Apache Corporation, John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney*

Hon. Andrew M. Edison                                                                                                                October 19, 2023  
U.S. District Court for the Southern District of Texas  
**Re:**   *In re Apache Corp. Sec. Litig.*, **Case No. 4:21-cv-00575 (S.D. Tex.)**

    dkaplan@saxenawhite.com  
    wworms@saxenawhite.com  

    -and-  

    Steven B. Singer (*pro hac vice* forthcoming)  
    Joshua H. Saltzman (admitted *pro hac vice*)  
    Sara DiLeo (admitted *pro hac vice*)  
    10 Bank Street, 8th Floor  
    White Plains, NY 10606  
    Telephone: (914) 437-8551  
    Facsimile: (888) 631-3611  
    ssinger@saxenawhite.com  
    jsaltzman@saxenawhite.com  
    sdileo@saxenawhite.com  

    -and-  

    Maya Saxena (*pro hac vice* forthcoming)  
    Joseph E. White, III (*pro hac vice* forthcoming)  
    Lester R. Hooker (*pro hac vice* forthcoming)  
    7777 Glades Road, Suite 300  
    Boca Raton, FL 33434  
    Telephone: (561) 394-3399  
    Facsimile: (561) 394-3382  
    msaxena@saxenawhite.com  
    jwhite@saxenawhite.com  
    lhooker@saxenawhite.com  

    *Co- Lead Counsel for Lead Plaintiffs*