United States District Court
Southern District of Texas
**ENTERED**
December 01, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  | § |  |
|---|---|---|
| IN RE APACHE CORP. | § | |
| SECURITIES LITIGATION | § | CIVIL ACTION NO. 4:21-cv-00575 |
|  | § | |
|  | § | |

# ORDER

Lead Plaintiffs have filed a Motion to Provisionally File Under Seal the December 6, 2023 Evidentiary Hearing Direct Testimony of Zachary Nye, Ph.D. and Exhibits 8, 25, and 26 Thereto (the "Designated Material"). Dkt. 144. Plaintiffs "take no position . . . on the confidentiality of the Designated Material," having filed the motion solely because Defendants designated the material "Confidential." *Id.* at 1. Plaintiffs assert, in conclusory fashion, that "it was not 'reasonably practicable' . . . to meet and confer with Apache's counsel to determine whether Apache would withdraw its confidentiality designations for the Designated Material." *Id.* at 2.

The Fifth Circuit has made clear that "[t]he public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). "The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). "The right to public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* (quotation omitted). As a result, the law "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). Indeed, district courts have been instructed to be "ungenerous with their discretion to seal judicial records." *Le*, 990 F.3d at 418.

To be sure, there are limited circumstances in which it is appropriate to seal certain information, such as with privileged information. But that is, without a doubt, the exception rather than the rule. "Excessive secrecy—***particularly displacing the high bar for sealing orders with the low bar for protective orders***—undercuts the public's right of access and thus undermines the public's faith in our justice system." *Le*, 990 F.3d at 421 (emphasis added). To decide whether something should be sealed, a district court must undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419 (quotation omitted). To be clear, I will "flatly reject any efforts by counsel to keep documents from the public by simply labeling the documents as 'confidential.'" *Kozlowski v. Buck*, No. 3:20-cv-00365, 2021 WL 4973710, at *1 (S.D. Tex. Oct. 25, 2021).

The parties are **ORDERED** to meet and confer on whether the Designated Material is truly subject to sealing under the relevant standard set forth by the Fifth Circuit in *Le*. If Defendants are willing to withdraw the designations, then Lead Plaintiffs should inform the Court. <u>If, however, Defendants truly believe the Designated Material should be sealed, then *Defendants* must file a motion to seal undertaking the analysis required by the Fifth Circuit by Friday, December 8, 2023</u>. Even if I permit sealing, sealing will be limited to redacting only those portions of the documents that are so sensitive that they outweigh the public's common law right of access. <u>Accordingly, the motion to seal must be accompanied by redacted exhibits</u>.

SIGNED this 1st day of December 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE