UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 |
| | District Judge George C. Hanks, Jr. |
| | Magistrate Judge Andrew M. Edison |
| | CLASS ACTION |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (the "Action");

WHEREAS, by Order dated October 6, 2021, this Court appointed Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund as Lead Plaintiffs and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Saxena White P.A. ("Saxena White") as Lead Counsel (Dkt. 45);

WHEREAS, on December 17, 2021, Lead Plaintiffs filed their Consolidated Class Action Complaint for Violations of the Federal Securities Laws (Dkt. 65);

WHEREAS, Lead Plaintiffs, on behalf of themselves and the Settlement Class (defined below), and Apache Corp. and its successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol APA ("Apache"), John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney (together, "Defendants" and, together with Lead Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in the Action on the terms and conditions set forth in the

Stipulation and Agreement of Settlement dated May 7, 2024 ("Stipulation") subject to approval of this Court ("Settlement");

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as they have in the Stipulation;

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and directing notice of the Settlement to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to retain the Claims Administrator to provide notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Certification for Settlement Purposes** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement, the Court finds that it will likely be able to certify a settlement class consisting of all persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive, and were damaged thereby ("Settlement Class").  Excluded from the Settlement Class are Defendants, the officers and directors of Apache, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability

insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

2.     **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, and solely for purposes of effectuating the proposed Settlement of the Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Lead Plaintiffs' claims in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel Kessler Topaz and Saxena White as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing (defined below) to be conducted as described below.

5.      **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing ("Settlement Hearing") on _____ __, 2024 at __:__ __.m. in Room 6202 of the Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, Room 6202, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the

Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class.  If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement website for any change(s) in the date, time, or format of the hearing.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd.'s Class Action Administration Company ("Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)      not later than five (5) business days after the Court's entry of this Order, Defendants shall provide to the Claims Administrator in electronic format (such as Excel), at no cost to the Settlement Fund, Lead Plaintiffs, the Settlement Class, Plaintiffs' Counsel or the Claims Administrator, list(s) consisting of names, addresses, and e-mail addresses (if available) of purchasers of record of Apache common stock during the Class Period;

(b)      not later than twenty (20) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause the Postcard Notice,

substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Defendants, or who otherwise may be identified through further reasonable effort and shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 4, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on the Settlement website, www.ApacheSecuritiesSettlement.com.   In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

8.     **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution

of the Postcard Notice and Notice Packet, the posting of the Notice and Claim Form on the Settlement website, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted, and published, respectively.

9. **Nominee Procedures** – Brokers and other Nominees who purchased or otherwise acquired Apache common stock during the Class Period for the benefit of another person or entity shall either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those

Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, e-mail addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such Nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed: $0.05 per mailing record provided to the Claims Administrator; $0.10 per Postcard Notice actually mailed, plus postage at the rate used by the Claims Administrator; and $0.05 per Postcard Notice sent via email.  Properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA's notice requirements.

11.   **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form, attached hereto as Exhibit 4, in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or received via online submittal no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement and shall (subject to effectuation of the Settlement) release all Released Plaintiffs' Claims as against the Defendant Releasees as provided in the Stipulation.

12.   Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of

Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendant Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, a late Claim may be accepted for processing as set forth in paragraph 11 above.

14.     **Exclusion From the Settlement Class** – Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons or entities request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed

or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Apache Corp. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217; and (b) each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.)"; (iii) state the number of shares of Apache common stock that the person or entity requesting exclusion (A) held as of the opening of trading on September 7, 2016, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.  Lead Counsel are authorized to request from any person or entity requesting exclusion documentation sufficient to prove the information called for above.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed

Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

|  **Lead Counsel**  |  **Defendants' Counsel**  |
|---|---|
| Kessler Topaz Meltzer & Check, LLP | Baker Botts L.L.P. |
| Joshua E. D'Ancona, Esq. | Amy Pharr Hefley, Esq. |
| 280 King of Prussia Road | 910 Louisiana Street |
| Radnor, PA 19087 | Houston, TX 77002 |

Saxena White P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075

19.    Any objections, filings, and other submissions by the objecting Settlement Class Member must include: (1) the name of this proceeding, *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.); (2) the objector's full name, current

address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Apache common stock that the objecting Settlement Class Member (A) held as of the opening of trading on September 7, 2016, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

20.    Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 18 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendant Releasees.

23.     **Notice and Administration Costs** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

24.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be

deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on March 15, 2024, as provided in the Stipulation.

27. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken

pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28.     **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of final approval of the Settlement, Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable George C. Hanks, Jr.
United States District Judge

# EXHIBIT 1

EXHIBIT 1

***THIS POSTCARD NOTICE PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT WWW.APACHESECURITIESSETTLEMENT.COM FOR MORE INFORMATION.***

The parties in the securities class action captioned *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.) ("Action") have reached a proposed settlement ("Settlement") of the claims asserted in the Action against Apache Corp. and its successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol APA ("Apache"), John J. Christmann IV, Timothy J. Sullivan, and Steven J. Riney (collectively, "Defendants"). If approved, the Settlement will resolve the Action in which Court-appointed Lead Plaintiffs Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund ("Lead Plaintiffs") alleged that Defendants issued materially false and misleading statements during the Class Period (defined below) about a purported large oil-and-gas resource play in the Permian Basin in Texas called Alpine High. Lead Plaintiffs further alleged that the price of Apache's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when alleged corrective disclosures were made. Defendants deny any liability or wrongdoing. You received this notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class: All persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), and were damaged thereby.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $65,000,000 in cash, which, after deducting Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class members who submit valid claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Notice ("Notice") available at www. ApacheSecuritiesSettlement.com ("Settlement Website"). If you are Settlement Class member,** your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Apache common stock during the Class Period. If all Settlement Class members elect to participate in the Settlement, the estimated average recovery will be $0.36 per eligible share of Apache common stock, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan ordered by the Court.

To qualify for a payment from the Settlement, you must submit a valid Claim. The Claim Form can be found and submitted on the Settlement Website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by _____, 2024.** If you do not want to be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Settlement Class by _____, 2024. If you exclude yourself from the Settlement Class, you may be able to sue Defendants about certain of the claims resolved in the Action, but you cannot receive money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by _____, 2024. The Notice provides instructions on how to submit a Claim, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on _____, 2024 at __:__ .m., to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus expenses of no more than $_____ (which equals a cost of approximately $0.13 per eligible share of Apache common stock). You may attend the hearing and ask to be heard, but you do not have to. The Court may change the date and/or time of the hearing. Please check the Settlement Website for updates. **For more information, call 1-877-311-3740, send an email to info@ApacheSecuritiesSettlement.com, or visit the Settlement Website.**

EXHIBIT 1

*Apache Corp. Securities Litigation*
c/o A.B. Data Ltd.
P.O. Box 173035
Milwaukee, WI 53217

### *COURT-ORDERED LEGAL NOTICE*

*In re Apache Corp. Securities Litigation*
Case No. 4:21-cv-00575 (S.D. Tex.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Postcard Notice carefully.**

**For more information, please visit www.ApacheSecuritiesSettlement.com, call toll free 1-877-311-3740, or send an email to info@ApacheSecuritiesSettlement.com.**

[ADD QR CODE LINKING
TO WEBSITE HERE]

# EXHIBIT 2

**EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 |
|  | District Judge George C. Hanks, Jr. |
|  | Magistrate Judge Andrew M. Edison |
|  | CLASS ACTION |

### NOTICE OF: (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*__A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.__*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if, from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), you purchased or otherwise acquired Apache Corp. common stock, and were damaged thereby ("Settlement Class").[1]

**NOTICE OF PROPOSED SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund (together, "Lead Plaintiffs") have reached a proposed settlement of the Action for $65,000,000 in cash ("Settlement") with defendants Apache Corp. and its successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol APA ("Apache"),[2] John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney (collectively, "Defendants"). If approved by the Court, the Settlement will resolve the Action, including Lead Plaintiffs' claims that Defendants violated the federal securities laws by issuing materially false and misleading statements during the Class Period concerning Apache's oil and gas play in Texas, referred to as Alpine High. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-15 and ¶¶ 25-31 herein.

---

[1]     All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement dated May 7, 2024 ("Stipulation"). The Stipulation can be viewed at www.ApacheSecuritiesSettlement.com.

[2]     The relevant CUSIPs are 037411105 (prior to March 2, 2021) and 03743Q108 (March 2, 2021 and after).

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Lead Counsel (*see* ¶ 61 below).**

**Additional information about the Settlement is available on the website for the Action, <u>www.ApacheSecuritiesSettlement.com</u>.**

- **<u>Statement of the Settlement Class's Recovery</u>:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $65,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

- **<u>Estimate of Average Amount of Recovery Per Share</u>:** Lead Plaintiffs' damages expert estimates that approximately 182,893,855 shares of Apache common stock during the Class Period may have been affected by the alleged conduct at issue in the Action and are eligible to participate in the Settlement. If all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before deduction of any Court-approved fees, expenses, and costs as described herein) will be $0.36 per eligible share of Apache common stock. **Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially eligible shares.** Some Settlement Class Members may recover more or less than this estimated amount depending on: (i) when and the price at which they purchased/acquired/sold their Apache common stock; (ii) the total number and value of valid Claims submitted; (iii) the amount of Notice and Administration Costs; and (iv) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan ordered by the Court.

- **<u>Statement of Potential Outcome of the Case</u>:** The Parties do not agree on whether Lead Plaintiffs would have prevailed on their claims against Defendants. Nor do they agree

on whether and to what extent the Settlement Class suffered any damages, including the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Lead Plaintiffs agreed to the Settlement because they believe that the Settlement confers substantial benefits upon the Settlement Class. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

- **<u>Attorneys' Fees and Expenses Sought</u>:** Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP and Saxena White P.A., have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for their representation of the Settlement Class. For their efforts, Lead Counsel, on behalf of Plaintiffs' Counsel (including Court-appointed Liaison Counsel), will apply to the Court for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. Lead Counsel will also apply for payment of Plaintiffs' Counsel's Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $1.9 million, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4). Any fees and expenses awarded to Plaintiffs' Counsel will be paid from the Settlement Fund along with any interest earned at the same rate as earned by the Settlement Class on the Settlement Fund. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be approximately $0.13 per eligible share of Apache common stock. **Please note that this is only an estimate**.

- **<u>Identification of Attorneys' Representatives</u>:** Lead Plaintiffs and the Settlement Class are represented by Joshua E. D'Ancona, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com and David R. Kaplan, Esq. of Saxena White P.A., 505 Lomas Santa Fe Drive, Suite 180, Solana Beach, CA 92075, 1-858-997-0860, www.saxenawhite.com. Other representatives from Lead Counsel are listed in ¶ 61 below. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217; 1-877-311-3740; info@ApacheSecuritiesSettlement.com; or by visiting the website for the Action, www.ApacheSecuritiesSettlement.com.

- **<u>Reasons for the Settlement</u>:** Lead Plaintiffs' principal reason for entering into the Settlement is the guaranteed cash benefit for the Settlement Class without the substantial

3

risks, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after further litigation, including a decision by the Court on Lead Plaintiffs' motion for class certification, the completion of discovery (including expert discovery), summary judgment motions, a trial of the Action, and the likely appeals that would follow a trial. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2024.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 26 below) that you have against Defendants and the other Defendant Releasees (defined in ¶ 27 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2024.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendant Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may object by writing to the Court (as described in ¶¶ 52-58 below). In order to object, you must be a member of the Settlement Class. |
| **GO TO A HEARING ON _____ __, 2024 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2024.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |

| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2024 at __:___ .m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing in person or by telephone or video conference. If you plan to attend the Settlement Hearing, you should check the website www.ApacheSecuritiesSettlement.com or with Lead Counsel to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
|---|

What Is The Purpose Of This Notice?                                          Page __
What Is This Case About?                                                     Page __
Why Is This Case A Class Action?                                            Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                  Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                       Page __
What Might Happen If There Were No Settlement?                              Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                       Page __
How Do I Participate In The Settlement? What Do I Need To Do?               Page __
How Much Will My Payment Be?                                                Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                             Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                  Page __
When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing? May I Speak
   At The Hearing If I Don't Like The Settlement?            Page __
What If I Bought Shares On Someone Else's Behalf?                           Page __
Can I See The Court File? Whom Should I Contact If I Have
   Questions?                                                Page __
Proposed Plan Of Allocation Of Net Settlement Fund Among
   Authorized Claimants                                      Appendix A

## WHAT IS THE PURPOSE OF THIS NOTICE?

1.     The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.     This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.     This is a securities class action against Defendants for alleged violations of the federal securities laws. Among other things, Lead Plaintiffs alleged that, during the Class Period, Defendants issued materially false and misleading statements concerning Apache related to an oil-and-gas resource play in the Permian Basin in Texas called Alpine High. Lead Plaintiffs further alleged that the price of Apache common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when alleged corrective disclosures revealing the relevant truth were made. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Settlement Class.

5.     This Action was commenced on February 23, 2021, with the filing of the initial complaint in the Court, styled *Plymouth County Retirement System v. Apache Corporation, et al.*, Case No. 4:21-cv-00575, asserting violations of the federal securities laws against Apache and certain of its executive officers. A related complaint, styled *Brian Schwegel v. Apache Corporation, et al.*, Case No. 4:21-cv-00722, was filed in the Court on March 4, 2021.

6.     On October 6, 2021, the Court: (i) appointed Plymouth County Retirement System and the Trustees of the Teamsters Union No. 142 Pension Fund as lead plaintiffs in the Action; (ii) approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check,

LLP and Saxena White P.A. as co-Lead Counsel for the class and Ajamie LLP as Liaison Counsel for the class; and (iii) consolidated the two related cases filed in the Court under the caption *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575.

7.      On December 17, 2021, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), asserting claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, against all Defendants, and claims under Section 20(a) of the Exchange Act against individual Defendants John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney. On February 15, 2022, Defendants moved to dismiss the Complaint. On April 22, 2022, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss.

8.      On September 15, 2022, United States Magistrate Judge Andrew M. Edison issued a Memorandum and Recommendation, recommending that Defendants' motion to dismiss be denied. On November 29, 2022, the Court, by its Order Adopting Magistrate Judge's Memorandum and Recommendation, accepted Magistrate Judge Edison's recommendation, adopted the recommendation as the opinion of the Court, and denied Defendants' motion to dismiss in its entirety.

9.      On January 10, 2023, Defendants answered the Complaint.

10.      Thereafter, discovery in the Action commenced. Lead Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on Defendants, exchanged letters and email correspondence with Defendants concerning discovery issues, and served document subpoenas on more than 25 non-parties. Defendants and non-parties produced a total of more than one million pages of documents to Lead Plaintiffs, and Lead Plaintiffs produced documents to Defendants in response to their discovery requests. Depositions of Lead Plaintiffs' corporate representatives, as well as the Parties' expert witnesses, were taken in connection with Lead Plaintiffs' motion for class certification, and the Court held an evidentiary hearing on the motion for class certification, which included direct testimony and cross examination of the Parties' class certification expert witnesses (described below). Lead Plaintiffs also took 16 fact witness depositions, with eight additional fact witness depositions slated to be taken at the time of settlement. Lead Plaintiffs and Defendants also litigated two separate discovery disputes and a scheduling dispute before Magistrate Judge Edison.

11.      On April 7, 2023, Lead Plaintiffs moved for class certification. Lead Plaintiffs' motion was accompanied by a report from their economic expert on market efficiency and a proposed common damages methodology. On June 16, 2023, Defendants filed their opposition to Lead Plaintiffs' class certification motion, along with a report from Defendants' economic expert. On August 11, 2023, Lead Plaintiffs filed their reply in further support of their motion for class certification, along with a reply report from their

economic expert. Briefing on Lead Plaintiffs' motion for class certification was completed on September 8, 2023, when Defendants filed their sur-reply in further opposition to the motion for class certification, along with a sur-reply report from Defendants' economic expert. The Court, Magistrate Judge Edison presiding, held a hearing on the motion on December 6, 2023.

12.     On February 9, 2024, Magistrate Judge Edison issued a Memorandum and Recommendation, granting in part and denying in part Lead Plaintiffs' class certification motion. Lead Plaintiffs filed objections to Magistrate Judge Edison's Memorandum and Recommendation on February 23, 2024. Defendants filed their responses to Lead Plaintiffs' objections on March 8, 2024.

13.     While discovery and class certification proceedings were ongoing, the Parties agreed to participate in a private mediation before Jed Melnick, Esq. of JAMS. In advance of the mediation, the Parties exchanged detailed mediation statements. A mediation session with Mr. Melnick was held on January 10, 2024. At the mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Mr. Melnick, but the case did not resolve. Following the mediation, the Parties continued their negotiations with the assistance of Mr. Melnick, and after extensive further communications, they reached an agreement to resolve the Action in principle on March 7, 2024. The Parties notified the Court regarding their agreement in principle the following day.

14.     On March 15, 2024, the Parties executed a Term Sheet setting forth their agreement in principle to settle the Action in return for Defendants' payment of $65,000,000.00 in cash for the benefit of the Settlement Class, subject to certain terms and conditions to be included in a "final settlement agreement." After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on May 7, 2024. The Stipulation, which sets forth the full terms and conditions of the Settlement, can be viewed at www.ApacheSecuritiesSettlement.com.

15.     On _____ __, 2024, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

16.     In a class action, one or more persons or entities (in this case, Lead Plaintiffs) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too

small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

17.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

**All persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are Defendants, the officers and directors of Apache, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.ApacheSecuritiesSettlement.com, no later than _____ __, 2024.**

## WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?

18.    The Settlement is the result of three years of hard-fought litigation and good-faith, arm's-length negotiations by the Parties. Lead Plaintiffs and Lead Counsel believe that their claims against Defendants have merit; however, they also recognize the expense and length of continued proceedings necessary to pursue their claims, including a decision on class certification, the completion of merits discovery, complex expert discovery, summary judgment, trial, and appeals, as well as the challenges Lead Plaintiffs would face in establishing liability and the Settlement Class's full amount of damages. Indeed, at the time of settlement, Lead Plaintiffs were awaiting a decision by the Court on class certification. Specifically, Magistrate Judge Edison's Memorandum and Recommendation,

granting in part and denying in part Lead Plaintiffs' motion for class certification, was pending before the Court (along with Lead Plaintiffs' objections thereto and Defendants' responses to those objections) at the time of settlement. The Court's adoption of Magistrate Judge Edison's Memorandum and Recommendation would have eliminated certain of the alleged corrective disclosures from the Action, substantially shortened the Class Period, and substantially decreased the Settlement Class's recoverable damages.

19.     In light of these risks, the amount of the Settlement, and the certain, near-term recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $65,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after continued and costly litigation, possibly years in the future.

20.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

21.     If there were no Settlement and Lead Plaintiffs failed to establish any essential element of their claims against Defendants at trial, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

22.     As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

23.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the

instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page [___].

24.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [___].

25.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 26 below) against Defendants and the other Defendant Releasees (as defined in ¶ 27 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendant Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

26.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that relate to the purchase or other acquisition of Apache common stock during the Class Period. Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the settlement; (ii) any claims asserted in any ERISA or shareholder derivative action, or any cases consolidated into those actions; or (iii) any claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

27.     "Defendant Releasees" means Defendants, Defendants' respective former, present, or future parent companies, controlling shareholders, subsidiaries, business units, divisions, and affiliates and each and all of their respective present and former employees,

members, managers, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

28.     "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

29.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 30 below) against Lead Plaintiffs and the other Plaintiff Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal,

state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether asserted in the Action or could have been asserted in any court or forum, that arise out of or relate in any way to the institution, prosecution, or settlement of this Action. Released Defendants' Claims do not include (i) any claims relating to the enforcement of the Settlement, or (ii) any claims against any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

31.    "Plaintiff Releasees" means Lead Plaintiffs, all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

32.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.ApacheSecuritiesSettlement.com, no later than _____ __, 2024***. You can obtain a copy of the Claim Form on the website, www.ApacheSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-311-3740, or by emailing the Claims Administrator at info@ApacheSecuritiesSettlement.com. **Please retain all records of your ownership of and transactions in Apache common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

33.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

34.    Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $65,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and

Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claims, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

35.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

36.     Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendant Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

37.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim postmarked or received on or before _____ __, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

38.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by the Employee Retirement Income Security Act of 1974 ("Employee Plan") should NOT include any information relating to Apache common stock purchased/acquired/sold through an Employee Plan in any Claim they submit in this Action. They should include ONLY Apache common stock purchased/acquired/sold during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions/sales of Apache common stock during the Class Period may be made by the Employee Plan(s)' trustees.

39.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

40.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

41.     Only Settlement Class Members, *i.e.*, persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive, and were damaged as a result of such purchases, acquisitions, and/or sales, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities

14

that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

42. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

43. Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $1.9 million, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4).

44. Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2024. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.ApacheSecuritiesSettlement.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

45. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *Apache Corp. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be ***received*** **no later than _____ __, 2024**. You will

not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.)"; (iii) state the number of shares of Apache common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on September 7, 2016 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from September 7, 2016, through March 13, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

46.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendant Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting certain (or all) of the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendant Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

47.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

48.     Defendants shall have the right to terminate the Settlement in the event that a certain threshold of Settlement Class Members timely and validly request exclusion from the Settlement Class, in accordance with the terms and conditions set forth in the Parties' confidential agreement.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

49.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

50.    **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you check the Court's docket and the website, www.ApacheSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.ApacheSecuritiesSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.ApacheSecuritiesSettlement.com.**

51.    The Settlement Hearing will be held on _____ __, 2024 at __:__ _.m, before the Honorable George C. Hanks, Jr., United States District Judge for the Southern District of Texas, either in person in Room 6202 of the Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

52.    Any Settlement Class Member may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below ***on or before _____, 2024***.

| <u>**Clerk's Office**</u> | <u>**Lead Counsel**</u> | <u>**Defendants' Counsel**</u> |
|:---:|:---:|:---:|
| U.S. District Court Southern District of Texas Bob Casey United States Courthouse 515 Rusk Avenue, Houston, TX 77002 | Jonathan E. D'Ancona, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | Amy Pharr Hefley, Esq. Baker Botts L.L.P. 910 Louisiana Street Houston, TX 77002 |
| | David R. Kaplan, Esq. Saxena White P.A. | |

505 Lomas Santa Fe Drive
Suite 180
Solana Beach, CA 92075

53.     Any objection, filings, and other submissions by the objecting Settlement Class Member must include: (1) the name of this proceeding, *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.); (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Apache common stock that the objecting Settlement Class Member (A) held as of the opening of trading on September 7, 2016, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement.

54.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class.**

55.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

56.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 52 above so that it is ***received*** **on or before _____ __, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

57.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 52 above so that the notice is *received* **on or before _____ \_\_, 2024**.

58.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

59.     If you purchased or otherwise acquired shares of Apache common stock from September 7, 2016, through March 13, 2020, inclusive, for the beneficial interest of persons or entities other than yourself, you must either: (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and e-mail addresses, if available, of all such beneficial owners to *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners you have identified on your list. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these directions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed: $0.05 per mailing record provided to the Claims Administrator; $0.10 per unit for each Postcard Notice actually mailed, plus postage at the rate used by the Claims Administrator; and $0.05 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

60.     Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.ApacheSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-877-311-3740, or by emailing the Claims Administrator at info@ApacheSecuritiesSettlement.com.

| CAN I SEE THE COURT FILE? |
| WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |

61.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.ApacheSecuritiesSettlement.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.txsd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.ApacheSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Apache Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217

1-877-311-3740

info@ApacheSecuritiesSettlement.com
www.ApacheSecuritiesSettlement.com

and/or

Kessler Topaz Meltzer & Check, LLP
Gregory M. Castaldo, Esq.
Johnston de F. Whitman, Jr., Esq.
Joshua E. D'Ancona, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

info@ktmc.com

Saxena White P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA
1-858-997-0860

settlements@saxenawhite.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

20

Dated: _____, 2024

By Order of the Court
United States District Court
Southern District of Texas

**APPENDIX A**

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG AUTHORIZED CLAIMANTS**

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.ApacheSecuritiesSettlement.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, dated December 17, 2021. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of Apache common stock that allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Apache common stock in reaction to certain public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market and/or industry forces. The estimated alleged artificial inflation in the price of Apache common stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, Apache common stock must have been purchased or otherwise acquired during the Class Period (*i.e.*, the period from September 7, 2016, through March 13, 2020, inclusive) and **held through at least one** of the dates when the disclosure

of alleged corrective information partially removed the alleged artificial inflation from the price of Apache common stock. Lead Plaintiffs allege that artificial inflation was removed from the price of Apache common stock on the following nine dates: October 10, 2017; February 22, 2018; April 23, 2019; April 24, 2019; April 25, 2019; April 26, 2019; October 25, 2019; March 16, 2020; and March 17, 2020 (collectively, "Corrective Disclosure Impact Dates").[3]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Apache common stock will first be matched on a "First In, First Out" ("FIFO") basis as set forth in ¶ 7 below.

2.      A "Recognized Loss Amount" will be calculated as set forth below for each share of Apache common stock purchased or otherwise acquired from September 7, 2016, through March 13, 2020, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to $0. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.      In the calculations below, all purchase, acquisition, and sale prices shall exclude any fees, taxes and commissions. Any transactions in Apache common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

4.      For each share of Apache common stock purchased or otherwise acquired from September 7, 2016, through March 13, 2020, inclusive, and sold on or before June 11, 2020,[4] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the

---

[3]      The Class Period ends on Friday, March 13, 2020. The last disclosure of alleged corrective information occurred prior to market open on Monday, March 16, 2020. Lead Plaintiffs allege that the disclosures on March 16, 2020, caused a decline in the price of Apache common stock over two trading days – *i.e.*, March 16, 2020 and March 17, 2020.

[4]      Thursday, June 11, 2020, represents the last day of the 90-day period beginning on Monday, March 16, 2020, which is the first trading date after the end of the Class Period (the "90-Day Look-Back Period"). The Private Securities Litigation Reform Act of 1995 imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Apache common stock and the average price of Apache common stock during the 90-Day Look-Back Period, if the share was held through June 11, 2020, the end of this period. A

per-share purchase/acquisition price *minus* the per-share sale price. As set forth below, the Recognized Loss Amount shall not exceed the Out of Pocket Loss for such shares.

5.      A Claimant's Recognized Loss Amount per share of Apache common stock purchased or otherwise acquired during the Class Period will be calculated as follows:

A.      For each share of Apache common stock purchased or otherwise acquired during the Class Period and sold prior to Tuesday, October 10, 2017 (*i.e.*, the earliest Corrective Disclosure Impact Date), the Recognized Loss Amount is $0.

B.      For each share of Apache common stock purchased or otherwise acquired during the Class Period and subsequently sold from Tuesday, October 10, 2017, through Friday, March 13, 2020, inclusive, the Recognized Loss Amount shall be ***the lesser of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below ***minus*** the amount of artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   ii.     the Out of Pocket Loss.

C.      For each share of Apache common stock purchased or otherwise acquired during the Class Period and subsequently sold from Monday, March 16, 2020, through Thursday, June 11, 2020, inclusive, (*i.e.*, sold during the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;[5]

---

Settlement Class Member's Recognized Loss Amount on Apache common stock sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for Apache common stock and the average price of Apache common stock during the portion of the 90-Day Look-Back Period elapsed as of the date of sale (the "90-Day Look-Back Value"), as set forth in **Table 2** below.

[5]      For Apache common stock sold on March 16. 2020, the Recognized Loss Amount shall be the amount of artificial inflation applicable to such share on the date of purchase/ acquisition minus the amount of artificial inflation on March 16, 2020, which is $0.69.

ii.     the actual purchase/acquisition price per share *minus* the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

iii.     the Out of Pocket Loss.

D.     For each share of Apache common stock purchased or otherwise acquired during the Class Period and held as of the close of trading on Thursday, June 11, 2020, the Recognized Loss Amount shall be *the lesser of*:

i.     the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as stated in **Table 1** below; or

ii.     the actual purchase/acquisition price *minus* **$9.64** (*i.e.*, the average closing price of Apache common stock during the 90-Day Look-Back Period, as shown on the last line of **Table 2** below).

## ADDITIONAL PROVISIONS

6.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined in ¶ 11 below) is $10.00 or greater.

7.     **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Apache common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of Apache common stock at the beginning of the Class Period, and then against purchases/acquisitions of Apache common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8.     **Purchase/Acquisition and Sale Dates:** Purchases/acquisitions and sales of Apache common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Apache common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of these shares of Apache common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Apache common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of Apache common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Apache common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Apache common stock. The date of a "short sale" is deemed

to be the date of sale of the Apache common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is $0.00. In the event that a Claimant has a short position in Apache common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

10.     **Common Stock Purchased/Sold Through the Exercise of Options:** Apache common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Apache common stock are not securities eligible to participate in the Settlement. With respect to Apache common stock purchased or sold through the exercise of an option, the purchase/sale date of the Apache common stock shall be the exercise date of the option and the purchase/sale price shall be the closing price of Apache common stock on the date of the exercise of the option. Any Recognized Loss Amount arising from purchases of Apache common stock acquired during the Class Period through the exercise of an option on Apache common stock[6] shall be computed as provided for other purchases of Apache common stock in the Plan of Allocation.

11.     **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.     **Re-Distributions:** After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, no less than nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement,

---

[6]     This includes (1) purchases of Apache common stock as the result of the exercise of a call option, and (2) purchases of Apache common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

13.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiff's Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or other plan of allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

| TABLE 1 Estimated Alleged Artificial Inflation in Apache Common Stock | | |
|---|---|---|
| **From** | **To** | **Inflation Per Share** |
| Wednesday, September 07, 2016 | Monday, October 09, 2017 | $12.14 |
| Tuesday, October 10, 2017 | Wednesday, February 21, 2018 | $8.80 |
| Thursday, February 22, 2018 | Monday, April 22, 2019 | $5.79 |
| Tuesday, April 23, 2019 | Tuesday, April 23, 2019 | $5.25 |
| Wednesday, April 24, 2019 | Wednesday, April 24, 2019 | $4.51 |
| Thursday, April 25, 2019 | Thursday, April 25, 2019 | $3.56 |
| Friday, April 26, 2019 | Thursday, October 24, 2019 | $3.22 |
| Friday, October 25, 2019[7] | Friday, March 13, 2020 | $1.93 |
| Monday, March 16, 2020 | Monday, March 16, 2020 | $0.69 (sale inflation only) |
| Tuesday, March 17, 2020 | Thereafter | $0.00 |

---

[7]     The alleged corrective disclosure on October 25, 2019, occurred after market open, at approximately 9:44 AM. For this reason, transactions in Apache common stock on October 25, 2019, at a price of $22.98 per share or greater, will be treated as a transaction that occurred *prior* to the alleged corrective disclosure that day, at inflation per share of $3.22.

| TABLE 2 | |
|---|---|
| **Apache Common Stock 90-Day Look-Back Value by Sale/Disposition Date** | |
| **Sale Date** | **90-Day Look-Back Value** |
| Monday, March 16, 2020 | $5.46 |
| Tuesday, March 17, 2020 | $4.96 |
| Wednesday, March 18, 2020 | $4.79 |
| Thursday, March 19, 2020 | $4.83 |
| Friday, March 20, 2020 | $4.83 |
| Monday, March 23, 2020 | $4.74 |
| Tuesday, March 24, 2020 | $4.86 |
| Wednesday, March 25, 2020 | $4.99 |
| Thursday, March 26, 2020 | $5.08 |
| Friday, March 27, 2020 | $5.05 |
| Monday, March 30, 2020 | $4.97 |
| Tuesday, March 31, 2020 | $4.90 |
| Wednesday, April 01, 2020 | $4.83 |
| Thursday, April 02, 2020 | $4.82 |
| Friday, April 03, 2020 | $4.86 |
| Monday, April 06, 2020 | $4.92 |
| Tuesday, April 07, 2020 | $5.02 |
| Wednesday, April 08, 2020 | $5.16 |
| Thursday, April 09, 2020 | $5.32 |
| Monday, April 13, 2020 | $5.47 |
| Tuesday, April 14, 2020 | $5.60 |
| Wednesday, April 15, 2020 | $5.70 |
| Thursday, April 16, 2020 | $5.78 |
| Friday, April 17, 2020 | $5.89 |
| Monday, April 20, 2020 | $6.00 |
| Tuesday, April 21, 2020 | $6.10 |
| Wednesday, April 22, 2020 | $6.22 |

| | |
|---|---|
| Thursday, April 23, 2020 | $6.37 |
| Friday, April 24, 2020 | $6.52 |
| Monday, April 27, 2020 | $6.65 |
| Tuesday, April 28, 2020 | $6.78 |
| Wednesday, April 29, 2020 | $6.98 |
| Thursday, April 30, 2020 | $7.16 |
| Friday, May 01, 2020 | $7.29 |
| Monday, May 04, 2020 | $7.42 |
| Tuesday, May 05, 2020 | $7.54 |
| Wednesday, May 06, 2020 | $7.65 |
| Thursday, May 07, 2020 | $7.76 |
| Friday, May 08, 2020 | $7.88 |
| Monday, May 11, 2020 | $7.99 |
| Tuesday, May 12, 2020 | $8.08 |
| Wednesday, May 13, 2020 | $8.14 |
| Thursday, May 14, 2020 | $8.20 |
| Friday, May 15, 2020 | $8.25 |
| Monday, May 18, 2020 | $8.33 |
| Tuesday, May 19, 2020 | $8.40 |
| Wednesday, May 20, 2020 | $8.47 |
| Thursday, May 21, 2020 | $8.55 |
| Friday, May 22, 2020 | $8.62 |
| Tuesday, May 26, 2020 | $8.70 |
| Wednesday, May 27, 2020 | $8.78 |
| Thursday, May 28, 2020 | $8.84 |
| Friday, May 29, 2020 | $8.88 |
| Monday, June 01, 2020 | $8.93 |
| Tuesday, June 02, 2020 | $8.99 |
| Wednesday, June 03, 2020 | $9.05 |
| Thursday, June 04, 2020 | $9.12 |

| | |
|---|---|
| Friday, June 05, 2020 | $9.24 |
| Monday, June 08, 2020 | $9.38 |
| Tuesday, June 09, 2020 | $9.50 |
| Wednesday, June 10, 2020 | $9.59 |
| Thursday, June 11, 2020 | $9.64 |

# EXHIBIT 3

**EXHIBIT 3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 |
| | District Judge George C. Hanks, Jr. |
| | Magistrate Judge Andrew M. Edison |
| | <u>CLASS ACTION</u> |

**SUMMARY NOTICE OF: (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:    All persons or entities who purchased or otherwise acquired Apache Corp.
common stock from September 7, 2016, through March 13, 2020, inclusive
("Class Period"), and were damaged thereby ("Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY;
YOUR RIGHTS WILL BE AFFECTED BY A
CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of
Civil Procedure and an Order of the United States District Court for the Southern District
of Texas ("Court"), that the above-captioned action ("Action") has been provisionally
certified as a class action for purposes of settlement, except for certain persons and entities
who are excluded from the Settlement Class by definition as set forth in the Stipulation and
Agreement of Settlement dated May 7, 2024 ("Stipulation") and the detailed Notice of: (I)
Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and
(III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and
Notice can be viewed at www.ApacheSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Court-appointed Lead Plaintiffs
Plymouth County Retirement Association and the Trustees of the Teamsters Union
No. 142 Pension Fund (together, "Lead Plaintiffs"), and defendants Apache Corp. and its
successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol
APA ("Apache"), John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney
(collectively, "Defendants") have reached a proposed settlement of the Action on behalf of
the Settlement Class for $65,000,000 in cash ("Settlement"). If approved by the Court, the
Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on _____ __, **2024 at __:___ _.m.**, before the Honorable George C. Hanks, Jr., United States District Judge for the Southern District of Texas, either in person at the Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, Room 6202, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iii) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and payment of expenses in an amount not to exceed $1.9 million (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website www.ApacheSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, www.ApacheSecuritiesSettlement.com. You may also obtain a copy of the Notice and Claim Form by contacting the Claims Administrator by mail at *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217; by calling toll free 1-877-311-3740; or by sending an email to info@ApacheSecuritiesSettlement.com. Copies of the Notice and Claim Form can also be found on Lead Counsel's websites www.ktmc.com and www.saxenawhite.com.

If you are a Settlement Class member, in order to be eligible to receive a payment from the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online via www.ApacheSecuritiesSettlement.com, no later than* _____ __, *2024*, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than* _____ __, *2024*, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments, or orders entered by the Court in the Action and you will not receive any benefits from the Settlement. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against

Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received no later than _____ __, 2024***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Apache Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217
1-877-311-3740

info@ApacheSecuritiesSettlement.com
www.ApacheSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

| Kessler Topaz Meltzer & Check, LLP | Saxena White P.A. |
|---|---|
| Joshua E. D'Ancona, Esq. | David R. Kaplan, Esq. |
| 280 King of Prussia Road | 505 Lomas Santa Fe Drive, Suite 180 |
| Radnor, PA 19087 | Solana Beach, CA 92075 |
| 1-610-667-7706 | 1-858-997-0860 |
| info@ktmc.com | settlements@saxenawhite.com |

DATED: _____ __, 2024      BY ORDER OF THE COURT
United States District Court
Southern District of Texas

3

# EXHIBIT 4

EXHIBIT 4

***Apache Corp. Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173035**
**Milwaukee, WI 53217**

**Toll-Free Number:  1-877-311-3740**
**Email:  info@ApacheSecuritiesSettlement.com**
**Website:  www.ApacheSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund from the proposed Settlement of the action captioned *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.ApacheSecuritiesSettlement.com, **postmarked (or received) no later than _____, 2024**.

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.ApacheSecuritiesSettlement.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | — |
| **PART II – CLAIMANT IDENTIFICATION** | — |
| **PART III – SCHEDULE OF TRANSACTIONS IN APACHE CORP. ("APACHE") COMMON STOCK (NASDAQ TICKER SYMBOL: APA; CUSIP: 037411105 (prior to March 2, 2021 and 03743Q108 (March 2, 2021 and after)** | — |
| **PART IV - RELEASE OF CLAIMS AND SIGNATURE** | — |

## PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to the Settlement Class, defined as: **all persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), and were damaged thereby**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 17 of the Notice.

3.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of "Settlement Class" contained in ¶ 17 of the Notice), OR IF YOU SUBMIT A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Apache common stock. On this Schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Apache common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

6.      **Please note**: Only Apache common stock purchased/acquired during the Class Period (*i.e.*, from September 7, 2016, through March 13, 2020, inclusive) is eligible under the Settlement. However, because the PSLRA provides for a "90-day Look Back Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases, acquisitions and sales of Apache common stock during the period from March 16, 2020 through June 11, 2020 (*i.e.*, the 90-day Look Back Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your Claim. **Failure to report all transaction and holding**

**information during the requested time periods may result in the rejection of your Claim.**

7.  You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the Apache common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Apache common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.  **One Claim Form should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Apache common stock made on behalf of a single beneficial owner.

9.  All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Apache common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Apache common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

10.  Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)    expressly state the capacity in which they are acting;

    (b)    identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Apache common stock; and

    (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have

discretionary authority to trade securities in another person's accounts.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@ApacheSecuritiesSettlement.com, or by toll-free phone at 1-877-311-3740, or you can visit the website maintained by the Claims Administrator, www.ApacheSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website www.ApacheSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at info@ApacheSecuritiesSettlement.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@ApacheSecuritiesSettlement.com to inquire about your file and confirm it was received.**

<u>**IMPORTANT PLEASE NOTE:**</u>

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-311-3740.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                        State      Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                 Telephone Number (work)

E-mail address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Page 5

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Claimant Account Type (check appropriate box)

    Individual (includes joint owner accounts)    Pension Plan       Trust

    Corporation    Estate

    IRA/401K    Other _____ (please specify)

---

[1]    If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

**PART III – SCHEDULE OF TRANSACTIONS IN APACHE COMMON STOCK**

Complete this Part III if and only if you purchased or otherwise acquired Apache common stock during the period from September 7, 2016, through March 13, 2020, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information in this section regarding securities other than Apache common stock (NASDAQ ticker symbol: APA; CUSIP: 037411105 (prior to March 2, 2021) and 03743Q108 (March 2, 2021 and after).

| | |
|---|---|
| **1. HOLDINGS AS OF SEPTEMBER 7, 2016** – State the total number of shares of Apache common stock held as of the opening of trading on September 7, 2016. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS FROM SEPTEMBER 7, 2016, THROUGH MARCH 13, 2020, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Apache common stock from after the opening of trading on September 7, 2016 through and including the close of trading on March 13, 2020. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM MARCH 16, 2020, THROUGH JUNE 11, 2020, INCLUSIVE** – State the total number of shares of Apache common stock purchased/acquired (including free receipts) from March 16, 2020 through and including the close of trading on June 11, 2020. (Must be documented.) If none, write "zero" or "0."[2] _____

---

[2]    **Please note**: Information requested with respect to your purchases/acquisitions of Apache common stock from March 16, 2020 through and including the close of trading on June 11, 2020, is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| 4. SALES FROM MARCH 16, 2020, THROUGH JUNE 11, 2020, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of Apache common stock from after the opening of trading on March 16, 2020 through and including the close of trading on June 11, 2020. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS AS OF JUNE 11, 2020** – State the total number of shares of Apache common stock held as of the close of trading on June 11, 2020. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

| ☐ | **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.** |
|---|---|

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated May 7, 2024, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendant Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.       that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.       that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.       that the Claimant(s) did **not** submit a request for exclusion from the Settlement Class;

4.       that I (we) own(ed) the Apache common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendant Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.       that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions/sales of Apache common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.       that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.       that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.       that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that they are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that they are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that they are subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                            Date

_____

Print Claimant name

_____

Signature of joint Claimant, if any                                Date

_____

Print joint Claimant name

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                  Date

_____

Print name of person signing on behalf of Claimant

_____

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page _ of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-311-3740.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@ApacheSecuritiesSettlement.com, or by toll-free phone at 1-877-311-3740, or you may visit www.ApacheSecuritiesSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.APACHESECURITIESSETTLEMENT.COM , **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2024.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Apache Corp. Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173035**
**Milwaukee, WI 53217**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2024, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claims received. Please be patient and notify the Claims Administrator of any change of address.