# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575<br><br>District Judge George C. Hanks, Jr.<br><br>Magistrate Judge Andrew M. Edison<br><br><u>CLASS ACTION</u> |

**DECLARATION OF PADRAIC P. LYDON, ESQ. IN SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, Padraic P. Lydon, declare as follows:

1. I am the Executive Director of the Plymouth County Retirement Association ("Plymouth County" or the "PCRA"), which, along with Trustees of the Teamsters Union No. 142 Pension Fund ("Teamsters No. 142"), are the Court-appointed Lead Plaintiffs in the above-captioned action (the "Action" or the "Litigation").[1] I have served in my position as Executive Director since May 2023. I respectfully submit this declaration in support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Notice of Motion and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2. PCRA is aware of and understands the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Consistent with these requirements and responsibilities, PCRA has been directly involved in monitoring and overseeing the prosecution of the Action (primarily through the work of PCRA's former Executive Directors, in succession, David Sullivan and Timothy Smyth), as well as the negotiations leading to the Settlement, and could and would produce a representative to testify competently thereto.

## I. PCRA's Oversight of the Action

3. Pursuant to Chapter 32 of Massachusetts General Laws, PCRA was created in 1937 in order to provide financial security to current and retired municipal and county

---

[1] Unless otherwise indicated, capitalized terms have the meanings provided in the Stipulation and Agreement of Settlement dated May 7, 2024 (Dkt. 162-2).

1

employees of Plymouth County, Massachusetts. PCRA currently has more than 12,700 members, pensioners and beneficiaries who receive approximately $130 million each year in benefits. As of September 2023, the total value of PCRA's assets under management was approximately $1.4 billion.

4. PCRA purchased Apache stock during the Class Period and suffered substantial losses as a result. As a public pension system, PCRA is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interest of its participants.

5. PCRA's understanding of the responsibilities and fiduciary duties involved in securities class action litigation and settlements is informed by its experience serving as a lead plaintiff in other securities class actions, including with other institutional investors. Notably, PCRA's achievements in securities class actions include: *In re FibroGen, Inc., Sec. Litig.*, No. 3:21-cv-02623-EMC (N.D. Cal.) ($28.5 million settlement); *Plymouth County Ret. Sys. v. Evolent Health, Inc.*, No. 1:19-cv-01031-MSN-WEF (E.D. Va.) ($23.5 million settlement); *Plymouth County Ret. Sys. v. Patterson Co., Inc.*, No. 0:18-cv-00871-MJD-DTS (D. Minn.) ($63 million settlement); *Medoff v. CVS Caremark Corp.*, No. 1:09-cv-00554-JNL-PAS (D.R.I.) ($48 million settlement); *In re Carter's Inc. Sec. Litig.*, No. 1:08-cv-02940-AT (N.D. Ga.) ($23.3 million settlement); and *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corp.*, No. 2:20-cv-00856-RDP (N.D. Ala.) ($28 million settlement).

6. One of my responsibilities as the Executive Director involves overseeing litigation brought by PCRA. As a result, I am familiar with the duties undertaken by PCRA

with respect to this Action, which included monitoring PCRA's selected counsel for litigation, participating in the collection of documents on behalf of PCRA, providing deposition testimony, and participating in strategic decision making and settlement approval.

7. On behalf of PCRA, Mr. Sullivan, Mr. Smyth, and I, as well as our colleagues at PCRA, including Peter Manning, our Director of Investments, had regular communications with Court-appointed Lead Counsel Saxena White P.A. ("Saxena White" or "Lead Counsel"). PCRA received regular status reports from Lead Counsel on case developments and participated in discussions with attorneys from Lead Counsel concerning the prosecution of the Action, the strengths of and risks to the claims, and the Settlement. Through these regular status reports and communications, PCRA closely supervised and participated in the prosecution of the Action.

8. In particular, throughout the course of this Action, Mr. Sullivan, Mr. Smyth, Mr. Manning, and I coordinated with Lead Counsel about, and participated in, the following events:

(a) deciding to move for lead plaintiff appointment, including reviewing PCRA's lead plaintiff application, communicating with Lead Counsel and Teamsters No. 142 regarding the co-lead plaintiff application, participating in a joint conference call with Lead Counsel and Teamsters No. 142, and executing multiple joint declarations detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Settlement Class's claims under our supervision;

(b)  working closely with and regularly corresponding with Lead Counsel, including through regular reports that provided detailed descriptions of Lead Counsel's work prosecuting the Action, litigation strategy, and the existing case status;

(c)  reviewing pleadings and motions filed in this litigation, including the amended complaint, Lead Plaintiffs' opposition to Defendants' motion to dismiss, Lead Plaintiffs' motion for class certification, and other key filings throughout the Litigation;

(d)  responding to discovery requests, including searching for and producing documents and responding to Defendants' interrogatories;

(e)  preparing for and providing deposition testimony in connection with Lead Plaintiffs' motion for class certification; and

(f)  evaluating and approving the proposed Settlement.

9.  Throughout the prosecution of the Action, PCRA was represented and supported by myself, Mr. Sullivan, Mr. Smyth, Mr. Manning, and other PCRA representatives. In total, we devoted approximately 82.5 hours in support of PCRA's efforts in furtherance of the prosecution of this Action and to achieve this recovery on behalf of the Settlement Class.[2]

## II.  PCRA Strongly Endorses Approval of the Settlement

10.  Based on its participation throughout the prosecution and resolution of the claims in the Action, PCRA believes that the proposed Settlement is fair, reasonable, and

---

[2]  While PCRA devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a conservative estimate of the amount of time we collectively spent on this Litigation, as supported by our and Lead Counsel's records.

adequate to the Settlement Class. The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the substantial risks of continued litigation.

11. The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiffs and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel. The risk of no recovery was very real here, and there was no guarantee that the entirety of Lead Plaintiffs' claims would survive a motion for summary judgment, much less succeed at trial or potential appeals.

12. PCRA strongly endorses the Settlement as it provides a certain, immediate, and substantial cash recovery for the Settlement Class. PCRA firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interest of the Settlement Class.

### III. Approval of the Attorneys' Fee Request and Litigation Expenses

13. PCRA believes that the request for an award of attorneys' fees in the amount of 33⅓% of the Settlement Fund is fair and reasonable in light of the exceptional work that Lead Counsel performed on behalf of the Settlement Class. A 33⅓% award is particularly appropriate here because of the highly complex issues involved, Lead Counsel's investment of significant time and resources, the outstanding result achieved, the approval of the Settlement Class, and the significant risks in the Litigation.

14. The fee percentage requested is consistent with the retainer agreement that PCRA entered into with Lead Counsel, which provided that Lead Counsel shall seek no more than 33⅓% of any settlement as its fee, subject to Court approval. After the

5

agreement to settle the Action was reached, PCRA again evaluated Lead Counsel's proposed 33⅓% fee request by considering the substantial recovery obtained for the Settlement Class in this Action and authorized submitting the requested 33⅓% fee award to the Court for its ultimate determination.

15. PCRA takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in litigating the Action.

16. PCRA further believes that the litigation expenses being requested for payment to Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, PCRA fully supports the request for attorneys' fees and expenses.

## IV. PCRA's Representative Reimbursement

17. PCRA understands that reimbursement of a class representative's reasonable costs and expenses, including lost wages, directly relating to the representation of the class, is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). Accordingly, in connection with Lead Counsel's request for payment of litigation expenses, PCRA seeks reimbursement for the costs and expenses that it incurred in connection with its efforts in this Action, which are described above in ¶¶8-9.

18. This request is based on a calculation of hours that my current and former colleagues and I spent on the Litigation. The time that other staff members of PCRA and I devoted to pursuing the Settlement Class's interests in this Action was time we otherwise

would have devoted to other work for PCRA, and thus represents a direct cost to PCRA. As detailed above, we collectively devoted approximately 82.5 hours to this Action. In calculating the total cost of this time, PCRA applied an hourly rate ranging from approximately $72.12 to $88.94 to the amount of time each individual devoted to the prosecution of the Action.[3] This calculation resulted in a total cost to Plymouth of $7,234.22, for which PCRA respectfully requests reimbursement.

## V. Conclusion

In light of the foregoing, PCRA respectfully submits that the Court should grant Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, and Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and approve the request to award PCRA reimbursement of $7,234.22 pursuant to 15 U.S.C. § 78u-4(a)(4) for its costs in connection with the prosecution of this Action.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed in Plymouth, Massachusetts this 14th day of August, 2024.

*[signature]*
PADRAIC P. LYDON, ESQ.
Executive Director
Plymouth County Retirement Association

---

[3] The hourly rate used for purposes of this calculation is based on the annual salaries of the Plymouth representatives identified in this declaration.