**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 <br><br> District Judge George C. Hanks, Jr. <br><br> Magistrate Judge Andrew M. Edison <br><br> <u>CLASS ACTION</u> |

**DECLARATION OF JAY SMITH ON BEHALF OF THE
TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND IN
SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF SETTLEMENT AND PLAN OF ALLOCATION; AND
(II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES
<u>AND LITIGATION EXPENSES</u>**

I, Jay Smith, declare as follows:

1. I am the Fund Manager for the Teamsters Union No. 142 Pension Fund and have served in this position since June 1994. The Trustees of the Teamsters Union No. 142 Pension Fund ("Teamsters No. 142") serves as one of the Court-appointed Lead Plaintiffs in this securities class action ("Action").[1] I submit this Declaration in support of Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, including an award to Teamsters No. 142 commensurate with the time it dedicated to this Action, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated May 7, 2024. Dkt. 162-2. On October 6, 2021, the Court appointed Teamsters No. 142 and Plymouth County Retirement Association as Lead Plaintiffs in the Action. Dkt. 45.

1

of the matters set forth in this Declaration and, if called upon, I could and would testify competently thereto.

2. Based in Gary, Indiana, Teamsters No. 142 is a jointly trusteed Taft-Hartley benefit fund that provides pension and other benefits for laborers employed in the manufacturing industry and other fields throughout Indiana. Teamsters No. 142 currently manages approximately $590 million in assets for the benefit of thousands of active and retired participants.

3. Teamsters No. 142 purchased Apache Corp. common stock during the Class Period and suffered losses as a result. As a benefit fund, Teamsters No. 142 is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interest of its participants.

### I. Teamsters No. 142's Oversight of the Action on Behalf of the Settlement Class

4. Teamsters No. 142 has been committed to actively prosecuting this Action since it became involved in this case in 2021 and to maximizing the recovery for the Settlement Class. Further, Teamsters No. 142 understands that, as a Court-appointed Lead Plaintiff, it owes a fiduciary duty to all members of the Settlement Class to provide fair and adequate representation and worked with Lead Counsel Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") to prosecute the case vigorously over the past three years, consistent with good faith and meritorious advocacy.

5. On behalf of Teamsters No. 142, I have closely supervised and carefully monitored the progress of this Action and the prosecution of the Action by Lead Counsel.

At the outset of Teamsters No. 142's involvement in this matter, we communicated with Lead Counsel and Plymouth County Retirement Association regarding the co-lead plaintiff application. Following Teamsters No. 142's appointment as a lead plaintiff in October 2021, and over the past three years, I have received, reviewed, and responded to periodic updates and other correspondence from Kessler Topaz regarding the case. We have reviewed and approved significant pleadings and briefs filed in the Action, including the Complaint, Lead Plaintiffs' opposition to Defendants' motion to dismiss, and Lead Plaintiffs' motion for class certification. We also participated in discussions with attorneys from Kessler Topaz regarding significant developments in the litigation and case strategy. In addition, we worked with Lead Counsel to respond to Defendants' discovery requests, including by drafting and finalizing interrogatory responses, and searching for and producing potentially relevant documents in a process supported by multiple meetings with counsel and internal personnel regarding our document search and collection efforts.

6.  In connection with Lead Plaintiffs' class certification motion, I prepared for and provided testimony at the deposition of Teamsters No. 142 under Fed. R. Civ. P. 30(b)(6), which was conducted on June 6, 2023. Preparations for this deposition included numerous internal communications with relevant Teamsters No. 142 personnel and a meeting with counsel.

7.  I authorized and closely followed all settlement negotiations, including the January 2024 mediation session with Mr. Jed Melnick of JAMS and the continued negotiations following the mediation that eventually resulted in the Settlement. Further, Teamsters No. 142 has reviewed the briefs and other documents related to the Settlement,

including those that are presently being submitted in support of (i) final approval of the Settlement and approval of the Plan of Allocation; and (ii) Lead Counsel's motion for an award of attorneys' fees and expenses.

## II. Teamsters No. 142 Endorses Approval of the Settlement

8. Based on its involvement throughout the prosecution and resolution of the Action, Teamsters No. 142 believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class. Teamsters No. 142 believes that the Settlement represents an excellent recovery for the Settlement Class, particularly given the substantial risks of continuing to prosecute the claims in this case through a ruling by the Court on class certification, the completion of merits discovery (including the remaining depositions), expert discovery, summary judgment, and trial and obtaining a recovery or judgment larger than the proposed Settlement. Therefore, Teamsters No. 142 strongly endorses approval of the Settlement by the Court.

## III. Teamsters No. 142 Supports Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses

9. While it is understood that the ultimate determination of Lead Counsel's attorneys' fees and expenses rests with the Court, Teamsters No. 142 supports Lead Counsel's request for attorneys' fees in the amount of 33⅓% of the Settlement Fund. Moreover, Teamsters No. 142 takes seriously its role as Lead Plaintiff to ensure that the attorneys' fees are fair in light of the result achieved for the Settlement Class, the work performed by Lead Counsel, and the substantial risks involved in the Action. Here, Teamsters No. 142 believes that the requested fee is fair and reasonable in light of the $65

million recovery obtained for the Settlement Class, the excellent work performed by Lead Counsel over the course of more than three years, and the risks and challenges undertaken by Lead Counsel in litigating the Action.

10. Teamsters No. 142 further believes that the litigation expenses requested by Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the successful prosecution and resolution of this case.

11. Based on the foregoing, and consistent with its obligation to the Settlement Class to obtain the best result at the most efficient cost, Teamsters No. 142 fully supports Lead Counsel's request for attorneys' fees and Plaintiffs' Counsel's Litigation Expenses.

## IV. Teamsters No. 142's Request for Reimbursement of Costs

12. Teamsters No. 142 understands that reimbursement of a representative party's reasonable costs and expenses is authorized under the PSLRA. For this reason, in connection with Lead Counsel's request for Litigation Expenses, Teamsters No. 142 seeks reimbursement for the time it dedicated to representing the Settlement Class in this Action.

13. My primary responsibility at Teamsters No. 142 involves the day-to-day administration of the pension fund.

14. The time that I devoted to the representation of the Settlement Class in this Action was time that we otherwise would have expected to spend on other work for Teamsters No. 142 and, thus, represented a cost to Teamsters No. 142. Accordingly, Teamsters No. 142 seeks reimbursement in the amount of $9,780.00 for time incurred in connection with the Action by the following Teamsters No. 142 personnel:

5

| Personnel | Hours | Rate[2] | Total |
|---|---|---|---|
| Jay Smith | 60 | $163.00 | $9,780.00 |
| **TOTALS** | 60 | $163.00 | $9,780.00 |

### V. Conclusion

15. In conclusion, Teamsters No. 142 was closely involved throughout the prosecution and settlement of the claims in the Action and strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents an excellent recovery for the Settlement Class. Teamsters No. 142 further supports Lead Counsel's request for attorneys' fee and Litigation Expenses, in light of the work performed, the excellent recovery obtained for the Settlement Class, and the attendant litigation risks. And finally, Teamsters No. 142 requests reimbursement for its costs under the PSLRA as set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, this 23rd day of July 2024.

*[signature]*

Jay Smith, Fund Manager
*Trustees of the Teamsters Union No. 142 Pension Fund*

---

[2] The hourly rates used for purposes of this request are based on the annual compensation of the respective personnel who worked on this Action.