# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575<br>District Judge George C. Hanks, Jr.<br>Magistrate Judge Andrew M. Edison<br>CLASS ACTION |
|---|---|

**DECLARATION OF ADAM D. WALTER REGARDING: (A) DISSEMINATION OF POSTCARD NOTICE AND NOTICE PACKET; (B) PUBLICATION OF THE SUMMARY NOTICE; (C) ESTABLISHMENT OF CALL CENTER SERVICES AND SETTLEMENT WEBSITE; AND (D) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Adam D. Walter, declare as follows:

1. I am a Director at A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin. Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice dated May 10, 2024 (Dkt. 163) ("Preliminary Approval Order"), Lead Counsel were authorized to retain A.B. Data as the Claims Administrator in connection with the Settlement of the above-captioned action ("Action").[1] I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**DISSEMINATION OF POSTCARD NOTICE AND NOTICE PACKET**

2. In accordance with the Court's Preliminary Approval Order, A.B. Data was responsible for disseminating notice of the Settlement. Specifically, A.B. Data mailed the Postcard Notice to potential Settlement Class Members and mailed the Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and Proof of Claim and Release Form ("Claim Form" and, together with the Notice, the "Notice Packet") to Nominees (defined below) as well as potential Settlement Class Members upon request. Copies of the Postcard Notice and Notice Packet are attached hereto as Exhibits A and B, respectively.

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated May 7, 2024 (Dkt. 162-2) ("Stipulation").

3. On May 13, 2024, A.B. Data received from counsel multiple data files containing the names and addresses of potential Settlement Class Members. A.B. Data electronically processed the data to remove duplicates, resulting in 3,221 unique potential Settlement Class Members. On June 11, 2024, A.B. Data caused the Postcard Notice to be mailed by First-Class mail to those 3,221 potential Settlement Class Members.

4. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name"—*i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees ("Nominees") in the name of the respective Nominees, on behalf of the beneficial purchasers. A.B. Data maintains a proprietary database with names and addresses of the largest and most common Nominees ("Record Holder Mailing Database"). A.B. Data's Record Holder Mailing Database is updated from time to time as new Nominees are identified and others go out of business. At the time of the initial mailing, the Record Holder Mailing Database contained 4,944 mailing records. On June 11, 2024, A.B. Data mailed the Notice Packet by First-Class mail to the 4,944 mailing records contained in the Record Holder Mailing Database.

5. In total, 3,221 Postcard Notices and 4,944 Notice Packets were mailed to potential Settlement Class Members and Nominees by First-Class mail on June 11, 2024.

6. The Notice directed Nominees who purchased or otherwise acquired shares of Apache common stock from September 7, 2016, through March 13, 2020, inclusive, for the beneficial interest of persons or entities other than themselves to either: (i) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient

copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice provide a list of the names, addresses, and e-mail addresses, if available, of all such beneficial owners to *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217. *See* Ex. B (Notice Packet) at ¶ 59.

7. A.B. Data also provided a copy of the Notice to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by Nominees that participate in DTC's security settlement system. The Notice was posted on DTC's LENS on June 11, 2024.

8. As of August 14, 2024, A.B. Data has received an additional 69,270 names and mailing addresses of potential Settlement Class Members from individuals or Nominees requesting that Postcard Notices be mailed to such potential Settlement Class Members. A.B. Data has also received requests from Nominees for 165,185 Postcard Notices, in bulk, to forward directly by the Nominees to their customers. Additionally, A.B. Data received a request from Broadridge Financial Solutions ("Broadridge") for an e-mail link to the Notice and Claim Form to send to its list of potential Settlement Class Members. Broadridge has confirmed that it disseminated the link to the Notice and Claim Form to 176,191 potential Settlement Class Members. All such requests to mail Postcard Notices/Notices to potential Settlement Class Members, to provides copies of the Postcard Notices/Notices in bulk to Nominees, and to provide a link to the Notice and Claim Form for e-mailing purposes have been, and will continue to be, honored in a timely manner.

9. As a result of the above efforts, as of August 14, 2024, a total of 237,676 Postcard Notices and 4,944 Notice Packets have been mailed to potential Settlement Class Members and Nominees. In addition, a total of 176,191 potential Settlement Class Members received a link to the Notice and Claim Form via e-mail. A.B. Data has re-mailed a total of 1,505 Postcard Notices to persons whose original mailings were returned by the U.S. Postal Service ("USPS") as undeliverable and for whom updated addresses were provided by the USPS or obtained by A.B. Data through a third-party vendor.

**PUBLICATION OF THE SUMMARY NOTICE**

10. In accordance with the Preliminary Approval Order, A.B. Data caused the Summary Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Summary Notice") to be published in *The Wall Street Journal* and transmitted over *PR Newswire* on June 26, 2024. Copies of proof of publication/transmission of the Summary Notice in *The Wall Street Journal* and over *PR Newswire* are attached hereto as Exhibits C and D, respectively.

**CALL CENTER SERVICES**

11. On June 11, 2024, A.B. Data established a case-specific, toll-free telephone helpline, 1-877-311-3740, with an interactive voice response system and live operators, to accommodate potential Settlement Class Members with questions about the Action and the Settlement, which it continues to maintain. The toll-free telephone number is set forth in the Postcard Notice, Notice, Summary Notice, Claim Form and on the Settlement Website. The telephone helpline is accessible 24 hours a day, seven (7) days a week. The automated

attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have the option to be transferred to a live operator during regular business hours. Outside of regular business hours, callers have the option to leave their contact information for a return call from an A.B. Data call center representative. A.B. Data will continue operating, maintaining, and updating, as appropriate, the interactive voice response system through the conclusion of this administration.

## SETTLEMENT WEBSITE

12. A.B. Data also established and continues to maintain a website dedicated to the Settlement, www.ApacheSecuritiesSettlement.com ("Settlement Website"). The Settlement Website includes information regarding the Action and the Settlement, including the exclusion, objection, and claim-filing deadlines, as well as the date, time, and location of the Court's Settlement Hearing. Copies of the Notice, Claim Form, Stipulation, Preliminary Approval Order, and operative Complaint are posted on the website and are available for downloading.[2] In addition, the Settlement Website includes an online claim-filing portal that allows potential Settlement Class Members to file a claim online, and also includes a link to a document with detailed instructions for institutions submitting their claims electronically. The Settlement Website became operational on June 11, 2024, and is accessible 24 hours a day, seven (7) days a week. A.B. Data will continue operating, maintaining and, as appropriate, updating the Settlement Website through the conclusion

[2] Information related to the Settlement, including the Claim Form and Notice, was also posted on Lead Counsel's respective firm websites.

of this administration.

**REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

13. The Postcard Notice, Notice Packet, and Summary Notice inform potential Settlement Class Members that requests for exclusion from the Settlement Class are to be mailed to the Claims Administrator, such that they are received no later than August 29, 2024. The Notice also sets forth the information that must be included in each request for exclusion. As of August 14, 2024, A.B. Data has received four (4) requests for exclusion. A.B. Data will submit a supplemental declaration after the August 29, 2024, exclusion deadline, which will include a full report on all exclusion requests received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August 2024 in Palm Beach Gardens, Florida.

[signature]

Adam D. Walter

# EXHIBIT A

**THIS POSTCARD NOTICE PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.APACHESECURITIESSETTLEMENT.COM FOR MORE INFORMATION.**

The parties in the securities class action captioned *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.) ("Action") have reached a proposed settlement ("Settlement") of the claims asserted in the Action against Apache Corp. and its successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol APA ("Apache"), John J. Christmann IV, Timothy J. Sullivan, and Steven J. Riney (collectively, "Defendants"). If approved, the Settlement will resolve the Action in which Court-appointed Lead Plaintiffs Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund (together, "Lead Plaintiffs") alleged that Defendants issued materially false and misleading statements during the Class Period (defined below) about a purported large oil-and-gas resource play in the Permian Basin in Texas called Alpine High. Lead Plaintiffs further alleged that the price of Apache's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when alleged corrective disclosures were made. Defendants deny any liability or wrongdoing. You received this notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class: All persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), and were damaged thereby.

Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $65,000,000 in cash, which, after deducting Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit valid Claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Notice ("Notice") available at www.ApacheSecuritiesSettlement.com ("Settlement Website").** If you are a Settlement Class Member, your *pro rata* share of the Settlement will depend on the number of valid Claims submitted and the number, size, and timing of your transactions in Apache common stock during the Class Period. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery will be $0.36 per eligible share of Apache common stock, before deducting any Court-awarded fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan ordered by the Court.

**To qualify for a payment from the Settlement, you must submit a valid Claim.** The Claim Form can be found and submitted on the Settlement Website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by October 9, 2024.** If you do not want to be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Settlement Class by **August 29, 2024**. If you exclude yourself from the Settlement Class, you may be able to sue Defendants about certain of the claims being resolved in the Action, but you cannot receive money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by **August 29, 2024**. The Notice provides instructions on how to submit a Claim, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on **September 19, 2024 at 10:00 a.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus expenses of no more than $1.9 million (which equals a cost of approximately $0.13 per eligible share of Apache common stock). You may attend the hearing and ask to be heard, but you do not have to. The Court may change the date and/or time of the hearing. Please check the Settlement Website for updates. **For more information, call 1-877-311-3740, send an email to info@ApacheSecuritiesSettlement.com, or visit the Settlement Website.**

***COURT-ORDERED LEGAL NOTICE***

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement.**

**Please read this Postcard Notice carefully.**
**For more information, please visit www.ApacheSecuritiesSettlement.com, call toll-free 1-877-311-3740, or send an email to info@ApacheSecuritiesSettlement.com.**

Scan QR Code for detailed notice regarding this Class Action.

*Apache Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217



# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575<br>District Judge George C. Hanks, Jr.<br>Magistrate Judge Andrew M. Edison<br>CLASS ACTION |
|---|---|

**NOTICE OF: (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if, from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), you purchased or otherwise acquired Apache Corp. common stock, and were damaged thereby ("Settlement Class").[1]

**NOTICE OF PROPOSED SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund (together, "Lead Plaintiffs") have reached a proposed settlement of the Action for $65,000,000 in cash ("Settlement") with defendants Apache Corp. and its successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol APA ("Apache"),[2] John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney (collectively, "Defendants"). If approved by the Court, the Settlement will resolve the Action, including Lead Plaintiffs' claims that Defendants violated the federal securities laws by issuing materially false and misleading statements during the Class Period concerning Apache's oil and gas play in Texas, referred to as Alpine High. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-15 and ¶¶ 25-31 herein.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Lead Counsel (*see* ¶ 61 below).**

**Additional information about the Settlement is available on the website for the Action, www.ApacheSecuritiesSettlement.com.**

- **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $65,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiffs' damages expert estimates that approximately 182,893,855 shares of Apache common stock during the Class Period may have been affected by the alleged conduct at issue in the Action and are eligible to participate in the Settlement. If all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before deduction of any Court-approved fees, expenses, and costs as described herein) will be $0.36 per eligible share of Apache common stock. **Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially eligible shares.** Some Settlement Class Members may recover more or less than this estimated amount depending on: (i) when and the price at which they purchased/acquired/sold their Apache common stock; (ii) the total number and value of valid Claims submitted; (iii) the amount of Notice and Administration Costs; and (iv) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan ordered by the Court.

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement dated May 7, 2024 ("Stipulation"). The Stipulation can be viewed at www.ApacheSecuritiesSettlement.com.

[2] The relevant CUSIPs are 037411105 (prior to March 2, 2021) and 03743Q108 (March 2, 2021, and after).

- **Statement of Potential Outcome of the Case:** The Parties do not agree on whether Lead Plaintiffs would have prevailed on their claims against Defendants. Nor do they agree on whether and to what extent the Settlement Class suffered any damages, including the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Lead Plaintiffs agreed to the Settlement because they believe that the Settlement confers substantial benefits upon the Settlement Class. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP and Saxena White P.A., have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for their representation of the Settlement Class. For their efforts, Lead Counsel, on behalf of Plaintiffs' Counsel (including Court-appointed Liaison Counsel), will apply to the Court for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. Lead Counsel will also apply for payment of Plaintiffs' Counsel's Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $1.9 million, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4). Any fees and expenses awarded to Plaintiffs' Counsel will be paid from the Settlement Fund along with any interest earned at the same rate earned by the Settlement Class on the Settlement Fund. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be approximately $0.13 per eligible share of Apache common stock. **Please note that this is only an estimate**.

- **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Joshua E. D'Ancona, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com and David R. Kaplan, Esq. of Saxena White P.A., 505 Lomas Santa Fe Drive, Suite 180, Solana Beach, CA 92075, 1-858-997-0860, www.saxenawhite.com. Other representatives from Lead Counsel are listed in ¶ 61 below. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217, 1-877-311-3740, info@ApacheSecuritiesSettlement.com; or by visiting the website for the Action, www.ApacheSecuritiesSettlement.com.

- **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the guaranteed cash benefit for the Settlement Class without the substantial risks, delays, and increased costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after further litigation, including a decision by the Court on Lead Plaintiffs' motion for class certification, the completion of discovery (including expert discovery), summary judgment motions, a trial of the Action, and the likely appeals that would follow a trial. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT** | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN OCTOBER 9, 2024.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 26 below) that you have against Defendants and the other Defendant Releasees (defined in ¶ 27 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 29, 2024.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendant Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 29, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may object by writing to the Court (as described in ¶¶ 52-58 below). In order to object, you must be a member of the Settlement Class. |
| **GO TO A HEARING ON SEPTEMBER 19, 2024, AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 29, 2024.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |

| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Hearing – currently scheduled for September 19, 2024 at 10:00 a.m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing in person or by telephone or video conference. If you plan to attend the Settlement Hearing, you should check the website www.ApacheSecuritiesSettlement.com or with Lead Counsel to confirm that no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

What Is The Purpose Of This Notice? Page 3

What Is This Case About? Page 4

Why Is This Case A Class Action? Page 5

How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? Page 5

What Are Lead Plaintiffs' Reasons For The Settlement? Page 5

What Might Happen If There Were No Settlement? Page 5

How Are Settlement Class Members Affected By The Action And The Settlement? Page 6

How Do I Participate In The Settlement? What Do I Need To Do? Page 7

How Much Will My Payment Be? Page 7

What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? Page 8

What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? Page 8

When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? Page 8

What If I Bought Shares On Someone Else's Behalf? Page 10

Can I See The Court File? Whom Should I Contact If I Have Questions? Page 10

Proposed Plan Of Allocation Of The Net Settlement Fund Among Authorized Claimants Appendix A

## WHAT IS THE PURPOSE OF THIS NOTICE?

1. The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

**WHAT IS THIS CASE ABOUT?**

4. This is a securities class action against Defendants for alleged violations of the federal securities laws. Among other things, Lead Plaintiffs alleged that, during the Class Period, Defendants issued materially false and misleading statements concerning Apache related to an oil-and-gas resource play in the Permian Basin in Texas called Alpine High. Lead Plaintiffs further alleged that the price of Apache common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when alleged corrective disclosures revealing the relevant truth were made. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Settlement Class.

5. This Action was commenced on February 23, 2021, with the filing of the initial complaint in the Court, styled *Plymouth County Retirement System v. Apache Corporation, et al.*, Case No. 4:21-cv-00575, asserting violations of the federal securities laws against Apache and certain of its executive officers. A related complaint, styled *Brian Schwegel v. Apache Corporation, et al.*, Case No. 4:21-cv-00722, was filed in the Court on March 4, 2021.

6. On October 6, 2021, the Court: (i) appointed Plymouth County Retirement System and the Trustees of the Teamsters Union No. 142 Pension Fund as Lead Plaintiffs in the Action; (ii) approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP and Saxena White P.A. as co-Lead Counsel for the class and Ajamie LLP as Liaison Counsel for the class; and (iii) consolidated the two related cases filed in the Court under the caption *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575.

7. On December 17, 2021, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), asserting claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, against all Defendants, and claims under Section 20(a) of the Exchange Act against individual Defendants John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney. On February 15, 2022, Defendants moved to dismiss the Complaint. On April 22, 2022, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss.

8. On September 15, 2022, United States Magistrate Judge Andrew M. Edison issued a Memorandum and Recommendation, recommending that Defendants' motion to dismiss be denied. On November 29, 2022, the Court, by its Order Adopting Magistrate Judge's Memorandum and Recommendation, accepted Magistrate Judge Edison's recommendation, adopted the recommendation as the opinion of the Court, and denied Defendants' motion to dismiss in its entirety.

9. On January 10, 2023, Defendants answered the Complaint.

10. Thereafter, discovery in the Action commenced. Lead Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on Defendants, exchanged letters and email correspondence with Defendants concerning discovery issues, and served document subpoenas on more than 25 non-parties. Defendants and non-parties produced a total of more than one million pages of documents to Lead Plaintiffs, and Lead Plaintiffs produced documents to Defendants in response to their discovery requests. Depositions of Lead Plaintiffs' corporate representatives, as well as the Parties' expert witnesses, were taken in connection with Lead Plaintiffs' motion for class certification, and the Court held an evidentiary hearing on the motion for class certification, which included direct testimony and cross examination of the Parties' class certification expert witnesses (described below). Lead Plaintiffs also took 16 fact witness depositions, with 8 additional fact witness depositions slated to be taken at the time of settlement. Lead Plaintiffs and Defendants also litigated two separate discovery disputes and a scheduling dispute before Magistrate Judge Edison.

11. On April 7, 2023, Lead Plaintiffs moved for class certification. Lead Plaintiffs' motion was accompanied by a report from their economic expert on market efficiency and a proposed common damages methodology. On June 16, 2023, Defendants filed their opposition to Lead Plaintiffs' class certification motion, along with a report from Defendants' economic expert. On August 11, 2023, Lead Plaintiffs filed their reply in further support of their motion for class certification, along with a reply report from their economic expert. Briefing on Lead Plaintiffs' motion for class certification was completed on September 8, 2023, when Defendants filed their sur-reply in further opposition to the motion for class certification, along with a sur-reply report from Defendants' economic expert. The Court, Magistrate Judge Edison presiding, held a hearing on the motion on December 6, 2023.

12. On February 9, 2024, Magistrate Judge Edison issued a Memorandum and Recommendation, granting in part and denying in part Lead Plaintiffs' class certification motion. Lead Plaintiffs filed objections to Magistrate Judge Edison's Memorandum and Recommendation on February 23, 2024. Defendants filed their responses to Lead Plaintiffs' objections on March 8, 2024.

13. While discovery and class certification proceedings were ongoing, the Parties agreed to participate in a private mediation before Jed Melnick, Esq. of JAMS. In advance of the mediation, the Parties exchanged detailed mediation statements. A mediation session with Mr. Melnick was held on January 10, 2024. At the mediation session, the Parties engaged in vigorous settlement negotiations with the assistance of Mr. Melnick, but the case did not resolve. Following the mediation, the Parties continued their negotiations with the assistance of Mr. Melnick, and after extensive further communications, they reached an agreement in principle to resolve the Action on March 7, 2024. The Parties notified the Court regarding their agreement in principle the following day.

14. On March 15, 2024, the Parties executed a Term Sheet setting forth their agreement in principle to settle the Action in return for Defendants' payment of $65,000,000.00 in cash for the benefit of the Settlement Class, subject to certain terms and conditions to be included in a "final settlement agreement." After additional negotiations regarding the specific terms of their agreement, the Parties

entered into the Stipulation on May 7, 2024. The Stipulation, which sets forth the full terms and conditions of the Settlement, can be viewed at www.ApacheSecuritiesSettlement.com.

15. On May 13, 2024, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

**WHY IS THIS CASE A CLASS ACTION?**

16. In a class action, one or more persons or entities (in this case, Lead Plaintiffs) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," of the class.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

17. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> **All persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive, and were damaged thereby.**

Excluded from the Settlement Class are Defendants, the officers and directors of Apache, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Settlement Class Member or that you will be entitled to a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online at www.ApacheSecuritiesSettlement.com, no later than October 9, 2024.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

18. The Settlement is the result of three years of hard-fought litigation and good-faith, arm's-length negotiations by the Parties. Lead Plaintiffs and Lead Counsel believe that their claims against Defendants have merit; however, they also recognize the expense and length of continued proceedings necessary to pursue their claims, including a decision on class certification, the completion of merits discovery, complex expert discovery, summary judgment, trial, and appeals, as well as the challenges Lead Plaintiffs would face in establishing liability and the Settlement Class's full amount of damages. Indeed, at the time of settlement, Lead Plaintiffs were awaiting a decision by the Court on class certification. Specifically, at the time of settlement, Magistrate Judge Edison's Memorandum and Recommendation, granting in part and denying in part Lead Plaintiffs' motion for class certification, was pending before the Court (along with Lead Plaintiffs' objections thereto and Defendants' responses to those objections). The Court's adoption of Magistrate Judge Edison's Memorandum and Recommendation would have eliminated certain of the alleged corrective disclosures from the Action, substantially shortened the Class Period, and substantially decreased the Settlement Class's recoverable damages.

19. In light of these risks, the amount of the Settlement, and the certain, near-term recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $65,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after continued and costly litigation, possibly years in the future.

20. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

21. If there were no Settlement and Lead Plaintiffs failed to establish any essential element of their claims against Defendants at trial, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided by the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

22. As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

23. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 8.

24. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objection(s) by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page 8.

25. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 26 below) against Defendants and the other Defendant Releasees (as defined in ¶ 27 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendant Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

26. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Action or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action and that relate to the purchase or other acquisition of Apache common stock during the Class Period. Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the settlement; (ii) any claims asserted in any ERISA or shareholder derivative action, or any cases consolidated into those actions; or (iii) any claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

27. "Defendant Releasees" means Defendants, Defendants' respective former, present, or future parent companies, controlling shareholders, subsidiaries, business units, divisions, and affiliates and each and all of their respective present and former employees, members, managers, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

28. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

29. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 30 below) against Lead Plaintiffs and the other Plaintiff Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether asserted in the Action or could have been asserted in any court or forum, that arise out of or relate in any way to the institution, prosecution, or settlement of this Action. Released Defendants' Claims do not include (i) any claims relating to the enforcement of the Settlement, or (ii) any claims against any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

31. "Plaintiff Releasees" means Lead Plaintiffs, all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

32. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.ApacheSecuritiesSettlement.com, no later than October 9, 2024***. You can obtain a copy of the Claim Form on the website, www.ApacheSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-311-3740, or by emailing the Claims Administrator at info@ApacheSecuritiesSettlement.com. **Please retain all records of your ownership of and transactions in Apache common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

33. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

34. Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $65,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claims, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

35. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

36. Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendant Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

37. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim postmarked or received on or before October 9, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

38. Participants in and beneficiaries of any employee retirement and/or benefit plan covered by the Employee Retirement Income Security Act of 1974 ("Employee Plan") should NOT include any information relating to Apache common stock purchased/acquired/sold through an Employee Plan in any Claim they submit in this Action. They should include ONLY Apache common stock purchased/acquired/sold during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions/sales of Apache common stock during the Class Period may be made by the Employee Plan(s)' trustees.

39. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

40. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

41. Only Settlement Class Members, *i.e.*, persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive, and were damaged as a result of such purchases, acquisitions, and/or sales, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

42. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

43. Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $1.9 million, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4).

44. Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by August 15, 2024. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.ApacheSecuritiesSettlement.com once it is filed. The Court will determine the amount of any award of attorneys' fees and Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Settlement Class Members are not personally liable for any such fees or expenses.***

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

45. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *Apache Corp. Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be ***received*** **no later than August 29, 2024**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.)"; (iii) state the number of shares of Apache common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on September 7, 2016 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from September 7, 2016, through March 13, 2020, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

46. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendant Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting certain (or all) of the claims covered by the Action by a statute of repose. In addition, Defendants and the other Defendant Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

47. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

48. Defendants shall have the right to terminate the Settlement in the event that a certain threshold of Settlement Class Members timely and validly request exclusion from the Settlement Class, in accordance with the terms and conditions set forth in the Parties' confidential agreement.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

49. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

50. **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you check the Court's docket and the website, www.ApacheSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the**

**date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.ApacheSecuritiesSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.ApacheSecuritiesSettlement.com.**

51. The Settlement Hearing will be held on **September 19, 2024 at 10:00 a.m.**, before the Honorable Andrew M. Edison, United States Magistrate Judge for the Southern District of Texas, in Courtroom 8B of the Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

52. Any Settlement Class Member may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection(s), together with copies of all other papers and briefs supporting the objection(s), with the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below ***on or before August 29, 2024***.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| U.S. District Court<br>Southern District of Texas<br>Bob Casey United States Courthouse<br>515 Rusk Avenue<br>Houston, TX 77002 | Joshua E. D'Ancona, Esq.<br>Kessler Topaz Meltzer<br>& Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Amy Pharr Hefley, Esq.<br>Baker Botts L.L.P.<br>910 Louisiana Street<br>Houston, TX 77002 |
| | David R. Kaplan, Esq.<br>Saxena White P.A.<br>505 Lomas Santa Fe Drive, Suite 180<br>Solana Beach, CA 92075 | |

53. Any objection, filings, and other submissions by the objecting Settlement Class Member must include: (1) the name of this proceeding, *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.); (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Apache common stock that the objecting Settlement Class Member (A) held as of the opening of trading on September 7, 2016, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement.

54. **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class.**

55. You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

56. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 52 above so that it is ***received*** **on or before August 29, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

57. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 52 above so that the notice is ***received*** **on or before August 29, 2024**.

58. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

59.  If you purchased or otherwise acquired shares of Apache common stock from September 7, 2016, through March 13, 2020, inclusive, for the beneficial interest of persons or entities other than yourself, you must either: (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses, if available, of all such beneficial owners to *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners you have identified on your list. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these directions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed: $0.05 per mailing record provided to the Claims Administrator; $0.10 per unit for each Postcard Notice actually mailed, plus postage at the rate used by the Claims Administrator; and $0.05 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

60.  Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.ApacheSecuritiesSettlement.com, by calling the Claims Administrator toll free at 1-877-311-3740, or by emailing the Claims Administrator at info@ApacheSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

61.  This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.ApacheSecuritiesSettlement.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.txsd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of Texas, Houston Division, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.ApacheSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Apache Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217
1-877-311-3740
info@ApacheSecuritiesSettlement.com
www.ApacheSecuritiesSettlement.com

and/or

Kessler Topaz Meltzer & Check, LLP
Gregory M. Castaldo, Esq.
Johnston de F. Whitman, Jr., Esq.
Joshua E. D'Ancona, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706
info@ktmc.com

Saxena White P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
1-858-997-0860
settlements@saxenawhite.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: June 11, 2024

By Order of the Court
United States District Court
Southern District of Texas

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG AUTHORIZED CLAIMANTS

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.ApacheSecuritiesSettlement.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, dated December 17, 2021. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of Apache common stock that allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Apache common stock in reaction to certain public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market and/or industry forces. The estimated alleged artificial inflation in the price of Apache common stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, Apache common stock must have been purchased or otherwise acquired during the Class Period (*i.e.*, the period from September 7, 2016, through March 13, 2020, inclusive) and ***held through at least one*** of the dates when the disclosure of alleged corrective information partially removed the alleged artificial inflation from the price of Apache common stock. Lead Plaintiffs allege that artificial inflation was removed from the price of Apache common stock on the following nine dates: October 10, 2017; February 22, 2018; April 23, 2019; April 24, 2019; April 25, 2019; April 26, 2019; October 25, 2019; March 16, 2020; and March 17, 2020 (collectively, "Corrective Disclosure Impact Dates").[3]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1. For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Apache common stock will first be matched on a "First In, First Out" ("FIFO") basis as set forth in ¶ 7 below.

2. A "Recognized Loss Amount" will be calculated as set forth below for each share of Apache common stock purchased or otherwise acquired from September 7, 2016, through March 13, 2020, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to $0. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3. In the calculations below, all purchase, acquisition, and sale prices shall exclude any fees, taxes and commissions. Any transactions in Apache common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

4. For each share of Apache common stock purchased or otherwise acquired from September 7, 2016, through March 13, 2020, inclusive, and sold on or before June 11, 2020,[4] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the

---

[3] The Class Period ends on Friday, March 13, 2020. The last disclosure of alleged corrective information occurred prior to market open on Monday, March 16, 2020. Lead Plaintiffs allege that the disclosures on March 16, 2020, caused a decline in the price of Apache common stock over two trading days – *i.e.*, March 16, 2020 and March 17, 2020.

[4] Thursday, June 11, 2020, represents the last day of the 90-day period beginning on Monday, March 16, 2020, which is the first trading date after the end of the Class Period (the "90-Day Look-Back Period"). The Private Securities Litigation Reform Act of 1995 imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Apache common stock and the average price of Apache common stock during the 90-Day Look-Back Period, if the share was held through June 11, 2020, the end of this period. A Settlement Class Member's Recognized Loss Amount on Apache common stock sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for Apache common stock and the average price of Apache common stock during the portion of the 90-Day Look-Back Period elapsed as of the date of sale (the "90-Day Look-Back Value"), as set forth in **Table 2** below.

per-share purchase/acquisition price *minus* the per-share sale price. As set forth below, the Recognized Loss Amount shall not exceed the Out of Pocket Loss for such shares.

5. A Claimant's Recognized Loss Amount per share of Apache common stock purchased or otherwise acquired during the Class Period will be calculated as follows:

A. For each share of Apache common stock purchased or otherwise acquired during the Class Period and sold prior to Tuesday, October 10, 2017 (*i.e.*, the earliest Corrective Disclosure Impact Date), the Recognized Loss Amount is $0.

B. For each share of Apache common stock purchased or otherwise acquired during the Class Period and subsequently sold from Tuesday, October 10, 2017, through Friday, March 13, 2020, inclusive, the Recognized Loss Amount shall be ***the lesser of***:

i. the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below ***minus*** the amount of artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

ii. the Out of Pocket Loss.

C. For each share of Apache common stock purchased or otherwise acquired during the Class Period and subsequently sold from Monday, March 16, 2020, through Thursday, June 11, 2020, inclusive (*i.e.*, sold during the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

i. the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;[5]

ii. the actual purchase/acquisition price per share ***minus*** the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

iii. the Out of Pocket Loss.

D. For each share of Apache common stock purchased or otherwise acquired during the Class Period and held as of the close of trading on Thursday, June 11, 2020, the Recognized Loss Amount shall be ***the lesser of***:

i. the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as stated in **Table 1** below; or

ii. the actual purchase/acquisition price ***minus*** **$9.64** (*i.e.*, the average closing price of Apache common stock during the 90-Day Look-Back Period, as shown on the last line of **Table 2** below).

**ADDITIONAL PROVISIONS**

6. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined in ¶ 11 below) is $10.00 or greater.

7. **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Apache common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of Apache common stock at the beginning of the Class Period, and then against purchases/acquisitions of Apache common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8. **Purchase/Acquisition and Sale Dates:** Purchases/acquisitions and sales of Apache common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Apache common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of these shares of Apache common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of Apache common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of Apache common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Apache common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

9. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Apache common stock. The date of a "short sale" is deemed to be the date of sale of the Apache common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is $0.00. In the event that a Claimant has a short position in Apache common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

10. **Common Stock Purchased/Sold Through the Exercise of Options:** Apache common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Apache common stock are not securities eligible to

[5] For Apache common stock sold on March 16. 2020, the Recognized Loss Amount shall be the amount of artificial inflation applicable to such share on the date of purchase/acquisition minus the amount of artificial inflation on March 16, 2020, which is $0.69.

participate in the Settlement. With respect to Apache common stock purchased or sold through the exercise of an option, the purchase/sale date of the Apache common stock shall be the exercise date of the option and the purchase/sale price shall be the closing price of Apache common stock on the date of the exercise of the option. Any Recognized Loss Amount arising from purchases of Apache common stock acquired during the Class Period through the exercise of an option on Apache common stock[6] shall be computed as provided for other purchases of Apache common stock in the Plan of Allocation.

11. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12. **Re-Distributions:** After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, no less than nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

13. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, other plan of allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

**TABLE 1**
**Estimated Alleged Artificial Inflation in Apache Common Stock**

| From | To | Inflation Per Share |
|---|---|---|
| Wednesday, September 7, 2016 | Monday, October 9, 2017 | $12.14 |
| Tuesday, October 10, 2017 | Wednesday, February 21, 2018 | $8.80 |
| Thursday, February 22, 2018 | Monday, April 22, 2019 | $5.79 |
| Tuesday, April 23, 2019 | Tuesday, April 23, 2019 | $5.25 |
| Wednesday, April 24, 2019 | Wednesday, April 24, 2019 | $4.51 |
| Thursday, April 25, 2019 | Thursday, April 25, 2019 | $3.56 |
| Friday, April 26, 2019 | Thursday, October 24, 2019 | $3.22 |
| Friday, October 25, 2019[7] | Friday, March 13, 2020 | $1.93 |
| Monday, March 16, 2020 | Monday, March 16, 2020 | $0.69 (sale inflation only) |
| Tuesday, March 17, 2020 | Thereafter | $0.00 |

[6] This includes (1) purchases of Apache common stock as the result of the exercise of a call option, and (2) purchases of Apache common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[7] The alleged corrective disclosure on October 25, 2019, occurred after market open, at approximately 9:44 AM. For this reason, transactions in Apache common stock on October 25, 2019, at a price of $22.98 per share or greater, will be treated as a transaction that occurred *prior* to the alleged corrective disclosure that day, at inflation per share of $3.22.

**TABLE 2**
**Apache Common Stock 90-Day Look-Back Value by Sale/Disposition Date**

| Sale Date | 90-Day Look-Back Value |
|---|---|
| Monday, March 16, 2020 | $5.46 |
| Tuesday, March 17, 2020 | $4.96 |
| Wednesday, March 18, 2020 | $4.79 |
| Thursday, March 19, 2020 | $4.83 |
| Friday, March 20, 2020 | $4.83 |
| Monday, March 23, 2020 | $4.74 |
| Tuesday, March 24, 2020 | $4.86 |
| Wednesday, March 25, 2020 | $4.99 |
| Thursday, March 26, 2020 | $5.08 |
| Friday, March 27, 2020 | $5.05 |
| Monday, March 30, 2020 | $4.97 |
| Tuesday, March 31, 2020 | $4.90 |
| Wednesday, April 1, 2020 | $4.83 |
| Thursday, April 2, 2020 | $4.82 |
| Friday, April 3, 2020 | $4.86 |
| Monday, April 6, 2020 | $4.92 |
| Tuesday, April 7, 2020 | $5.02 |
| Wednesday, April 8, 2020 | $5.16 |
| Thursday, April 9, 2020 | $5.32 |
| Monday, April 13, 2020 | $5.47 |
| Tuesday, April 14, 2020 | $5.60 |
| Wednesday, April 15, 2020 | $5.70 |
| Thursday, April 16, 2020 | $5.78 |
| Friday, April 17, 2020 | $5.89 |
| Monday, April 20, 2020 | $6.00 |
| Tuesday, April 21, 2020 | $6.10 |
| Wednesday, April 22, 2020 | $6.22 |
| Thursday, April 23, 2020 | $6.37 |
| Friday, April 24, 2020 | $6.52 |
| Monday, April 27, 2020 | $6.65 |
| Tuesday, April 28, 2020 | $6.78 |
| Wednesday, April 29, 2020 | $6.98 |
| Thursday, April 30, 2020 | $7.16 |
| Friday, May 1, 2020 | $7.29 |
| Monday, May 4, 2020 | $7.42 |

| | |
|---|---|
| Tuesday, May 5, 2020 | $7.54 |
| Wednesday, May 6, 2020 | $7.65 |
| Thursday, May 7, 2020 | $7.76 |
| Friday, May 8, 2020 | $7.88 |
| Monday, May 11, 2020 | $7.99 |
| Tuesday, May 12, 2020 | $8.08 |
| Wednesday, May 13, 2020 | $8.14 |
| Thursday, May 14, 2020 | $8.20 |
| Friday, May 15, 2020 | $8.25 |
| Monday, May 18, 2020 | $8.33 |
| Tuesday, May 19, 2020 | $8.40 |
| Wednesday, May 20, 2020 | $8.47 |
| Thursday, May 21, 2020 | $8.55 |
| Friday, May 22, 2020 | $8.62 |
| Tuesday, May 26, 2020 | $8.70 |
| Wednesday, May 27, 2020 | $8.78 |
| Thursday, May 28, 2020 | $8.84 |
| Friday, May 29, 2020 | $8.88 |
| Monday, June 1, 2020 | $8.93 |
| Tuesday, June 2, 2020 | $8.99 |
| Wednesday, June 3, 2020 | $9.05 |
| Thursday, June 4, 2020 | $9.12 |
| Friday, June 5, 2020 | $9.24 |
| Monday, June 8, 2020 | $9.38 |
| Tuesday, June 9, 2020 | $9.50 |
| Wednesday, June 10, 2020 | $9.59 |
| Thursday, June 11, 2020 | $9.64 |

***Apache Corp. Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173035**
**Milwaukee, WI 53217**

**Toll-Free Number: 1-877-311-3740**

**Email: info@ApacheSecuritiesSettlement.com**

**Website: www.ApacheSecuritiesSettlement.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund from the proposed Settlement of the action captioned *In re Apache Corp. Securities Litigation*, Case No. 4:21-cv-00575 (S.D. Tex.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the above address, or submit it online at www.ApacheSecuritiesSettlement.com, **postmarked (or received) no later than October 9, 2024**.

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.ApacheSecuritiesSettlement.com.**

**TABLE OF CONTENTS** | **PAGE #**

| | |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | **2** |
| **PART II – CLAIMANT IDENTIFICATION** | **4** |
| **PART III – SCHEDULE OF TRANSACTIONS IN APACHE CORP. ("APACHE") COMMON STOCK (NASDAQ TICKER SYMBOL: APA; CUSIP: 037411105 (prior to March 2, 2021) and 03743Q108 (March 2, 2021, and after))** | **5** |
| **PART IV - RELEASE OF CLAIMS AND SIGNATURE** | **6** |

## PART I – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and understand the Notice, including the terms of the Releases described therein and provided for herein.

2. This Claim Form is directed to the Settlement Class, defined as: **all persons or entities who purchased or otherwise acquired Apache common stock from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), and were damaged thereby**. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 17 of the Notice.

3. By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of "Settlement Class" contained in ¶ 17 of the Notice), OR IF YOU SUBMIT A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5. Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Apache common stock. On this Schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Apache common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

6. **Please note**: Only Apache common stock purchased/acquired during the Class Period (*i.e.*, from September 7, 2016, through March 13, 2020, inclusive) is eligible under the Settlement. However, because the PSLRA provides for a "90-day Look Back Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases, acquisitions, and sales of Apache common stock during the period from March 16, 2020 through June 11, 2020 (*i.e.*, the 90-day Look Back Period) in order for the Claims Administrator to calculate your Recognized Loss Amount(s) under the Plan of Allocation and process your Claim. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

7. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the Apache common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Apache common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. **One Claim Form should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Apache common stock made on behalf of a single beneficial owner.

9. All joint beneficial owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Apache common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Apache common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

10. Agents, executors, administrators, guardians, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Apache common stock; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.

11. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

12. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13. **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@ApacheSecuritiesSettlement.com, or by toll-free phone at 1-877-311-3740, or you can visit the website maintained by the Claims Administrator, www.ApacheSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

15. **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website www.ApacheSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at info@ApacheSecuritiesSettlement.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@ApacheSecuritiesSettlement.com to inquire about your file and confirm it was received.**

**IMPORTANT PLEASE NOTE:**

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT 1-877-311-3740.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City

State

Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)

Telephone Number (work)

E-mail address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)
☐ Pension Plan
☐ Trust
☐ Corporation
☐ Estate
☐ IRA/401K
☐ Other ________________ (please specify)

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity, you may write "multiple." Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN APACHE COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Apache common stock during the period from September 7, 2016, through March 13, 2020, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information in this section regarding securities other than Apache common stock (NASDAQ ticker symbol: APA; CUSIP: 037411105 (prior to March 2, 2021) and 03743Q108 (March 2, 2021, and after)).

| **1. HOLDINGS AS OF SEPTEMBER 7, 2016** – State the total number of shares of Apache common stock held as of the opening of trading on September 7, 2016. (Must be documented.) If none, write "zero" or "0." __________ | Confirm Proof of Holding Position Enclosed ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM SEPTEMBER 7, 2016, THROUGH MARCH 13, 2020, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Apache common stock from after the opening of trading on September 7, 2016 through and including the close of trading on March 13, 2020. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM MARCH 16, 2020, THROUGH JUNE 11, 2020, INCLUSIVE** – State the total number of shares of Apache common stock purchased/acquired (including free receipts) from March 16, 2020 through and including the close of trading on June 11, 2020. (Must be documented.) If none, write "zero" or "0."[2] __________

| **4. SALES FROM SEPTEMBER 7, 2016, THROUGH JUNE 11, 2020, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Apache common stock from after the opening of trading on September 7, 2016 through and including the close of trading on June 11, 2020. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| **5. HOLDINGS AS OF JUNE 11, 2020** – State the total number of shares of Apache common stock held as of the close of trading on June 11, 2020. (Must be documented.) If none, write "zero" or "0." __________ | Confirm Proof of Holding Position Enclosed ☐ |
|---|---|

| ☐ | **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.** |
|---|---|

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Apache common stock from March 16, 2020 through and including the close of trading on June 11, 2020, is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 7 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated May 7, 2024, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendant Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the Claimant(s) did **not** submit a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the Apache common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendant Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions/sales of Apache common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to the Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that they are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that they are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that they are subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of Claimant Date

Print Claimant name

Signature of joint Claimant, if any Date

Print joint Claimant name

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of Claimant Date

Print name of person signing on behalf of Claimant

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page 3 of this Claim Form.)

**REMINDER CHECKLIST**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3. Do not highlight any portion of the Claim Form or any supporting documents.
4. Keep copies of the completed Claim Form and any supporting documentation for your own records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-311-3740.**
6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.
7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@ApacheSecuritiesSettlement.com, or by toll-free phone at 1-877-311-3740, or you may visit the website www.ApacheSecuritiesSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.APACHESECURITIESSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN OCTOBER 9, 2024.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

***Apache Corp. Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173035**
**Milwaukee, WI 53217**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before October 9, 2024, is indicated on the envelope and it is mailed First-Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claims received. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT C

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

In re: ROBERTSHAW US HOLDING CORP., *et al.*, Debtors.[1] ) Chapter 11 ) Case No. 24-90052 (CML) ) (Jointly Administered)

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF ADMINISTRATIVE CLAIMS FOR ADMINISTRATIVE CLAIMS ARISING ON OR PRIOR TO JUNE 7, 2024, THE FIRST ADMINISTRATIVE CLAIMS BAR DATE IS JULY 26, 2024, AT 4:00 P.M., PREVAILING CENTRAL TIME**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Deadlines for Filing Proofs of Administrative Claims.*** On June 21, 2024 the Court entered an order [Docket No. 675] (the "Administrative Claims Procedures Order")[2] establishing a bar date by which certain parties holding administrative expense claims ("Administrative Claims") against the Debtors must file proofs of claim ("Proofs of Administrative Claim") in the chapter 11 cases of the following debtors and debtors in possession (together, the "Debtors"): **DEBTOR, CASE NO.:** Robertshaw US Holding Corp., (24-90052); Range Parent, Inc., (24-90053); Robertshaw Controls Company, (24-90051); Burner Systems International, Inc., (24-90054); Robertshaw Mexican Holdings LLC, (24-90056); Controles Temex Holdings LLC, (24-90055); Universal Tubular Systems, LLC, (24-90057); Robertshaw Europe Holding LLC, (24-90058)

***The First Administrative Claims Bar Date.*** Pursuant to the Administrative Claims Procedures Order the last date and time for each entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of Administrative Claim based on any claim arising from section 503 of the Bankruptcy Code (a) arising on or prior to June 7, 2024, is **July 26, 2024, at 4:00 p.m., prevailing Central Time** (the "First Administrative Claims Bar Date").

***Parties Not Required or Entitled to File Proofs of Claim by the First Administrative Claims Bar Date.*** The following categories of claimants shall be exempted or excluded, as applicable, to file a Proof of Administrative Claim by the First Administrative Claims Bar Date:

a. any person or entity whose postpetition claim has previously been allowed by order of the Court and satisfied by the Debtors;

b. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

c. any Debtor having a claim against another Debtor;

d. a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Administrative Claim by the First Administrative Claims Bar Date for all other claims arising after the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

e. any current or former officer, director, employee, or holder of equity interests of any Debtor for claims based on indemnification, contribution, or reimbursement;

f. any entity (including any governmental entity) holding a claim for which a separate deadline is fixed by this Court;

g. the DIP Agent and the DIP Lenders (each as defined in the *Final Order (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Authorizing Debtors to Continue Use of Cash Collateral; (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection to the Prepetition First Out Super Priority Secured Parties; (V) Modifying Automatic Stay; and (VI) Granting Related Relief* [Docket No. 357] (the "DIP Order")) on account of any of the DIP Obligations (as defined in the DIP Order);

h. to the extent provided for by the DIP Order, any Prepetition Super-Priority Secured Parties (as defined in the DIP Order) with respect to any of the Prepetition First Out Indebtedness, Prepetition Second Out Indebtedness, Prepetition Third Out Indebtedness, Prepetition Fourth Out Indebtedness, Prepetition Fifth Out Indebtedness, the Adequate Protection Liens, or the Adequate Protection Superpriority Claims (each as defined in the DIP Order);

i. to the extent provided for by the DIP Order, any Prepetition Sixth Out Parties and Prepetition Seventh Out Parties (each as defined in the DIP Order) with respect to any indebtedness relating to the Sixth Out Credit Documents or Seventh Out Credit Documents (each as defined in the DIP Order) (including, without limitation, any principal, unpaid interest, fees, expenses and other amounts payable under the Sixth Out Credit Document (as defined in the DIP Order) or Seventh Out Credit Documents (as defined in the DIP Order)) and any other claims or rights subsequently granted by this Court;

j. any Professional Persons (as defined in the Plan) engaged by the DIP Lenders, the DIP Agent, the Prepetition Super-Priority Administrative Agent, or the DIP/First Out Group (each as defined in the DIP Order), on account of each such Professional Persons' reasonable and documented prepetition and postpetition fees and out of pocket expenses incurred; and

k. any Ad Hoc Group Advisors (as defined in the Plan) on account of the Restructuring Fees and Expenses (as defined in the Plan); and

l. any Professional Persons (as defined in the Plan) engaged by the Debtors or the Creditors' Committee on account of each such Professional Persons' reasonable and documented prepetition and postpetition fees and out of pocket expenses incurred.

**ANY ENTITY THAT IS REQUIRED, BUT FAILS, TO FILE A PROOF OF ADMINISTRATIVE CLAIM IN ACCORDANCE WITH THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER ON OR BEFORE THE FIRST ADMINISTRATIVE CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF ADMINISTRATIVE CLAIM WITH RESPECT THERETO) AND THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM.**

**ANY SUCH ENTITY WHO IS REQUIRED, BUT FAILS, TO FILE A PROOF OF ADMINISTRATIVE CLAIM IN ACCORDANCE WITH THE ADMINISTRATIVE CLAIMS PROCEDURES ORDER ON OR BEFORE THE FIRST ADMINISTRATIVE CLAIMS BAR DATE SHALL BE PROHIBITED FROM OBJECTING TO ANY PLAN FILED BY THE DEBTORS WITH RESPECT TO THE TREATMENT OF SUCH ALLEGED ADMINISTRATIVE CLAIM, PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

***Filing a Proof of Administrative Claim.*** Each Proof of Administrative Claim must be filed so that the Debtors' Claims and Noticing Agent ***actually receives*** the Proof of Administrative Claim on or before the First Administrative Claims Bar Date either (i) electronically by submitting the Proof of Administrative Claim through the Claims and Noticing Agent's website at https://cases.ra.kroll.com/RobertShaw/or (ii) via U.S. Mail or other hand-delivery system, which Proof of Administrative Claim must include an original signature, at one of the following addresses: **If by first class mail:** Robertshaw US Holding Corp. Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850; **If by hand delivery, or overnight courier:** Robertshaw US Holding Corp. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF ADMINISTRATIVE CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

***Contents of Proofs of Administrative Claim.*** Each Proof of Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Administrative Claim Form provided by the Debtors or Official Form 410; (iv) provide the basis for such Administrative Claims; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

***Electronic Signatures Permitted.*** Proofs of Administrative Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Administrative Claim or Proofs of Administrative Claim sent by facsimile or electronic mail will not be accepted.

***Identification of the Debtor Entity.*** Each Proof of Administrative Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Administrative Claim filed under the joint administration case number or otherwise without identifying a specific Debtor will be deemed as filed only against Robertshaw US Holding Corp.

***Claim against Multiple Debtor Entities.*** Each Proof of Administrative Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Administrative Claim, such claim may be treated as if filed only against Robertshaw US Holding Corp.

***Receipt of Service.*** Claimants submitting a Proof of Administrative Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Administrative Claim were received by the Claims and Noticing Agent must submit a copy of the Proof of Administrative Claim Form (in addition to the original Proof of Administrative Claim Form sent to the Claims and Noticing Agent) and a self-addressed, stamped envelope.

***Additional Information.*** If you have any questions regarding the claims process and/or you wish to obtain a copy of the Administrative Bar Date Notice, a Proof of Administrative Claim Form or related documents you may do so by: (a) calling the Debtors' restructuring hotline at (646) 777-2308 (international) or (844) 536-2001 (U.S./Canada, toll free); or (b) emailing robertshawinfo@ra.kroll.com. Please note that Kroll cannot provide legal advice regarding the filing of a Proof of Administrative Claim, and you should consult your own attorney.

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Range Parent, Inc. (7956); Robertshaw US Holding Corp. (1898); Robertshaw Controls Company (9531); Burner Systems International, Inc. (8603); Robertshaw Mexican Holdings LLC (9531); Controles Temex Holdings LLC (9531); Universal Tubular Systems, LLC (8603); and Robertshaw Europe Holdings LLC (8843). The primary mailing address used for each of the foregoing debtors is 1222 Hamilton Parkway, Itasca, Illinois 60143.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Administrative Claims Procedures Order.

## BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

In re: ROBERTSHAW US HOLDING CORP., *et al.*, Debtors.[1] ) Chapter 11 ) Case No. 24-90052 (CML) ) (Jointly Administered)

**NOTICE OF (A) APPROVAL OF DISCLOSURE STATEMENT, (B) PLAN CONFIRMATION HEARING AND (C) DEADLINE TO OBJECT TO CONFIRMATION OF PLAN**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOUR RIGHTS MAY BE AFFECTED BY THE PLAN. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**TO: ALL HOLDERS OF CLAIMS AGAINST AND INTERESTS IN ROBERTSHAW US HOLDING CORP. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND ALL OTHER PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**PLEASE TAKE NOTICE THAT** on June 21, 2024, Robertshaw US Holding Corp. and its affiliate debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), filed the (i) *First Amended Joint Plan of Liquidation of Robertshaw US Holding Corp. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 670] (as may be amended from time to time, the "Plan"), and *Disclosure Statement for First Amended Joint Plan of Liquidation of Robertshaw US Holding Corp. and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 671] (as amended, modified, or supplemented from time to time, the "Disclosure Statement").[2] On June 21, 2024, the Bankruptcy Court entered an order [Docket No. 676] that, among other things, approved the Disclosure Statement and established **July 26, 2024, at 4:00 p.m. (prevailing Central Time)** as the deadline for objecting to confirmation of the Plan (the "Objection Deadline") and **August 2, 2024, at 9:00 a.m. (prevailing Central Time)** as the date and time of the hearing to consider confirmation of the Plan (the "Confirmation Hearing").

If you wish to review the Plan, you may receive a copy of the Plan free of charge from Kroll Restructuring Administration LLC, the balloting agent retained by the Debtors in these chapter 11 cases ("Kroll"), by: (i) calling the Debtors' restructuring hotline at (646) 777-2308 (international) or (844) 536-2001 (U.S./Canada, toll free); (ii) visiting the Debtors' restructuring website at: https://cases.ra.kroll.com/Robertshaw; or (iii) sending an email to robertshawinfo@ra.kroll.com with "Robertshaw Solicitation Inquiry" in the subject line. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: https://www.txs.uscourts.gov/bankruptcy. Please be advised that Kroll is authorized to answer questions and provide additional copies of solicitation materials but may **not** advise you as to whether you should object to the Plan.

The Bankruptcy Court can confirm the Plan and bind all Holders of Claims and Interests if, after approval of the Disclosure Statement and the solicitation of votes to accept or reject the Plan, it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Voting Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and (b) otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on all Holders of Claims and Equity Interests whether or not a particular Holder was entitled to vote, voted, or affirmatively voted to reject the Plan.

The Confirmation Hearing to consider confirmation of the Plan will commence on **August 2, 2024, at 9:00 a.m. (prevailing Central Time)**, before the Honorable Judge Christopher M. Lopez, United States Bankruptcy Judge, in Courtroom 401 of the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002 (or via telephonic or other electronic means, as the Bankruptcy Court may direct). The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on such parties as the Bankruptcy Court may order. Moreover, the Plan may be modified or amended, if necessary, pursuant to section 1127 of the Bankruptcy Code, before, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

**CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**

**ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Confirmation Objection Deadline. The deadline for filing Confirmation Objections is **July 26, 2024, at 4:00 p.m. (prevailing Central Time)**.

Any objection to the confirmation of the Plan must: (a) be made in writing, (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual basis for the objection, and (e) be filed with the Court and served so as to be **actually received** no later than the Confirmation Objection Deadline by the parties listed below (the "Notice Parties"). CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.

(a) Counsel to the Debtors: (i) Latham & Watkins, LLP, 1271 Avenue of the Americas, New York, New York 10020 (Attn: George A. Davis (george.davis@lw.com), George Klidonas (george.klidonas@lw.com), Adam Ravin (adam.ravin@lw.com) and Misha Ross (misha.ross@lw.com)); and (ii) Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002 (Attn: Timothy A. ("Tad") Davidson II (taddavidson@HuntonAK.com) and Ashley L. Harper (ashleyharper@HuntonAK.com)); (b) Office of the United States Trustee for the Southern District of Texas: 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Jana Whitworth) (Jana.Whitworth@usdoj.gov) and Andrew Jimenez (Andrew.Jimenez@usdoj.gov)); (c) Counsel to the Ad Hoc Group: (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com) and Jason Zachary Goldstein; (jgoldstein@gibsondunn.com)); and (ii) Munsch Hardt Kopf & Harr, P.C., 700 Milam Street, Suite 800, Houston, TX 77002 (Attn: John D. Cornwell (jcornwell@munsch.com) and Brenda L. Funk (bfunk@munsch.com)); (d) Counsel to ORC: (i) Debevoise & Plimpton LLP, 66 Hudson Blvd E, New York, New York 10001 (Attn: Sidney Levinson (slevinson@debevoise.com), Erica Weisgerber (eweisgerber@debevoise.com), and Mitch Carlson (mcarlson@debevoise.com)); and (ii) Kelley Drye & Warren LLP, 515 Post Oak Blvd. Suite 900 Houston, TX 77027 (Attn: Sean T. Wilson (swilson@kelleydrye.com)); (e) Counsel to the Prepetition/DIP Agent: ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019 (Attn: Brett D. Goodman (brett.goodman@afslaw.com), Jeffrey R. Gleit (jeffrey.gleit@afslaw.com), and Matthew R. Bentley (matthew.bentley@afslaw.com)); and (f) Counsel to the Creditors' Committee: McDermott Will & Emery LLP, (i) 2501 North Harwood Street, Suite 1900, Dallas, TX 75201-1664 (Attn: Charles R. Gibbs (crgibbs@mwe.com) and Michael D. Wombacher (mwombacher@mwe.com)); (ii) One Vanderbilt Avenue, New York, NY 10017-3852 (Attn: Darren Azman (dazman@mwe.com), Kristin Going (kgoing@mwe.com); and Natalie Rowles (nrowles@mwe.com)); (iii) 1180 Peachtree St. NE, Suite 3350, Atlanta, GA 30309 (Attn: Daniel M. Simon (dsimon@mwe.com)).

**ADDITIONAL INFORMATION.** THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS. THESE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE. YOU SHOULD REVIEW THESE PROVISIONS CAREFULLY.

**PLAN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS**

***Defined Terms***

"**Exculpated Parties**" means collectively: (a) the Debtors; (b) each independent director of the Debtors; and (c) the Committee and each of the members of the Committee.

"**Released Parties**" means collectively: (a) each Debtor and Post-Effective Date Debtor; (b) the Debtors' current and former officers, directors, and managers; (c) the Ad Hoc Group; (d) ORC (as defined in paragraph 39 of the DIP Order); (e) Delaware Trust; (f) the DIP Secured Parties; (g) the Plan Administrator; (h) the Liquidation Trustee; (i) the Committee and its members; and (j) with respect to each of the foregoing Entities in clauses (a) through (i), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals.

"**Releasing Parties**" means, collectively: (a) the Released Parties; (b) all Holders of Claims that vote to accept or are deemed to accept the Plan; (c) all Holders of Claims that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan; (d) all Holders of Claims and Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable form indicating that they opt not to grant the releases provided in the Plan in accordance with the procedures set forth in the Solicitation Procedures Order; and (e) with respect to each of the Debtors, the Post-Effective Date Debtors, and each of the foregoing Entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), interest holders, predecessors, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such collectively.

***Article X.B Debtor Release.*** **As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan and the obligations contemplated by this Plan and the documents in the Plan Supplement, or as otherwise provided in any order of the Bankruptcy Court, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released, to the maximum extent permitted by law, by the Debtors, the Post-Effective Date Debtors, and the Estates, in each case on behalf of themselves and their respective successors, assigns, and Representatives and any and all other Persons that may purport to assert any Causes of Action derivatively, by or through the foregoing Persons, from any and all Claims and Causes of Action (including any derivative claims, asserted or assertable on behalf of the Debtors, the Post-Effective Date Debtors, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that the Debtors, the Post-Effective Date Debtors, the Estates, or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person (collectively, the "Debtor Released Claims"), based on or relating to, or in any manner arising from, in whole or in part, the** Debtors, the Debtors' capital structure, the Post-Effective Date Debtors, or their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any asset or security of the Debtors or the Post-Effective Date Debtors, the December Transaction, the May Transaction, the Prepetition Super-Priority Credit Agreement (including, for the avoidance of doubt, the first through fifth amendments related thereto), the Sixth Out Credit Documents, the Seventh Out Credit Documents (including any intercreditor agreements related to the foregoing), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the Debtors' in or out-of-court restructuring and recapitalization efforts, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Restructuring Support Agreement, the documents in the Plan Supplement, the Asset Purchase Agreement, the Bidding Procedures Order, the Sale Transaction, the Sale Order, the Committee Settlement, the Disclosure Statement, the DIP Order and the DIP Documents, this Plan, and related agreements, instruments, and other documents, and the negotiation, formulation, preparation, dissemination, filing, pursuit of consummation, or implementation thereof, the solicitation of votes with respect to this Plan, or any other act or omission; provided, however, that the foregoing "Debtor Release" shall not operate to waive or release, and the "Debtor Released Claims" shall not include, any Cause of Action of any Debtor or its Estate: (1) against a Released Party arising from any obligations owed to the Debtors pursuant to an Executory Contract or Unexpired Lease that is not otherwise rejected by the Debtors pursuant to section 365 of the Bankruptcy Code before, after, or as of the Effective Date; (2) expressly set forth in and preserved by this Plan or related documents; (3) that is of a commercial nature and arising in the ordinary course of business, such as accounts receivable and accounts payable on account of goods and services being performed; (4) against a Holder of a Disputed Claim to the extent necessary to administer and resolve such Disputed Claim solely in accordance with this Plan; or (5) arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, gross negligence, willful misconduct or criminal conduct (other than with respect to or relating to the Adversary Actions). Notwithstanding anything to the contrary in the foregoing, the "Debtor Release" set forth above does not release any post-Effective Date obligations of any Entity under this Plan or any document, instrument or agreement executed in connection with this Plan with respect to the Debtors, the Post-Effective Date Debtors, or the Estates.

***Article X.C Releases by Holders of Claims and Interests.*** **As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce this Plan, and the obligations contemplated by this Plan and the documents in the Plan Supplement, or as otherwise provided in any order of the Bankruptcy Court, on and after the Effective Date, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released, to the maximum extent permitted by law, by the Releasing Parties, in each case from any and all Claims and Causes of Action whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Post-Effective Date Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such Holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, Representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person (collectively, the "Third Party Released Claims"), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' capital structure, the Post-Effective Date Debtors, or their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any asset or security of the Debtors or the Post-Effective Date Debtors, the December Transaction, the May Transaction, the Prepetition Super-Priority Credit Agreement (including, for the avoidance of doubt, the first through fifth amendments related thereto), the Sixth Out Credit Documents, the Seventh Out Credit Documents (including any intercreditor agreements related to the foregoing), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the Debtors' in or out-of-court restructuring and recapitalization efforts, intercompany transactions between or among a Debtor and another Debtor, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the documents in the Plan Supplement, the Asset Purchase Agreement, the Bidding Procedures Order, the Sale Transaction, the Committee Settlement, the Sale Order, the Disclosure Statement, the DIP Order and the DIP Documents, this Plan, and related agreements, instruments, and other documents, and the negotiation, formulation, preparation, dissemination, filing, pursuit of consummation, or implementation thereof, the solicitation of votes with respect to this Plan, or any other act or omission; provided, however, that the foregoing Third-Party Release shall not operate to waive or release, and the "Third-Party Released Claims" shall not include, any Cause of Action of any Releasing Party: (1) against a Released Party arising from any obligations owed to the Releasing Party that are wholly unrelated to the Debtors or the Post-Effective Date Debtors; (2) expressly set forth in and preserved by this Plan or related documents; or (3) arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, gross negligence, willful misconduct or criminal conduct (other than with respect to or relating to the Adversary Actions). Notwithstanding anything to the contrary in the foregoing, the "Third-Party Release" set forth above does not release any post-Effective Date obligations of any Entity under this Plan or any document, instrument or agreement executed in connection with this Plan.**

***Article X.D Exculpation.*** **To the fullest extent permitted by applicable law, and without affecting or limiting the releases set forth in Article X.B. or Article X.C. of this Plan, effective as of the Effective Date, the Exculpated Parties shall neither have nor incur any liability to any Person or entity for any claims, causes of action or for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date in connection with or arising out of: the administration of the Chapter 11 Cases, commencement of the Chapter 11 Cases, pursuit of Confirmation and consummation of this Plan, making Distributions, implementing the Wind-Down, the Disclosure Statement, the Sale Transaction, the Asset Purchase Agreement, the Committee Settlement, the Sale Order, or the solicitation of votes for, or Confirmation of, this Plan; the occurrence of the Effective Date; the administration of this Plan or the property to be distributed under this Plan; the issuance of securities under or in connection with this Plan; the purchase, sale, or rescission of the purchase or sale of any asset or security of the Debtors; or the transactions in furtherance of any of the foregoing; provided, however, that none of the foregoing provisions shall operate to waive or release (i) any Claims or Causes of Action arising out of or related to any act or omission of an Exculpated Party that constitutes intentional fraud, criminal conduct, or willful misconduct, as determined by a Final Order, and (ii) the Exculpated Parties' rights and obligations under this Plan, the Plan Supplement documents, and the Confirmation Order, but in all respects such Persons will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to this Plan. The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes on this Plan and, therefore, are not, and will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or Distributions made pursuant to this Plan. The Exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.**

***Article X.E Permanent Injunction.*** The Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to the plan, including the Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in the plan or the Confirmation Order.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action, as applicable, subject to Article X.B, Article X.C, Article X.D, and Article X.E hereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action, as applicable, against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party, as applicable. At the hearing for the Bankruptcy Court to determine whether such Claim or Cause of Action represents a colorable Claim of any kind, the Bankruptcy Court may, or shall if any Debtor, Reorganized Debtor, Exculpated Party, Released Party, or other party in interest requests by motion (oral motion being sufficient), direct that such Person or Entity seeking to commence or pursue such Claim or Cause of Action file a proposed complaint with the Bankruptcy Court embodying such Claim or Cause of Action, such complaint satisfying the applicable Rules of Federal Procedure, including, but not limited to, Rule 8 and Rule 9 (as applicable), which the Bankruptcy Court shall assess before making a determination. For the avoidance of doubt, any party that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any claims or causes of action not explicitly included in the authorized complaint or petition must obtain authorization from the Bankruptcy Court before filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by applicable law.

Dated: June 21, 2024, Houston, Texas, /s/ Timothy A. ("Tad") Davidson II, Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503), Ashley L. Harper (Texas Bar No. 24065272), Philip M. Guffy (Texas Bar No. 24113705), **HUNTON ANDREWS KURTH LLP**, 600 Travis Street, Suite 4200, Houston, TX 77002, Telephone: 713-220-4200, Email: taddavidson@HuntonAK.com, ashleyharper@HuntonAK.com, pguffy@HuntonAK.com -and- George A. Davis (NY Bar No. 2401214), George Klidonas (NY Bar No. 4549432), Adam S. Ravin (NY Bar No. 4079190), Misha E. Ross (NY Bar No. 5412747), **LATHAM & WATKINS LLP**, 1271 Avenue of the Americas, New York, NY 10020, Telephone: (212) 906-1200, Email: george.davis@lw.com, george.klidonas@lw.com, adam.ravin@lw.com, misha.ross@lw.com, *Counsel for the Debtors and Debtors in Possession*

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Range Parent, Inc. (7956); Robertshaw US Holding Corp. (1898); Robertshaw Controls Company (9531); Burner Systems International, Inc. (8603); Robertshaw Mexican Holdings LLC (9531); Controles Temex Holdings LLC (9531); Universal Tubular Systems, LLC (8603); and Robertshaw Europe Holdings LLC (8843). The primary mailing address used for each of the foregoing debtors is 1222 Hamilton Parkway, Itasca, Illinois 60143.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Plan.

## BUSINESS OPPORTUNITIES

MORTGAGE REIT 8%-9% RETURN
TAX EFFICIENCY
REAL ESTATE SECURED
GROWTH / INCOME
SEEKING RIA'S & ACCREDITED INVESTORS
866-700-0600
ALLIANCE MORTGAGE FUND
120 Vantis Dr., Ste. 515 • Aliso Viejo, CA 92656
www.AlliancePortfolio.com
RE Broker • CA DRE • 02066955 Broker License ID

**Active Calif Gold Mine.** We have permits and ready to operate. Need $2.5mm to complete and start production on $100,000,000.00+ worth of gold on our ~75 acre property. We are offering 40% partnership. Data room set up for review. **neilganz61@gmail.com**

## BANKRUPTCIES

**NOTICE OF INTENT TO DISPOSE OF CLIENT FILES**
**By Stroock & Stroock & Lavan LLP,**
A New York Limited Liability Partnership in Dissolution

On November 17, 2023, the law firm of Stroock & Stroock & Lavan LLP ("Stroock") entered into dissolution and, effective as of December 31, 2023, ceased providing legal services. Currently, Stroock is winding down its affairs and liquidating its assets.

As part of its dissolution process, Stroock intends to dispose of unclaimed client files (whether physical or electronic) in its possession, or under its control, by rendering them unreadable and otherwise destroying them.

Parties who believe that their files are in the possession, or under the control, of Stroock and desire to claim and retrieve, at their own expense, such files must complete and submit an online client file retrieval form by no later than August 9, 2024. You may obtain an online retrieval form, along with instructions about completing and submitting same, by sending a request by email to: FileRetrieval@Stroock.com.

*There is no requirement for any party to retrieve a file it otherwise does not wish to obtain.*

**THE DEADLINE FOR SUBMITTING AN ONLINE REQUEST TO RETRIEVE YOUR CLIENT FILES IS AUGUST 9, 2024.**

**IF A PROPERLY COMPLETED ONLINE RETRIEVAL FORM IS NOT SUBMITTED BY AUGUST 9, 2024, STROOCK MAY PROCEED TO DESTROY YOUR FILES AND YOU WILL RECEIVE NO FURTHER COMMUNICATION REGARDING SAME.**

Dated: June 11, 2024

THE WALL STREET JOURNAL.
THE MARKETPLACE
ADVERTISE TODAY
(800) 366-3975
For more information visit:
wsj.com/classifieds

© 2024 Dow Jones & Company, Inc. All Rights Reserved.

## CAREERS

**D365 CRM Solution Developers**

[MULTIPLE POSITIONS] Avanade Inc. seeks D365 CRM Solution Developers in Florham Park, NJ to design, deploy, and test conceptual architecture and technical solutions. Periodic travel to client sites (domestic) is expected. Must live w/in commuting distance of Florham Park, NJ. Position requires at least a bach. deg., or foreign equiv., & at least 4 yrs.' exp. For full position details and requirements, and to apply online, please visit www.avanade.com [Click Careers: Choose "Search for your dream job": Search by Keyword: 5542] OR visit https://www.avanade.com/en/career/job-details/5542

To apply, send resume to: 3423@google.com. Must reference job code # below:

Software Engineer (Multiple Openings) (New York, NY) Design, develop, modify, and/or test software needed for various Waymo projects. Waymo LLC; **Job Code: 1615.39474** Exp. Inc: C and C++; Machine Learning and Artificial Intelligence; Multi-Threading, Data Mining, and Advanced Algorithms; and Object Oriented Analysis and Design. Salary: $225,000-$243,000 per year plus bonus, equity, and benefits.

Position reports to the Waymo LLC New York, NY office and may allow for partial telecommuting.

## COMMERCIAL REAL ESTATE

**NOTICE OF PUBLIC SALE OF COLLATERAL**

PLEASE TAKE NOTICE, that in accordance with applicable provisions of the Uniform Commercial Code as enacted in New York, Fortress Credit CO LLC, a Delaware limited liability company, the agent under certain loan agreement(s) ("Secured Party") will offer at public auction all member and other equity interests in and to 100% of the limited liability company interests in 5 East 51st ST Development Company LLC (the "Pledged Securities"), which entity, directly or indirectly owns, leases and/or operates the real property located at 5 East 51st Street, New York, New York. The public auction will be held in person and virtually via Zoom Remote Meeting on July 10, 2024, at 1:00 p.m. (EST). Secured Party reserves the right to cancel the sale in its entirety or to adjourn the sale to a future date. The Pledged Securities have not been and will not be registered under the Securities Act of 1933 (the "Act") and are being offered for sale in a transaction exempt from the requirements of the Act. All potential bidders will be required to comply with all federal and state securities laws in effect in respect of the submission of bids and actual purchases of the Pledged Securities. The Secured Party reserves the right to require bidders to represent that the Pledged Securities are being purchased with investment intent for the bidder's own account and not with a view toward resale or distribution and will not be resold except pursuant to a valid registration statement under the Act or pursuant to an applicable exemption. Additional representations may be required to comply with transfer requirements and state securities laws that may apply. The Pledged Securities will be sold "as-is, where-is", with no express or implied warranties or representations of any kind made by Secured Party and without any recourse whatsoever to Secured Party. Interested parties must execute a standard confidentiality and non-disclosure agreement (the "Confidentiality Agreement"). To review and execute the Confidentiality Agreement, please visit our website at https://rimarketplace.com/listing/63487/ucc-disposition-sale-pledge-of-equity-interest-indirect-interest-in-mixed-use-development-new-york-ny. For questions and inquiries, please contact Brock Cannon of Newmark Group, Inc. at brock.cannon@nmrk.com or Jasmine Khaneja of Milbank LLP at jkhaneja@milbank.com. Interested parties who do not comply with the foregoing and any other requirements of the applicable terms of sale prior to the deadlines set forth therein will not be permitted to enter a bid.

THE WALL STREET JOURNAL.
SHOWROOM
(800) 366-3975
sales.showroom@wsj.com
For more information visit:
wsj.com/classifieds
© 2024 Dow Jones & Company, Inc. All Rights Reserved.

## DEA

**LEGAL NOTICE**
**DEA NOTICE OF FORFEITURE SOUTHERN DISTRICT OF TEXAS**

**2016 Cadillac XTS Sedan**
**VIN 2G61N5S3XG9103634**

**Seized from Leandro Antonio Tabora-Mendez on 03/24/2021 at 7218 Foxcrest Lane, Humble, TX. Any person asserting an ownership or possessory interest and desiring to claim the above vehicle has 30 days from the date of the first publication to file a claim with DEA at 1433 West Loop South, Suite 600, Houston, TX 77027. Attn: DEA/ARG.**

## NOTICE OF SALE

**SUPREME COURT - COUNTY OF SUFFOLK-SMITHTOWN**

SHAUGHNESSY CAPITAL LLC, Plaintiff -against- CROSSROAD REALTY NY, LLC, et al Defendant(s). Pursuant to a Judgment of Foreclosure and Sale dated December 5, 2022 and entered on December 14, 2022, I, the undersigned Referee will sell at public auction at the front steps of the Smithtown Town Hall 99 West Main Street Smithtown NY on July 10, 2024 at 9:00 a.m. that certain premises situated, lying and being in the Town of Smithtown, Suffolk County, New York, bounded and more particularly described as follows:

As to Lot 12: ALL that certain plot, piece, or parcel of land situate, lying and being at Kings Park, Town of Smithtown, Suffolk County, New York, being more particularly bounded and described as follows: BEGINNING at a point on the easterly side of Old Indian Head Road, distant 78.37 feet South of the southwesterly terminus of the arc of a curve having a radius of 25.00 feet and a length of 39.69 feet, which said curve connects the easterly side of Indian Head Road with the westerly side of Old Indian Head Road, said point also being a monument on the division line between Tax Lots 012.000 and 039.000 on the Suffolk County Tax Map; RUNNING THENCE North 82 degrees 51 minutes 30 seconds East, 144.06 feet actual; THENCE South 03 degrees 27 minutes 00 seconds East 187.75 feet actual; THENCE South 82 degrees 51 minutes 30 seconds West, 237.15 feet to a point on the easterly side of Indian Head Road; THENCE along the easterly side of Indian Head Road, the following two courses and distances: 1. Along the arc of a curve bearing to the right having a radius of 2,904.79 feet, a length of 157.54 feet actual; 2. North 21 degrees 01 minutes 45 seconds East actual (North 21 degrees 04 minutes 25 seconds East Deed), 57.35 feet to the point or place of BEGINNING. Section: 042.00 Block: 01.00 Lot: 012.000

As to Lot 39: ALL that certain plot, piece, or parcel of land situate, lying and being in the Town of Smithtown, County of Suffolk, State of New York, as shown on a map on file in the Office of the Commissioner of Public Works of the County of Suffolk, and more particularly described as follows: BEGINNING at a point on the easterly side of Indian Head Road, County Road No. 14, at the southwesterly terminus of the arc of a curve having a radius of 25.00 feet and a length of 39.69 feet which said curve connects the easterly side of Indian Head Road with the westerly side of Old Indian Head Road; RUNNING THENCE along said curve bearing to the right having a radius of 25.00 feet, a length of 39.69 feet actual; THENCE South 68 degrees 00 minutes 30 seconds, East 64.04 feet actual to a point of tangency; THENCE on a curve bearing to the right having a radius of 35.00 feet, a length of 39.44 feet; THENCE South 03 degrees 27 minutes 00 seconds East 15.15 feet to a monument being the division line between Tax Lots 012.00 and 039.000 on the Suffolk County Tax Map; THENCE along said division line South 82 degrees 51 minutes 30 seconds West 144.06 feet actual to a monument on the westerly side of Indian Head Road; THENCE North 21 degrees 01 minutes 45 seconds East 78.37 feet actual, (North 21 degrees 04 minutes 25 seconds East 78.27 feet deed) to the point or place of BEGINNING. Section: 042.00 Block: 01.00 Lot: 039.000.

The Referee does **NOT** accept cash. Only bank or certified checks will be accepted. All certified funds MUST be made payable to, "BRIAN T. EGAN, ESQ., as Referee."

Approximate amount of judgment $4,030,870.55 plus interest & costs.

Premises to be sold: 263-265 Indian Head Road, Smithtown, New York 11754

Premises will be sold subject to provisions of filed Judgment and Terms of Sale.

Index Number 606245/2019.

BRIAN T. EGAN, ESQ., Referee
Meltzer Lippe Goldstein & Breitstone, LLP
Attorney(s) for Plaintiff
190 Willis Ave., Mineola, NY 11501

## CLASS ACTION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE APACHE CORP. SECURITIES LITIGATION

Case No. 4:21-cv-00575
District Judge George C. Hanks, Jr.
Magistrate Judge Andrew M. Edison
CLASS ACTION

**SUMMARY NOTICE OF: (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons or entities who purchased or otherwise acquired Apache Corp. common stock from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), and were damaged thereby ("Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated May 7, 2024 ("Stipulation") and the detailed Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at www.ApacheSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Court-appointed Lead Plaintiffs Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund (together, "Lead Plaintiffs"), and defendants Apache Corp. and its successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol APA ("Apache"), John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney (collectively, "Defendants") have reached a proposed settlement of the Action on behalf of the Settlement Class for $65,000,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on **September 19, 2024 at 10:00 a.m.**, before the Honorable Andrew M. Edison, United States Magistrate Judge for the Southern District of Texas, in Courtroom 8B of the Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, to determine, among other things: (i) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iii) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and payment of expenses in an amount not to exceed $1.9 million (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website www.ApacheSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, www.ApacheSecuritiesSettlement.com. You may also obtain a copy of the Notice and Claim Form by contacting the Claims Administrator by mail at *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217; by calling toll free 1-877-311-3740; or by sending an email to info@ApacheSecuritiesSettlement.com. Copies of the Notice and Claim Form can also be found on Lead Counsel's websites www.ktmc.com and www.saxenawhite.com.

If you are a Settlement Class member, in order to be eligible to receive a payment from the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online via www.ApacheSecuritiesSettlement.com, no later than October 9, 2024***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than August 29, 2024***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments, or orders entered by the Court in the Action and you will not receive any benefits from the Settlement. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received no later than August 29, 2024***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Apache Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217
1-877-311-3740
info@ApacheSecuritiesSettlement.com
www.ApacheSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

Kessler Topaz Meltzer & Check, LLP
Joshua E. D'Ancona, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706
info@ktmc.com

Saxena White P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
1-858-997-0860
settlements@saxenawhite.com

DATED: June 26, 2024

BY ORDER OF THE COURT
United States District Court
Southern District of Texas

# EXHIBIT D

# Kessler Topaz Meltzer & Check, LLP and Saxena White P.A. Announce Pendency of Class Action and Proposed Settlement of In re Apache Corp. Securities Litigation

NEWS PROVIDED BY

**Kessler Topaz Meltzer & Check, LLP and Saxena White P.A. ➞**

Jun 26, 2024, 10:00 ET

HOUSTON, June 26, 2024 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575<br><br>District Judge George C. Hanks, Jr.<br><br>Magistrate Judge Andrew M. Edison<br><br>CLASS ACTION |

**SUMMARY NOTICE OF: (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons or entities who purchased or otherwise acquired Apache Corp. common stock from September 7, 2016, through March 13, 2020, inclusive ("Class Period"), and were damaged thereby ("Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated May 7, 2024 ("Stipulation") and the detailed Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at **www.ApacheSecuritiesSettlement.com**.

**YOU ARE ALSO HEREBY NOTIFIED** that Court-appointed Lead Plaintiffs Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund (together, "Lead Plaintiffs"), and defendants Apache Corp. and its successor APA Corporation, a Delaware corporation listed on NASDAQ under the symbol APA ("Apache"), John J. Christmann IV, Timothy J. Sullivan, and Stephen J. Riney (collectively, "Defendants") have reached a proposed settlement of the Action on behalf of the Settlement Class for $65,000,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on **September 19, 2024 at 10:00 a.m.**, before the Honorable Andrew M. Edison, United States Magistrate Judge for the Southern District of Texas, in Courtroom 8B of the Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, to determine, among other things: (i) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iii) whether Lead Counsel's motion for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and payment of expenses in an amount not to exceed $1.9 million (which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the

Settlement Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website **www.ApacheSecuritiesSettlement.com**.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, **www.ApacheSecuritiesSettlement.com**. You may also obtain a copy of the Notice and Claim Form by contacting the Claims Administrator by mail at *Apache Corp. Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217; by calling toll free 1-877-311-3740; or by sending an email to **info@ApacheSecuritiesSettlement.com**.  Copies of the Notice and Claim Form can also be found on Lead Counsel's websites **www.ktmc.com** and **www.saxenawhite.com**.

If you are a Settlement Class member, in order to be eligible to receive a payment from the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online via www.ApacheSecuritiesSettlement.com, no later than October 9, 2024***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than August 29, 2024***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments, or orders entered by the Court in the Action and you will not receive any benefits from the Settlement. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received no later than August 29, 2024***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Apache Corp. Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217
1-877-311-3740
info@ApacheSecuritiesSettlement.com
www.ApacheSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

Kessler Topaz Meltzer & Check, LLP
Joshua E. D'Ancona, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706
info@ktmc.com

Saxena White P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
1-858-997-0860
settlements@saxenawhite.com

DATED: June 26, 2024

BY ORDER OF THE COURT
United States District Court
Southern District of Texas

SOURCE Kessler Topaz Meltzer & Check, LLP and Saxena White P.A.