**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 <br><br> District Judge George C. Hanks, Jr. <br><br> Magistrate Judge Andrew M. Edison <br><br> <u>CLASS ACTION</u> |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF
ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF
<u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ............................................................................... 1

II. THE SETTLEMENT CLASS'S REACTION PROVIDES ADDITIONAL
SUPPORT FOR APPROVAL OF THE MOTIONS ............................................... 3

A.  The Settlement Class's Reaction to the Settlement Has Been
Overwhelmingly Favorable .............................................................................. 4

B.  The Settlement Class's Strongly Favorable Reaction Also Supports
Approval of Lead Counsel's Request for Attorneys' Fees and
Expenses ............................................................................................................ 5

III. CONCLUSION ...................................................................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AT&T Corp. Sec. Litig.*,
  2005 WL 6716404 (D.N.J. Apr. 25, 2005) ................................................................ 5

*Burnett v. CallCore Media, Inc.*,
  2024 WL 3166453 (S.D. Tex. June 25, 2024) ........................................................... 4

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  2017 WL 2481782 (N.D. Cal. June 8, 2017) ............................................................ 5

*Celeste v. Intrusion, Inc.*,
  2022 WL 17736350 (E.D. Tex. Dec. 16, 2022)...................................................4, 5-6

*Erica P. John Fund, Inc. v. Halliburton Co.*,
  2018 WL 1942227 (N.D. Tex. Apr. 25, 2018) ....................................................... 4, 5

*Marcus v. J.C. Penney Co., Inc.*,
  2018 WL 307024 (E.D. Tex. Jan. 4, 2018)................................................................. 5

*Marcus v. J.C. Penney Co., Inc.*,
  2017 WL 6590976 (E.D. Tex. Dec. 18, 2017)........................................................... 5

*Melby v. Am.'s MHT, Inc.*,
  2018 WL 10399004 (N.D. Tex. June 22, 2018) ........................................................ 4

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005)...................................................................................... 6

*Schwartz v. TXU Corp.*,
  2005 WL 3148350 (N.D. Tex. Nov. 8, 2005)......................................................... 4, 5

*Spegele v. USAA Life Ins. Co.*,
  2021 WL 4935978 (W.D. Tex. Aug. 26, 2021)...................................................... 4, 6

**Statutes**

28 U.S.C. § 1715 *et seq.* ..............................................................................................2-3

ii

Court-appointed Lead Plaintiffs Plymouth County Retirement Association and the Trustees of the Teamsters Union No. 142 Pension Fund (together, "Lead Plaintiffs"),[1] on behalf of themselves and the Settlement Class, and Lead Counsel respectfully submit this reply memorandum in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation (Dkt. 164); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (Dkt. 165) (together, the "Motions").

I.      PRELIMINARY STATEMENT

As detailed in Lead Plaintiffs' and Lead Counsel's opening papers in support of the Motions filed on August 15, 2024 (Dkts. 164-166) ("Opening Papers"), the proposed $65,000,000 cash Settlement is fair, reasonable and adequate under Rule 23(e)(2) and an excellent result for the Settlement Class. The Settlement—the result of protracted negotiations following extensive discovery and years of hard-fought litigation, including formal mediation before a highly experienced mediator followed by approximately two months of settlement discussions under the mediator's oversight—accounts for the risks of continued litigation as well as the delay and substantial expense of litigating the Action through the completion of fact discovery, expert discovery, summary judgment, trial, and the inevitable post-trial appeals. The Settlement Amount (after deduction of Court-

_____

[1]      Capitalized terms not defined in this reply memorandum have the meanings set forth in the Stipulation and Agreement of Settlement, dated May 7, 2024 (Dkt. 162-2), or in the Joint Declaration of David R. Kaplan and Joshua E. D'Ancona in Support of (I) Lead Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses, dated August 15, 2024 (Dkt. 166).

approved fees and expenses) will be distributed fairly to Settlement Class Members pursuant to the Plan of Allocation developed in consultation with Lead Plaintiffs' damages expert. Likewise, Lead Counsel's request for a 33⅓% fee[2] and Litigation Expenses is fair and reasonable considering the excellent result achieved for the Settlement Class, the magnitude and caliber of the work performed by Plaintiffs' Counsel, and the significant risks presented in the Action.

In accordance with the Court's May 10, 2024 Order Preliminarily Approving Settlement and Providing for Notice (Dkt. 163), the Court-authorized Claims Administrator, A.B. Data, Ltd. ("A.B. Data") conducted an extensive notice campaign, including disseminating over 424,000 notices to potential Settlement Class Members and Nominees, publishing a summary notice in *The Wall Street Journal* and over *PR Newswire*, and posting relevant information and documents related to the Settlement—including the Opening Papers—on the dedicated website: www.ApacheSecuritiesSettlement.com.[3] Defendants also issued notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C.

---

[2]     If approved, a 33⅓% fee will result in a fractional or "***negative***" multiplier of approximately 0.80 on Lead Counsel's lodestar, meaning that Lead Counsel will receive ***less*** than the value of their time spent working on the case. As set forth in the previously-filed Fee and Expense Memorandum, through August 9, 2024, Lead Counsel devoted over 46,000 hours to the Action, resulting in a lodestar of $27,157,676.00. Dkt. 165 at 20-21. Since that date, Lead Counsel have continued to expend time on the Action and, if the Settlement is approved, they will expend further time on the Action through the completion of the administration of the Settlement and distribution of the Net Settlement Fund.

[3]     *See* Supplemental Declaration of Adam D. Walter Regarding: (A) Continued Dissemination of Notice; (B) Update on Call Center Services and Settlement Website; and (C) Report on Requests for Exclusion Received ("Supp. Walter Decl.") attached as Exhibit 1, ¶¶ 2, 4, as well as the previously filed Declaration of Adam D. Walter, dated August 14, 2024 (Dkt. 166-3) ("Initial Walter Decl.").

§ 1715 *et seq*. Dkt. 166, ¶ 111 n.11. This comprehensive notice program has informed

Settlement Class Members of the Settlement, the Plan of Allocation, and the requested fees

and expenses, as well as their options in connection with the Settlement. *See, e.g.*, Initial

Walter Decl., Exs. A-C.

Following this robust notice campaign, there have been ***no objections to any aspect***

***of the Settlement***, including the Settlement amount and terms, the Plan of Allocation, or to

Lead Counsel's request for attorneys' fees and Litigation Expenses. In addition, out of the

tens of thousands of potential Settlement Class Members that received notice of the

Settlement, just nine potential Settlement Class Members representing a *de minimis* portion

of the Settlement Class have requested exclusion, further underscoring the positive reaction

of the Settlement Class. *See* Supp. Walter Decl., ¶ 6.[4]

## II.   THE SETTLEMENT CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR APPROVAL OF THE MOTIONS

In their Opening Papers, Lead Plaintiffs and Lead Counsel demonstrated that the

Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation

Expenses are fair and reasonable and warrant the Court's approval. Now that the time for

objecting or requesting exclusion has passed (on August 29, 2024), the Settlement Class's

reaction also strongly supports approval of the Motions.

---

[4]     It is worth noting that eight of the nine requests for exclusion have not provided
enough information to determine whether they are Settlement Class Members.

A.     **The Settlement Class's Reaction to the Settlement Has Been Overwhelmingly Favorable**

The absence of ***any*** objections and the small number of requests for exclusion representing a *de minimis* portion of the Settlement Class clearly support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Burnett v. CallCore Media, Inc.*, 2024 WL 3166453, at *5 (S.D. Tex. June 25, 2024) ("A 'lack of objection from the class members supports the adequacy of the settlement.'") (quoting *Celeste v. Intrusion, Inc.*, 2022 WL 17736350, at *7 (E.D. Tex. Dec. 16, 2022)); *Erica P. John Fund, Inc. v. Halliburton Co.*, 2018 WL 1942227, at *5 (N.D. Tex. Apr. 25, 2018) ("Receipt of few or no objections can be viewed as indicative of the adequacy of the settlement.") (citation omitted); *Melby v. Am.'s MHT, Inc.*, 2018 WL 10399004, at *11 (N.D. Tex. June 22, 2018) ("[O]ne indication of the fairness of a settlement is the lack of or small number of objections.") (citation omitted). Indeed, courts regularly approve class action settlements despite timely receipt of numerous objections and requests for exclusion. *See, e.g.*, *Spegele v. USAA Life Ins. Co.*, 2021 WL 4935978, at *9 (W.D. Tex. Aug. 26, 2021) (finding, where there were four objections and 26 requests for exclusion, that these "very small number[s] … indicates the Settlement is well-received by absent class members, which supports approval"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement"). Here, as noted there are ***no*** objections to any aspect of the Settlement and only nine requests for exclusion by individual investors with minimal, if any, financial interest in Settlement proceeds.

4

Moreover, Lead Plaintiffs are sophisticated institutional investors with a large financial stake in the claims, as are many other Settlement Class Members. The absence of any objections or requests for exclusion by these institutional investors provides particularly strong evidence of the fairness of the Settlement. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means "the inference that the class approves of the settlement is even stronger"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The overwhelmingly positive reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *Marcus v. J.C. Penney Co., Inc.*, 2017 WL 6590976, at *5 (E.D. Tex. Dec. 18, 2017) (approving plan of allocation where "[n]o objections have been filed by any class members to the plan of allocation"), R. & R. adopted, 2018 WL 307024, at *1 (E.D. Tex. Jan. 4, 2018); *Schwartz*, 2005 WL 3148350, at *24 (finding plan of allocation fair, reasonable and adequate where, "there has only been one objection to the Plan of Allocation").

**B.    The Settlement Class's Strongly Favorable Reaction Also Supports Approval of Lead Counsel's Request for Attorneys' Fees and Expenses**

The positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and Litigation Expenses. The absence of ***any*** objection to the requested attorneys' fees and Litigation Expenses strongly supports a finding that the requests are fair and reasonable. *See, e.g.*, *Halliburton*, 2018 WL 1942227,

5

at *12 (finding "lack of objections" was "relevant in considering the reasonableness and fairness of the [fee] award" and granting requested fee of one-third of the settlement fund); *Celeste*, 2022 WL 17736350, at *11 (finding that "the reasonableness of the fee award is supported further by the lack of any objection to the request" and granting requested fee of one-third of the settlement fund as "squarely in the accepted range" in the Fifth Circuit); *Spegele*, 2021 WL 4935978, at *6 (finding that "only one object[ion] to the requested fee and expense award" out of over 110,000 potential settlement class members "supports a finding that the Settlement is fair, reasonable, and adequate" and granting requested fee of 30% of the settlement fund).

And, as with the Settlement, the lack of any objections by institutional investors further confirms the reasonableness of Lead Counsel's fee and expense request. Institutional investors are sophisticated and often have their own in-house legal departments and access to experienced outside lawyers. They know how to object to fee requests when appropriate. It is telling that none did so here. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request).

Accordingly, the favorable reaction of the Settlement Class provides strong support for the Settlement, the Plan of Allocation, and Lead Counsel's request for attorneys' fees and Litigation Expenses and warrants the Court's approval of the Motions.

6

## III.   CONCLUSION

For these reasons, and those set forth in their Opening Papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses, including Lead Plaintiffs' request for costs incurred in representing the Settlement Class in the Action. Copies of: (i) the [Proposed] Final Judgment and Order of Dismissal; (ii) the [Proposed] Order Approving Plan of Allocation of Net Settlement Fund; and (iii) the [Proposed] Order Awarding Attorneys' Fees and Litigation Expenses are submitted herewith.

Dated: September 12, 2024                    Respectfully Submitted,

**AJAMIE LLP**

*s/ Thomas R. Ajamie*
Thomas R. Ajamie, Attorney-in-Charge
Texas Bar No. 00952400
S.D. Tex. No. 6165
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

*Liaison Counsel for Lead Plaintiffs*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Gregory M. Castaldo (admitted *pro hac vice*)
Johnston de F. Whitman, Jr. (admitted *pro hac vice*)
Joshua E. D'Ancona (admitted *pro hac vice*)

7

Richard A. Russo, Jr. (admitted *pro hac vice*)
Evan R. Hoey (admitted *pro hac vice*)
Austin W. Manning (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
jwhitman@ktmc.com
jdancona@ktmc.com
rrusso@ktmc.com
ehoey@ktmc.com
amanning@ktmc.com

**SAXENA WHITE P.A.**
David R. Kaplan (admitted *pro hac vice*)
Wolfram T. Worms (admitted *pro hac vice*)
Emily R. Bishop (admitted *pro hac vice*)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
wworms@saxenawhite.com
ebishop@saxenawhite.com

-and-

Steven B. Singer (*pro hac vice* forthcoming)
Joshua H. Saltzman (admitted *pro hac vice*)
Sara DiLeo (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
jsaltzman@saxenawhite.com
sdileo@saxenawhite.com

-and-

Maya Saxena (*pro hac vice* forthcoming)
Joseph E. White, III (*pro hac vice* forthcoming)

8

Lester R. Hooker (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Co-Lead Counsel for Lead Plaintiffs*

**DANIELS & TREDENNICK PLLC**
Douglas A. Daniels
Texas State Bar No. 00793579
6363 Woodway, Suite 700
Houston, TX 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026
Doug.Daniels@DTLawyers.com

*Additional Counsel for Lead Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on September 12, 2024, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*s/ Thomas R. Ajamie*
Thomas R. Ajamie
