**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 |
| | District Judge George C. Hanks, Jr. |
| | Magistrate Judge Andrew M. Edison |
| | <u>CLASS ACTION</u> |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES**
**<u>AND LITIGATION EXPENSES</u>**

This matter is before the Court on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it; and it appearing that notice substantially in the form approved by the Court, which advised of Lead Counsel's request for an award of attorneys' fees and Litigation Expenses, was mailed/emailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of May 7, 2024 (Dkt. 162-2) ("Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Lead Counsel are hereby awarded attorneys' fees in the amount of ____% of the Settlement Fund and $_____ in payment of Plaintiffs' Counsel's litigation expenses plus interest (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

        a.      The Settlement has created a fund of $65,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous

Settlement Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

      b.     The fee sought has been reviewed and approved as reasonable by Lead Plaintiffs, sophisticated investors that actively supervised the Action;

      c.     Over 424,000 notices were mailed/emailed to potential Settlement Class Members and Nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $1.9 million, and there have been no objections to the requested attorneys' fees and Litigation Expenses;

      d.     Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

      e.     The Action raised a number of complex issues;

      f.     Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

      g.     Lead Counsel alone devoted over 46,000 hours, with a lodestar value of $27,157,676.00, to achieve the Settlement; and

      h.     The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.     Lead Plaintiff Plymouth County Retirement Association is hereby awarded

$_____ as reimbursement for its reasonable costs and expenses directly related

to its representation of the Settlement Class in the Action.

7.     Lead Plaintiff Trustees of the Teamsters Union No. 142 Pension Fund is

hereby awarded $_____ as reimbursement for its reasonable costs and expenses

directly related to its representation of the Settlement Class in the Action.

8.     Any appeal or any challenge affecting this Court's approval regarding any

attorneys' fees and expense application shall in no way disturb or affect the finality of the

Judgment.

9.     In the event that the Settlement is terminated or the Effective Date of the

Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent

provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate

entry by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Andrew M. Edison
United States Magistrate Judge