United States District Court
Southern District of Texas
**ENTERED**
August 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE APACHE CORP. SECURITIES LITIGATION | Case No. 4:21-cv-00575 <br><br> Magistrate Judge Andrew M. Edison <br><br> <u>CLASS ACTION</u> |

**[~~PROPOSED~~] ORDER APPROVING DISTRIBUTION PLAN FOR
THE NET SETTLEMENT FUND**

WHEREAS, by its Final Judgment and Order of Dismissal, dated November 25, 2024 (Dkt. No. 180), and its Order Approving Plan of Allocation of Net Settlement Fund, dated November 25, 2024 (Dkt. No. 179), this Court approved the terms of the settlement set forth in the Stipulation and Agreement of Settlement, dated as of May 7, 2024 (Dkt. No. 162-2) ("Stipulation" or "Settlement"), and the proposed plan for allocating the net settlement proceeds to eligible Settlement Class Members (Dkt. No. 166-3, Appendix A) ("Plan of Allocation");

WHEREAS, this Court directed the Parties to consummate the terms of the Settlement and Plan of Allocation;

WHEREAS, the Settlement provided for consideration of $65,000,000 in cash ("Settlement Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was deposited into an escrow account established by Lead Counsel for the benefit of the Settlement Class;

WHEREAS, as set forth in the mailed Postcard Notice, the posted Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and

1

(III) Motion for Attorneys' Fees and Litigation Expenses ("Notice") and the published Summary Notice of: (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (Dkt. No. 166-3), the deadline for Settlement Class Members to submit Claims to the Court-authorized claims administrator for the Settlement, A.B. Data. Ltd.'s Class Action Administration Division ("A.B. Data"), in order to be potentially eligible to participate in the distribution of the Net Settlement Fund has passed;

WHEREAS, in satisfaction of due process requirements, all Settlement Class Members who submitted Claims that were in any way ineligible or defective were: (i) informed that their Claims were ineligible or defective; and (ii) given opportunities to correct any curable deficiencies prior to their Claims being finally rejected, or to contest the determination as to such deficiencies, by requesting judicial review;

WHEREAS, the process of reviewing Claims has been completed; and

WHEREAS, Lead Plaintiffs, through Lead Counsel, now seek authorization to distribute the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any Taxes, fees, and expenses previously approved by the Court or approved by this Order ("Net Settlement Fund").

NOW, THEREFORE, upon careful consideration of: (i) the Declaration of Adam D. Walter in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan for the Net Settlement Fund submitted on behalf of A.B. Data ("Walter Declaration"); (ii) Lead Plaintiffs' Unopposed Motion for Approval of Distribution Plan for the Net Settlement Fund and Supporting Memorandum of Law; and (iii) the other submissions and papers on

file with the Court; and upon all prior proceedings heretofore and herein, and after due deliberation, it is hereby

ORDERED, that all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and in the Walter Declaration; and it is further

ORDERED, that the administrative determinations of A.B. Data accepting the Claims described in the Walter Declaration and listed on Exhibits D and E thereto, calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are hereby approved, and said Claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of A.B. Data rejecting the Claims described in the Walter Declaration and listed on Exhibit F thereto, are hereby approved, and said Claims are hereby rejected; and it is further

ORDERED, that A.B. Data be paid from the Settlement Fund the sum of $37,529.85 for its estimated fees and expenses to be incurred in connection with the Initial Distribution of the Net Settlement Fund; and it is further

ORDERED, that A.B. Data conduct the Initial Distribution of the Net Settlement Fund as set forth in the Walter Declaration; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits D and E to the Walter Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants as shown on such Exhibits; and it is further

3

ORDERED, that all checks to Authorized Claimants issued in the Initial Distribution shall bear the notation "DEPOSIT PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY DATE [90 DAYS AFTER ISSUE DATE]." Lead Counsel and A.B. Data are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, its, or their check within said time; and it is further

ORDERED, that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement; and it is further

ORDERED, that, after making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but not earlier than nine (9) months after the Initial Distribution, A.B. Data will, if Lead Counsel, in consultation with A.B. Data, determine that it is cost effective to do so, conduct a second distribution of the funds remaining in the Net Settlement Fund ("Second Distribution"), including from uncashed or returned checks and the Reserve, or otherwise, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 in the Second Distribution based on their *pro rata* share of the remaining funds, after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the costs for conducting the Second Distribution), and after deducting any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees; and it is further

ORDERED, that A.B. Data may make additional distributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior

4

checks and who would receive at least $10.00 from such additional distributions if Lead Counsel, in consultation with A.B. Data, determine additional distributions, after deducting any additional fees and expenses as described above, to be cost effective; and it is further

ORDERED, that, at such time as Lead Counsel, in consultation with A.B. Data, determine that a further distribution of the funds remaining in the Net Settlement Fund is not cost effective, any otherwise valid Claims received after May 31, 2026, or Claims adjusted after May 31, 2026, may be paid in accordance with Paragraph 38(f) of the Walter Declaration; and it is further

ORDERED, that any balance that remains in the Net Settlement Fund after further distributions or payment of any otherwise valid Claims received after May 31, 2026, or Claims adjusted after May 31, 2026, in accordance with Paragraph 38(f) of the Walter Declaration, which is not cost effective to reallocate, will be contributed, to non-sectarian, not-for-profit organization(s) to be recommended by Lead Counsel and approved by the Court; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement of this Action, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, all Settlement Class Members, whether or

5

not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or the parties released pursuant to the Settlement beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that A.B. Data is hereby authorized to destroy paper and electronic copies of Claims and all supporting documentation one (1) year after all funds have been distributed; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

SO ORDERED this ___5___ day of _____August_____, 2026.

_____
The Honorable Andrew W. Edison
United States Magistrate Judge

6